

28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
**o.** 843.216.9000 **f.** 843.216.9450

**Serena P. Hallowell**
*Licensed in NY*
direct: 212.577.0043
shallowell@motleyrice.com

January 27, 2025

**VIA ECF**

Hon. Naomi Reice Buchwald
Daniel Patrick Moynihan U.S. Courthouse
U.S. District Court, Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:     *North Collier Fire Control and Rescue District Firefighters Retirement Plan v. Dentsply Sirona Inc. et al.*, No. 1:24-cv-09083-NRB; *Calvin v. Dentsply Sirona Inc. et al.*, No. 1:24-cv-09764-NRB; *Key West Police & Fire Pension Fund v. Dentsply Sirona Inc. et al.*, No. 1:24-cv-09819-NRB

Dear Judge Buchwald:

We represent Lead Plaintiff Movant San Antonio Fire & Police Pension Fund ("San Antonio Fire & Police") in the above-referenced securities class actions, which are subject to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Pursuant to Rule 2.C.1. of the Court's Individual Practices, we respectfully submit this letter to outline the substantive arguments advanced in San Antonio Fire & Police's accompanying motion papers.

San Antonio Fire & Police seeks consolidation of the above-referenced actions pursuant to Federal Rule of Civil Procedure 42(a), appointment as Lead Plaintiff and approval of his selection of Motley Rice LLC ("Motley Rice") to serve as Lead Counsel for the putative class in the above-referenced actions pursuant to the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B).

Consolidation of the above-referenced actions is warranted. Rule 42(a) grants broad discretion to courts to consolidate cases that involve common questions of law or fact. As the above-referenced actions present substantially similar factual and legal issues, consolidation is appropriate. *See Atwood v. Intercept Pharms., Inc.*, 299 F.R.D. 414, 415 (S.D.N.Y. 2014) (Buchwald, J.).

Pursuant to the PSLRA, putative class members can request appointment as Lead Plaintiff within 60 days after notice of the pendency of the action has been published by the plaintiff in the first-filed action. 15 U.S.C. §§ 78u-(a)(3)(A)(i)(II) and (a)(3)(B)(i). The movant that has the "largest financial interest in the relief sought by the class" and who "otherwise satisfies the

Hon. Naomi Reice Buchwald
January 27, 2025
Page 2

requirements of Rule 23" is entitled to a rebuttable presumption that it is the most "adequate plaintiff" to represent the interests of the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

San Antonio Fire & Police believes that it is the "most adequate plaintiff" under the PSLRA and should be appointed Lead Plaintiff. San Antonio Fire & Police has timely filed a motion seeking appointment in response to the notice of the pendency of the action. It has a significant financial interest in the relief sought by the class by virtue of, among other things, the $6,019,302 loss it incurred on its purchases of Dentsply common shares during the most inclusive class period. Further, San Antonio Fire & Police meets both the typicality and adequacy requirements of Rule 23. As such, San Antonio Fire & Police respectfully requests that the Court appoint it Lead Plaintiff.

The PSLRA allows the Lead Plaintiff to select and retain lead counsel subject to the Court's approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Lead Plaintiff's selection should not be disturbed unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Here, San Antonio Fire & Police has retained Motley Rice to serve as proposed lead counsel. Motley Rice has extensive experience in successfully prosecuting securities class actions, including in this District, and is qualified to represent the class. Accordingly, San Antonio Fire & Police respectfully requests that the Court approve its selection of Motley Rice as lead counsel for the class.

Finally, we respectfully request that the requirement for a pre-motion conference under Rule 2.B. of the Court's Individual Practices be waived in this instance. This is because the identities of opposing movants, if any, are not known to San Antonio Fire & Police. The PSLRA allows any class member to seek appointment as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). No class member has made a motion seeking Lead Plaintiff appointment meaningfully in advance of the January 27, 2025 deadline, and so it was not possible to hold a pre-motion conference because the necessary parties could not be identified prior to the filing deadline.

We are available to address any further inquiries that the Court might have.

Respectfully submitted,

*/s/ Serena P. Hallowell*
Serena P. Hallowell

cc:    all counsel of record (via ECF)