UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
NORTH COLLIER FIRE CONTROL AND       :    Civ. A. No. 1:24-cv-09083-NRB
RESCUE DISTRICT FIREFIGHTERS'        :
RETIREMENT PLAN, on behalf of itself and   :    **CLASS ACTION**
all others similarly situated,            :
                                          :
               Plaintiff,                 :
                                          :
      vs.                                 :
                                          :
DENTSPLY SIRONA INC., SIMON D.            :
CAMPION, GLENN COLEMAN, and              :
ANDREAS G. FRANK,                        :
                                          :
               Defendants.                :
---------------------------------------------------------- x

*[Caption continued on next page]*

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF SAN ANTONIO FIRE &
POLICE PENSION FUND FOR CONSOLIDATION OF THE RELATED ACTIONS,
APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF ITS SELECTION OF
LEAD COUNSEL**

```
-------------------------------------------------- x
RICHARD CALVIN on Behalf of Himself       :    Civ. A. No. 1:24-cv-09764-NRB
and All Others Similarly Situated,        :
                                          :    CLASS ACTION
           Plaintiff,                     :
                                          :
                                          :
       vs.                                :
                                          :
DENTSPLY SIRONA INC., DONALD M.           :
CASEY, JR., JOHN P. GROETELAARS,          :
SIMON D. CAMPION, GLENN COLEMAN,          :
and ANDREAS G. FRANK,                     :
                                          :
           Defendants.                    :
-------------------------------------------------- x
-------------------------------------------------- x
KEY WEST POLICE & FIRE PENSION            :    Civ. A. No. 1:24-cv-09819-NRB
FUND, on behalf of itself and all others  :
similarly situated,                       :    CLASS ACTION
                                          :
           Plaintiff,                     :
                                          :
       vs.                                :
                                          :
DENTSPLY SIRONA INC., DONALD M.           :
CASEY, JR., JORGE M. GOMEZ, NEERAJ        :
GUNSAGAR, SIMON D. CAMPION,               :
GLENN G. COLEMAN, and ANDREAS G.          :
FRANK,                                    :
                                          :
           Defendants.                    :
-------------------------------------------------- x
```

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................... ii

INTRODUCTION ................................................................................................................... 1

FACTUAL BACKGROUND.................................................................................................. 2

ARGUMENT.......................................................................................................................... 3

I.      The Related Actions Should Be Consolidated.................................................... 3

II.     San Antonio Fire & Police Should Be Appointed Lead Plaintiff ...................... 5

        A.      San Antonio Fire & Police's Motion Is Timely....................................... 6

        B.      San Antonio Fire & Police Has a Large Financial Interest...................... 6

        C.      San Antonio Fire & Police Satisfies the Requirements of Rule 23 ........ 7

                1.      San Antonio Fire & Police Satisfies the Typicality Requirement ............. 8

                2.      San Antonio Fire & Police Satisfies the Adequacy Requirement............... 8

III.    The Court Should Approve San Antonio Fire & Police's Selection of Lead Counsel ....... 9

CONCLUSION...................................................................................................................... 10

i

## TABLE OF AUTHORITIES

### CASES

*Atwood v. Intercept Pharms., Inc.*,
  299 F.R.D. 414 (S.D.N.Y. 2014) ........................................................................................ 3

*Hom v. Vale, S.A.*,
  2016 WL 880201 (S.D.N.Y. Mar. 7, 2016) ........................................................................ 7

*In re Cendant Corp. Litigation*,
  264 F.3d 201 (3d Cir. 2001) ............................................................................................... 9

*Jacobs v. Castillo*,
  612 F. Supp. 2d 369 (S.D.N.Y. 2009) ............................................................................... 5

*Kaplan v. Gelfond*,
  240 F.R.D. 88 (S.D.N.Y. 2007) ......................................................................................... 4

*Pinkowitz v. Elan Corp., PLC*,
  2002 WL 1822118 (S.D.N.Y. Jul. 29, 2002) .................................................................... 4

*Sgalambo v. McKenzie*,
  268 F.R.D. 170 (S.D.N.Y. 2010) ....................................................................................... 7

### STATUTES

15 U.S.C. § 78u-4(a)(1) ........................................................................................................ 5
15 U.S.C. § 78u-4(a)(3) ............................................................................................... 5, 6, 7, 9

### OTHER AUTHORITIES

1995 U.S.C.C.A.N. 679 .......................................................................................................... 9
1995 U.S.C.C.A.N. 730 .......................................................................................................... 9

### RULES

Fed. R. Civ. P. 23(a) .............................................................................................................. 2
Fed. R. Civ. P. 42(a) .............................................................................................................. 4
Rule 42(a) ............................................................................................................................... 5

San Antonio Fire & Police Pension Fund ("San Antonio Fire & Police") respectfully submits this Memorandum of Law in support of its Motion, pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an order: (1) consolidating all related actions; (2) appointing San Antonio Fire & Police to serve as Lead Plaintiff pursuant to the PSLRA; and (3) approving its selection of Motley Rice LLC ("Motley Rice") to serve as Lead Counsel for the putative class.

## INTRODUCTION

Presently pending before this Court are three related securities class actions (the "Related Actions")[1] bringing claims under Section 10(b), and SEC Rule 10b-5 promulgated thereunder, and Section 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") against Dentsply Sirona Inc. ("Dentsply" or the "Company") and certain of its officers and executives. The claims are brought on behalf of a putative class of investors that purchased Dentsply common stock as early as May 6, 2021 through November 6, 2024, inclusive (the "Class Period").

While the complaints allege slightly different class periods, each of them allege that the defendants made materially false and/or misleading statements and/or failed to disclose material adverse facts about Dentsply's business, operations, and prospects in violation of the Exchange Act. According to the complaints, when those misrepresentations were revealed to the public, Dentsply's common stock price declined, causing damage to the proposed class.

The PSLRA directs courts to appoint the "most adequate plaintiff" as lead plaintiff in a securities class action, and creates a presumption that the most adequate plaintiff is the movant with the largest financial interest in the relief sought by the class who also meets the requirements

---

[1] The Related Actions are *North Collier Fire Control and Rescue District Firefighters Retirement Plan v. Dentsply Sirona Inc. et al.*, No. 1:24-cv-09083-NRB; *Calvin v. Dentsply Sirona Inc. et al.*, No. 1:24-cv-09764-NRB; *Key West Police & Fire Pension Fund v. Dentsply Sirona Inc. et al.*, No. 1:24-cv-09819-NRB.

1

of Rule 23 of the Federal Rules of Civil Procedure at this stage of the litigation. San Antonio Fire & Police respectfully submits that, pursuant to the PSLRA, it should be appointed to serve as Lead Plaintiff on behalf of the putative class. As an initial matter, San Antonio Fire & Police has suffered a significant loss. *See* Certification & Loss Charts, Decl. of Serena P. Hallowell ("Hallowell Decl."), Exs. A & B. San Antonio Fire & Police also meets the typicality and adequacy requirements of Rule 23 because, like all members of the putative class, it seeks recovery of losses incurred as a result of defendants' allegedly false and misleading statements and/or omissions; it is motivated by its large financial losses to prosecute the Action vigorously; and it has committed to fairly and adequately represent the interests of the putative class.

The Court also should approve San Antonio Fire & Police's selection of Motley Rice as Lead Counsel for the proposed class. The claims of the class would be well protected by Motley Rice, which has the experience, expertise, and resources necessary to handle securities litigation of this scale.

## FACTUAL BACKGROUND

Dentsply manufactures professional dental products, for example, CAD/CAM computer-aided design and manufacturing systems, imaging equipment, motorized dental handpieces, consumables (*e.g.*, files, sealers, needles), implants, prosthetics, and orthodontics, such as clear aligners. Dental and medical devices sold by Dentsply in the United States, including clear aligners, are generally classified by the FDA into a category that makes them subject to the same regulations that apply to all medical devices. In December 2020, Dentsply purchased Byte, a manufacturer of affordable, "doctor-directed," direct-to-consumer ("DTC") clear dental aligners.

On October 24, 2024, Dentsply announced the voluntary suspension of sales and marketing of its Byte Aligners ostensibly to conduct a review of certain regulatory requirements related to

2

these products. Dentsply further disclosed that it expected to record non-cash charges for the impairment of goodwill within the range of $450-$550 million for its Orthodontic and Implant Solutions segment. During a Byte business update call before markets opened on October 25, 2024, the CEO provided context regarding the Byte suspension stating that "patient onboarding workflow may not provide adequate assurance that certain contraindicated patients do not enter treatment with Byte Aligners." On this news, the price of Dentsply stock fell by $1.10 per share to close at $23.31 on October 25, 2024.

Then, on November 7, 2024, Dentsply reported its financial results for the third quarter of 2024, disclosing that it had recorded a $495 million non-cash charge for the impairment of goodwill. During the earnings call held later that day, CEO Campion further disclosed that although Dentsply was not at a point in its analysis to make a definitive decision concerning Byte, the Company was thoroughly evaluating strategic options, which could include a discontinuation of some or all of this business. On this news, the price of Dentsply stock fell over 28%, or $6.72 per share, to close at $17.26 on November 7, 2024. As a result of defendants' allegedly wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, San Antonio Fire & Police and other class members have suffered significant losses and damages.

## ARGUMENT

### I.     The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under [the Act] has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii); *see also Atwood v. Intercept Pharms., Inc.*, 299 F.R.D. 414, 415 (S.D.N.Y. 2014). Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when

3

the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a). Actions need not be identical to warrant consolidation. *Kaplan v. Gelfond*, 240 F.R.D. 88, 91-92 (S.D.N.Y. 2007) (noting different class periods do not preclude consolidation of multiple actions); *Pinkowitz v. Elan Corp., PLC*, 2002 WL 1822118, at *3 (S.D.N.Y. July 29, 2002) ("Neither Rule 42 nor the PSLRA demands that actions be identical before they may be consolidated.").

Here, the Related Actions share numerous common questions of law and fact. The complaints each assert claims under Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 against the Company as well as many of the same officers or directors of the Company, as shown in the table below. Indeed, the complaints cite many of the same factual allegations and allegedly false and/or misleading statements by the defendants concerning Dentsply's direct-to-consumer Byte aligner products, including the Company's alleged practice of targeting contraindicated patients. The Related Actions also plead similar, overlapping class periods, each of which end on November 6, 2024. And each of the Related Actions alleges that class members suffered damages on October 24, 2024, when the Company announced the suspension of sales and marketing of Byte products, and again on November 7, 2024, when the Company announced a $495 million write-off and indicated it was considering discontinuing the Byte business.

| Action | Class Period | Defendants | Claims |
|---|---|---|---|
| *North Collier Fire Control and Rescue District Firefighters Retirement Plan v. Dentsply Sirona Inc. et al.* | December 1, 2022 – November 6, 2024 | Dentsply Sirona Inc., Simon D. Campion, Glenn Coleman, Andreas G. Frank | Sections 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5 |
| *Calvin v. Dentsply Sirona Inc. et al.* | February 28, 2022 – November 6, 2024 | Dentsply Sirona Inc., Simon D. Campion, Glenn Coleman, Andreas G. Frank, Donald M. Casey, Jr., John P. Groetelaars | Sections 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5 |

4

| *Key West Police & Fire Pension Fund v. Dentsply Sirona Inc. et al.* | May 6, 2021 – November 6, 2024 | Dentsply Sirona Inc., Simon D. Campion, Glenn G. Coleman, Andreas G. Frank, Donald M. Casey, Jr., Jorge M. Gomez, Neeraj Gunsagar | Sections 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5 |
|---|---|---|---|

Given the numerous common questions of law and fact presented by the Related Actions, their consolidation would result in significant efficiencies and improve judicial economy. *See Jacobs v. Castillo*, 612 F. Supp. 2d 369, 373 (S.D.N.Y. 2009) ("Consolidation would further the goal of 'judicial economy' because discovery in each case is likely to be identical, [and] motion practice and trial in the two cases would most likely cover the same facts and some identical issues of law."). San Antonio Fire & Police's request for consolidation pursuant to Rule 42(a) should therefore be granted.

## II.    San Antonio Fire & Police Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1); *see also* 15 U.S.C. § 78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the complaint. 15 U.S.C. § 78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the court, has the largest financial interest in the relief

sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil

Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii). For the reasons that follow, San Antonio Fire & Police believes it is the most adequate plaintiff and should therefore be appointed Lead Plaintiff.

### A.    San Antonio Fire & Police's Motion Is Timely

On November 26, 2024, plaintiff North Collier Fire Control and Rescue District Firefighters Retirement Plan filed the first of the Related Actions in this District. That same day, its counsel published a notice on *GlobeNewswire*, a widely circulated, national, business-oriented news reporting wire service, advising class members of: (i) the pendency of the action; (ii) the claims asserted therein; (iii) the proposed class period; and (iv) the right to move the Court to be appointed lead plaintiff within the 60-day period prescribed by statute, no later than January 27, 2025. *See* Hallowell Decl., Ex. C. On December 18, 2024, plaintiff Richard Calvin filed the second of the Related Actions in this District. That same day, his counsel published a notice on *Business Wire*, a widely circulated, national, business-oriented news reporting wire service, advising class members of: (i) the pendency of the action; (ii) the claims asserted therein; (iii) the proposed, extended class period; and (iv) the right to move the Court to be appointed lead plaintiff by January 27, 2025. *See id.* On December 19, 2024, plaintiff Key West Police & Fire Pension Fund filed the third of the Related Actions in this District. That same day, its counsel published a notice on *Business Wire* advising class members of: (i) the pendency of the action; (ii) the claims asserted therein; (iii) the proposed, extended class period; and (iv) the right to move the Court to be appointed lead plaintiff by January 27, 2025. *See id.* Accordingly, San Antonio Fire & Police has timely moved for appointment as Lead Plaintiff through the filing of this motion.

### B.    San Antonio Fire & Police Has a Large Financial Interest

When determining which investor has the largest financial interest in the relief sought by the class, courts in this district use the longest class period pled in any complaint. *See Hom v. Vale,*

*S.A.*, 2016 WL 880201, at *4 (S.D.N.Y. Mar. 7, 2016) (holding that "use of the longer, more inclusive class period is proper . . . because the longer [period] encompasses more potential class members and damages," and collecting cases). San Antonio Fire & Police suffered a loss of $6,019,302 on its purchases of Dentsply common shares during the most inclusive class period, May 6, 2021 to November 6, 2024. Thus, San Antonio Fire & Police has a significant financial interest in the relief sought by the class, larger than that of any competing lead plaintiff movant of which San Antonio Fire & Police's counsel is aware. *See* Certification & Loss Charts, Hallowell Decl., Exs. A & B.

### C.    San Antonio Fire & Police Satisfies the Requirements of Rule 23

To benefit from a presumption that it is the most adequate lead plaintiff, a movant also must "satisf[y] the requirements of Rule 23 . . . ." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). To meet this requirement, "[a]t the lead plaintiff stage of the litigation, in contrast to the class certification stage, 'a proposed lead plaintiff need only make a "preliminary showing" that it will satisfy the typicality and adequacy requirements of Rule 23.'" *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173 (S.D.N.Y. 2010) (citation omitted). Typicality "requires that the claims of the class representatives be typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Id.* at 173-74. Adequacy "is satisfied where the proposed Lead Plaintiff does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class . . . ." *Id.* at 174. San Antonio Fire & Police satisfies both of these requirements.

### 1.    San Antonio Fire & Police Satisfies the Typicality Requirement

During the Class Period, San Antonio Fire & Police purchased a substantial amount of Dentsply common stock at prices artificially inflated by defendants' alleged materially false and/or misleading statements and omissions, and suffered damages when the truth was revealed to the market. Because San Antonio Fire & Police's legal claims are substantially identical to and arise from the same factual predicate as those alleged in the complaints of the Related Actions, San Antonio Fire & Police satisfies the typicality requirement.

### 2.    San Antonio Fire & Police Satisfies the Adequacy Requirement

Because San Antonio Fire & Police seeks to recover for substantially the same course of conduct by defendants and the same injuries for which the rest of the proposed class seeks recovery, its interests are aligned with the interests of the other members of the class. Moreover, the large financial loss suffered by San Antonio Fire & Police ensures it will vigorously prosecute the litigation. In a case of this magnitude, it is essential that any Court-appointed lead plaintiff have sufficient resources and experience to play a meaningful role in managing the litigation and supervising counsel. San Antonio Fire & Police is a public pension fund that provides comprehensive retirement, death and disability benefits for the City of San Antonio Fire & Police's more than 7,000 police officers, firefighters, retirees, and beneficiaries. San Antonio Fire & Police is a sophisticated institutional investor that has assets under management of more than $3.9 billion as of December 2023. San Antonio Fire & Police also has experience serving as a lead plaintiff in securities litigation; for example, for the past several years, San Antonio Fire & Police has served as Co-Lead Plaintiff in two securities fraud class actions, captioned *In re Integra LifeSciences Holdings Corporation Securities Litigation*, Civ. No. 3:23-cv-20321 (D.N.J.) and *McLeod v. InnovAge Holding Corp. et al.*, Civ. No. 1:21-cv-02770 (D. Colo.). It has the institutional capacity

and experience necessary to manage complex securities litigation and oversee counsel. Indeed, San Antonio Fire & Police is precisely the type of investor whose participation in securities class actions the PSLRA was meant to foster. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 244 (3d Cir. 2001) (finding that the PSLRA was designed "to increase the likelihood that institutional investors will serve as lead plaintiff") (quoting H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733); *see also* S. Rep. No. 104-98 at 6 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 685.

San Antonio Fire & Police also has demonstrated its adequacy by selecting a highly qualified firm with significant experience and success prosecuting federal securities class actions to serve as Lead Counsel for the class. *See infra* Section III; *see also* Motley Rice Shareholder and Securities Fraud Resume, Hallowell Decl., Ex. D.

Thus, San Antonio Fire & Police satisfies the requirements of Rule 23 at this stage.

## III.  The Court Should Approve San Antonio Fire & Police's Selection of Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Courts should not disturb a lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

San Antonio Fire & Police has selected Motley Rice as Lead Counsel for the proposed class. Motley Rice has substantial experience representing defrauded investors and a demonstrated history of success serving as lead counsel in numerous securities fraud class actions. *See* Hallowell Decl., Ex. D (Motley Rice Shareholder and Securities Fraud Resume). The firm's experience in the prosecution of securities class actions is derived from, among other things, its service as sole lead counsel and co-class counsel in *In re Twitter, Inc. Securities Litigation*, No. 16-cv-05314

9

(N.D. Cal.), in which the firm reached an $809.5 million settlement agreement in favor of the investor class on the eve of trial in 2021. Motley Rice also served as sole lead counsel in *In re Barrick Gold Securities Litigation*, No. 1:13-cv-03851-RPP (S.D.N.Y.), in which the court approved a settlement of $140 million for the class in December 2016.

Accordingly, the Court should approve San Antonio Fire & Police's selection of Motley Rice as Lead Counsel for the putative class.

### CONCLUSION

For the foregoing reasons, San Antonio Fire & Police respectfully requests that the Court: (1) consolidate the Related Actions; (2) appoint San Antonio Fire & Police as Lead Plaintiff for the putative class; (3) approve San Antonio Fire & Police's selection of Motley Rice to serve as lead counsel for the putative class; and (4) grant any such further relief as the Court may deem just and proper.

DATED: January 27, 2025                    Respectfully submitted,

**MOTLEY RICE LLC**

*/s/ Serena P. Hallowell*

Serena P. Hallowell
800 Third Ave., STE 2401
New York, NY 10022
Telephone:  (212) 577-0040
Facsimile:  (212) 577-0054
shallowell@motleyrice.com

and

Meredith B. Weatherby
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone:  (843) 216-9000
Facsimile:  (843) 216-9450

10

mweatherby@motleyrice.com

*Counsel for San Antonio Fire & Police Pension
Fund and Proposed Lead Counsel for the Class*

11

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2025, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record.

I certify under penalty of perjury that the foregoing is true and correct. Executed on January 27, 2025.


*/s/ Serena P. Hallowell*
Serena P. Hallowell