**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NORTH COLLIER FIRE CONTROL AND RESCUE DISTRICT FIREFIGHTERS' RETIREMENT PLAN, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DENTSPLY SIRONA INC., SIMON D. CAMPION, GLENN COLEMAN, AND ANDREAS G. FRANK,<br><br>Defendants. | Case No. 1:24-cv-09083-NRB<br><br><u>CLASS ACTION</u> |

*Captions continued on next page.*

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF HANSAINVEST
HANSEATISCHE INVESTMENT-GESELLSCHAFT MIT BESCHRÄNKTER
HAFTUNG'S AND CITY OF MIAMI GENERAL EMPLOYEES' & SANITATION
EMPLOYEES' RETIREMENT TRUST'S UNOPPOSED MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF THEIR SELECTION
<u>OF LEAD COUNSEL, AND CONSOLIDATION OF RELATED ACTIONS</u>**

| | |
|---|---|
| RICHARD CALVIN on Behalf of Himself and All Others Similarly Situated,<br><br>    Plaintiff,<br><br>     v.<br><br>DENTSPLY SIRONA INC., DONALD M. CASEY, JR., JOHN P. GROETELAARS, SIMON D. CAMPION, GLENN COLEMAN, AND ANDREAS G. FRANK,<br><br>     Defendants. | Case No. 1:24-cv-09764-NRB<br><br>CLASS ACTION |
| KEY WEST POLICE & FIRE PENSION FUND, on behalf of itself and all others similarly situated,<br><br>    Plaintiff,<br><br>     v.<br><br>DENTSPLY SIRONA INC., DONALD M. CASEY, JR., JORGE M. GOMEZ, NEERAJ GUNSAGAR, SIMON D. CAMPION, GLENN COLEMAN, AND ANDREAS G. FRANK,<br><br>     Defendants. | Case No. 1:24-cv-09819-NRB<br><br>CLASS ACTION |

**TABLE OF CONTENTS**

PAGE

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................ 1

ARGUMENT ...................................................................................................................... 4

A.    HANSAINVEST and Miami Retirement Trust Should Be Appointed Lead
Plaintiff ................................................................................................................. 4

    1.    HANSAINVEST and Miami Retirement Trust Have The Largest
Financial Interest ................................................................................. 5

    2.    HANSAINVEST and Miami Retirement Trust Satisfy The
Requirements Of Rule 23 ..................................................................... 6

    3.    The Presumption In Favor Of Appointing HANSAINVEST and
Miami Retirement Trust As Lead Plaintiff Cannot Be Rebutted ............... 10

B.    The Court Should Approve HANSAINVEST's and Miami Retirement
Trust's Selection Of Lead Counsel ...................................................................... 10

C.    The Related Actions Should Be Consolidated ..................................................... 11

CONCLUSION ................................................................................................................. 11

## TABLE OF AUTHORITIES

**Cases**                                                                   **Page(s)**

*In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*,
258 F.R.D. 260 (S.D.N.Y. 2009) .......................................................................8

*Barnet v. Elan Corp.*,
236 F.R.D. 158 (S.D.N.Y. 2005) .......................................................................6

*Bo Young Cha v. Kinross Gold Corp.*,
2012 WL 2025850 (S.D.N.Y. May 31, 2012) ....................................................1

*Casper v. Song Jinan*,
2012 WL 3865267 (S.D.N.Y. Sept. 6, 2012)......................................................5

*Chilton v. Chiumento Grp.*,
365 F. App'x 298 (2d Cir. 2010) ........................................................................4

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*,
269 F.R.D. 291 (S.D.N.Y. 2010) .......................................................................5

*City of Birmingham Firemen's & Policemen's Supplemental Pension Sys. v.
Credit Suisse Grp.*,
2018 WL 1382406 (S.D.N.Y. Mar. 19, 2018) ...................................................8

*City of Riviera Beach Gen. Emps. Ret. Sys. v. Macquarie Infrastructure Corp.*,
2019 WL 364570 (S.D.N.Y. Jan. 30, 2019) ......................................................5

*Clark v. Barrick Gold Corp.*,
2013 WL 5300698 (S.D.N.Y. Sept. 20, 2013).....................................................4

*Cohen v. Luckin Coffee Inc.*,
2020 WL 3127808 (S.D.N.Y. June 12, 2020) ....................................................4

*Crass v. Yalla Grp. Ltd.*,
2021 WL 5181008 (S.D.N.Y. Nov. 8, 2021).......................................................1

*Dookeran v. Xunlei Ltd.*,
2018 WL 1779348 (S.D.N.Y. Apr. 12, 2018)......................................................7

*In re Facebook, Inc., IPO Sec. & Derivative Litig.*,
288 F.R.D. 26 (S.D.N.Y. 2012) .......................................................................10

*Faris v. Longtop Fin. Techs. Ltd.*,
2011 WL 4597553 (S.D.N.Y. Oct. 4, 2011) .....................................................10

*Foley v. Transocean Ltd.*,
272 F.R.D. 126 (S.D.N.Y. 2011) ....................................................................1, 5

*Freudenberg v. E\*Trade Fin. Corp.*,
2008 WL 2876373 (S.D.N.Y. July 16, 2008) ........................................................................2

*Goldenberg v. NeoGenomics, Inc.*,
2023 WL 6389101 (S.D.N.Y. Oct. 2, 2023) ..........................................................................10

*Gronich v. Omega Healthcare Invs., Inc.*,
2018 WL 1626078 (S.D.N.Y. Mar. 27, 2018) ........................................................................6

*Hom v. Vale, S.A.*,
2016 WL 880201 (S.D.N.Y. Mar. 7, 2016) .............................................................................5

*Janbay v. Canadian Solar, Inc.*,
272 F.R.D. 112 (S.D.N.Y. 2010) ............................................................................................8

*Kaplan v. Gelfond*,
240 F.R.D. 88 (S.D.N.Y. 2007) ............................................................................................11

*McKenna v. Dick's Sporting Goods, Inc.*,
2018 WL 1083971 ...................................................................................................................9

*Mustafin v. GreenSky, Inc.*,
2019 WL 1428594 (S.D.N.Y. Mar. 29, 2019) ........................................................................3

*Omdahl v. Farfetch Ltd.*,
2020 WL 3072291 (S.D.N.Y. June 10, 2020) ......................................................................11

*Reimer v. Ambac Fin. Grp., Inc.*,
2008 WL 2073931 (S.D.N.Y. May 9, 2008) ...............................................................3, 6, 8, 9

*Woburn Ret. Sys. v. Salix Pharms. Ltd.*,
2015 WL 1311073 (S.D.N.Y. Mar. 23, 2015) ........................................................................5

**Statutes**

15 U.S.C. § 78u-4 *et seq.* .................................................................................. *passim*

**Other Authorities**

Fed. R. Civ. P. 23(a)(4) ...........................................................................................................7

iii

HANSAINVEST and Miami Retirement Trust respectfully submit this memorandum of law in further support of their unopposed motion for appointment as Lead Plaintiff, approval of their selection of Lead Counsel, and consolidation of Related Actions.[1]  *See* ECF No. 18.

## PRELIMINARY STATEMENT

HANSAINVEST and Miami Retirement Trust are the presumptive Lead Plaintiff in this case by virtue of the significant losses they incurred—approximately $10.9 million as calculated under a LIFO basis—on their Class Period investments in Dentsply common stock.  Further, as a cohesive partnership of two sophisticated institutional investors, HANSAINVEST and Miami Retirement Trust have demonstrated their adequacy to prosecute this case.  *See* ECF No. 20-3 ¶¶ 2, 5, 8-13, 16.

In addition to HANSAINVEST and Miami Retirement Trust, three other Class members filed motions seeking appointment as Lead Plaintiff: (1) San Antonio Fire & Police Pension Fund ("San Antonio Fire & Police") (ECF No. 12); (2) Greater St. Louis Construction Laborers' Pension Fund ("St. Louis") (ECF No. 22); and (3) Indecap Fonder AB ("Indecap") (ECF No. 28).  Of these movants, HANSAINVEST and Miami Retirement Trust unquestionably possess the largest financial interest in this litigation.  *See Crass v. Yalla Grp. Ltd.*, 2021 WL 5181008, at *5 (S.D.N.Y. Nov. 8, 2021) ("[C]ourts have consistently held that . . . the magnitude of the loss suffered[] is [the] most significant [factor to consider in evaluating which movant has the largest financial interest].").[2]

---

[1] All capitalized terms are defined in HANSAINVEST's and Miami Retirement Trust's opening brief, unless otherwise indicated.  *See* ECF No. 19.  All emphasis is added and all internal citations and quotations are omitted, unless noted.

[2] Courts typically apply the LIFO methodology to assess investment losses at the lead plaintiff stage.  *See Foley v. Transocean Ltd.*, 272 F.R.D. 126, 129 (S.D.N.Y. 2011) (Buchwald, J.) ("[C]ourts in this district and others have stated a preference for [the] LIFO [method]."); *Bo Young*

Indeed, as demonstrated by the chart below, HANSAINVEST's and Miami Retirement Trust's loss is comfortably larger than the loss claimed by the next largest movant, as calculated under a LIFO basis, and larger than the combined loss incurred by the other movants.



In fact, HANSAINVEST, alone, has a larger financial interest in this case than any of the competing movants.  Courts have found this fact to be determinative in considering the total financial interest of a group of investors seeking lead plaintiff appointment. *See, e.g.*, *Freudenberg v. E\*Trade Fin. Corp.*, 2008 WL 2876373, at \*5 (S.D.N.Y. July 16, 2008) (appropriateness of appointing group of three investors was "supported by the fact that . . . [one member]'s losses alone would qualify it as the party with the largest financial interest in the litigation").

HANSAINVEST and Miami Retirement Trust also satisfy the typicality and adequacy requirements of Rule 23, and are well suited to represent all Class members.  As set forth in the Joint Declaration submitted with their motion, HANSAINVEST and Miami Retirement Trust possess the capability, experience, and commitment to oversee this litigation as a cohesive partnership and to ensure the zealous prosecution of this action in the best interests of the Class.

---

*Cha v. Kinross Gold Corp.*, 2012 WL 2025850, at \*3 (S.D.N.Y. May 31, 2012) ("[T]he overwhelming trend both in this district and nationwide has been to use LIFO").

*See* ECF No. 20-3 ¶¶ 2, 5, 8-13, 16; *see also Mustafin v. GreenSky, Inc.*, 2019 WL 1428594, at *5 (S.D.N.Y. Mar. 29, 2019) (appointing as lead plaintiff a group of three institutional investors that submitted a joint declaration in which they "pledge[d] to work closely together to vigorously prosecute the claims on behalf of the class"); *Reimer v. Ambac Fin. Grp., Inc.*, 2008 WL 2073931, at *3 (S.D.N.Y. May 9, 2008) (Buchwald, J.) (appointing group of pension funds that demonstrated they were "cooperating and pursuing the litigation separately and apart from their lawyers")

In addition, HANSAINVEST and Miami Retirement Trust are sophisticated institutional investors that fully understand the Lead Plaintiff's obligations to the Class under the PSLRA, and are willing and able to undertake those responsibilities to ensure the vigorous prosecution of this action. HANSAINVEST and Miami Retirement Trust are committed to actively overseeing the prosecution of this litigation, and have selected Bernstein Litowitz—a law firm with extensive experience prosecuting securities class actions—as Lead Counsel for the Class. In recognition that HANSAINVEST and Miami Retirement Trust have the largest financial interest and are otherwise typical and adequate Class representatives, Indecap, San Antonio Fire & Police, and St. Louis have indicated that they do not oppose the appointment of HANSAINVEST and Miami Retirement Trust as Lead Plaintiff. *See* ECF Nos. 33-35. Accordingly, HANSAINVEST's and Miami Retirement Trust's motion is unopposed.

Because HANSAINVEST and Miami Retirement Trust have the largest financial interest in the litigation and have made a *prima facie* showing of their typicality and adequacy, they are entitled to a strong presumption that they are the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). That presumption can only be rebutted "upon proof" that HANSAINVEST and Miami Retirement Trust are atypical or inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No such

3

"proof" exists, and there are no legitimate grounds to challenge HANSAINVEST's and Miami Retirement Trust's typicality or adequacy.

As such, HANSAINVEST and Miami Retirement Trust should be appointed as Lead Plaintiff and their selection of counsel should be approved.

## ARGUMENT

### A. HANSAINVEST and Miami Retirement Trust Should Be Appointed Lead Plaintiff

The PSLRA establishes a strong presumption that the Lead Plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Chilton v. Chiumento Grp.*, 365 F. App'x 298, 299 (2d Cir. 2010) (discussing qualifications for lead plaintiff presumption). To trigger this presumption, the movant that has the largest financial interest need only make a preliminary showing that the adequacy and typicality requirements have been met. *See Clark v. Barrick Gold Corp.*, 2013 WL 5300698, at *2 (S.D.N.Y. Sept. 20, 2013) ("In an action under the PSLRA, a moving lead plaintiff need only make a preliminary showing that it will satisfy the typicality and adequacy requirements of Rule 23.").

Once this presumption attaches, it can only be rebutted with "proof" that the presumptive Lead Plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Cohen v. Luckin Coffee Inc.*, 2020 WL 3127808, at *7 (S.D.N.Y. June 12, 2020) (requiring "proof that the presumptive lead plaintiff is subject to unique defenses"). HANSAINVEST and Miami Retirement Trust are the presumptive Lead Plaintiff in this action and no "proof" exists to rebut that presumption. Accordingly, HANSAINVEST and Miami Retirement Trust are entitled to appointment as Lead Plaintiff.

4

1.    **HANSAINVEST and Miami Retirement Trust Have The Largest Financial Interest**

When assessing which movant has asserted the largest financial interest, courts consider a movant's loss to be the most important factor. *See, e.g.*, *Casper v. Song Jinan*, 2012 WL 3865267, at *1 (S.D.N.Y. Sept. 6, 2012) (Buchwald, J.) ("[T]his court, like many others, places the most emphasis on . . . the approximate loss suffered by the movant."); *City of Riviera Beach Gen. Emps. Ret. Sys. v. Macquarie Infrastructure Corp.*, 2019 WL 364570, at *4 (S.D.N.Y. Jan. 30, 2019) ("The magnitude of the loss is the most significant factor."); *Hom v. Vale, S.A.*, 2016 WL 880201, at *3 (S.D.N.Y. Mar. 7, 2016) (noting that courts "place the most emphasis on . . . the approximate losses suffered" in determining the largest financial interest); *Woburn Ret. Sys. v. Salix Pharms. Ltd.*, 2015 WL 1311073, at *4 (S.D.N.Y. Mar. 23, 2015) ("The most important factor is financial loss."). In calculating a movant's loss, "courts in this district and others have stated a preference for [the] LIFO [method]." *Transocean*, 272 F.R.D. at 129; s*ee also City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*, 269 F.R.D. 291, 296 (S.D.N.Y. 2010) (Buchwald, J.) (considering LIFO losses when appointing a lead plaintiff because "consistent with the majority of courts in this district, we find that LIFO is the most accurate measure of actual losses suffered by stockholders in that it takes into account any gains accrued from sales during the class period"). In recognition of the myriad cases favoring the use of LIFO losses to assess financial interest at this stage, all movants asserted their financial interests in terms of LIFO losses. *See* ECF Nos. 14-2, 20-2, 23-5, 30-2.

As illustrated in the chart below, HANSAINVEST's and Miami Retirement Trust's loss of approximately $10.9 million, as calculated under a LIFO basis, is significantly larger than the loss of any other movant:

5

| Movant | Reported Loss | ECF No. |
|---|---|---|
| HANSAINVEST | $7,222,838 | 20-2 at 2 |
| Miami Retirement Trust | $3,679,924 | 20-2 at 3 |
| **Total** | **$10,902,762** | **20-2 at 2-3** |
| | | |
| San Antonio Police & Fire | $6,019,302 | 14-2 at 2-7 |
| | | |
| Indecap | $2,371,441 | 30-2 at 2-3 |
| | | |
| St. Louis | $1,067,699 | 23-5 at 2-6 |

Indeed, the fact that HANSAINVEST individually incurred a loss that is larger than San Antonio Police & Fire, Indecap, or St. Louis weighs in favor of appointment of HANSAINVEST and Miami Retirement Trust. *See Ambac Fin. Grp.*, 2008 WL 2073931, at *3-4 (appointing group of pension funds as lead plaintiff where individual members of group had greater financial interest than competing movant); *Barnet v. Elan Corp.*, 236 F.R.D. 158, 162-63 (S.D.N.Y. 2005) (appointing group of investors after finding that "[t]his is simply not a case where a group of unrelated investors has been cobbled together . . . to displace a single competing institutional investor" because "two of [the group's] individual members . . . have the largest financial interest").

As the movant with "the largest financial interest in the relief sought by the class," HANSAINVEST and Miami Retirement Trust are entitled to be appointed Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 2. HANSAINVEST and Miami Retirement Trust Satisfy The Requirements Of Rule 23

In addition to possessing the largest financial interest in the relief sought by the Class, HANSAINVEST and Miami Retirement Trust satisfy the typicality and adequacy requirements of Rule 23. At the lead plaintiff stage, a movant must make only a "preliminary" showing that it satisfies Rule 23's typicality and adequacy requirements. *Gronich v. Omega Healthcare Invs.*,

6

*Inc.*, 2018 WL 1626078, at *3 (S.D.N.Y. Mar. 27, 2018) (Buchwald, J.) ("At this stage in the litigation, only a preliminary showing of typicality and adequacy is required."). HANSAINVEST and Miami Retirement Trust unquestionably satisfy both requirements.

As demonstrated in their opening brief, HANSAINVEST and Miami Retirement Trust are typical of other members of the Class. *See* ECF No. 19 at 8. Like all other Class members, HANSAINVEST and Miami Retirement Trust purchased Dentsply common stock during the Class Period, at prices artificially inflated by Defendants' materially false and misleading statements and/or omissions, and were damaged as a result of Defendants' alleged fraud. *See Dookeran v. Xunlei Ltd.*, 2018 WL 1779348, at *3 (S.D.N.Y. Apr. 12, 2018) (finding typicality requirement "easily met" when the proposed lead plaintiff "asserted that it purchased [the company's] securities during the class period and was injured by false and misleading representations made by defendants").[3] Thus, HANSAINVEST and Miami Retirement Trust satisfy the typicality requirement.

HANSAINVEST and Miami Retirement Trust also satisfy Rule 23's adequacy requirement because they are capable of "fairly and adequately protect[ing] the interests of the class." Fed. R. Civ. P. 23(a)(4); *see also* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). HANSAINVEST and Miami Retirement Trust have submitted evidence, through a sworn declaration, demonstrating their commitment and ability to direct this litigation jointly and in the best interests of the Class. *See generally* ECF No. 20-3. HANSAINVEST and Miami Retirement Trust are dedicated to overseeing their proposed counsel's prosecution of this action and ensuring that the action is litigated in the best interests of all Class members. *See id.* ¶¶ 6, 10-11, 13, 16. As established by

---

[3] Further, as demonstrated in HANSAINVEST's and Miami Retirement Trust's opening brief, HANSAINVEST has standing to assert these claims. *See* ECF No. 19 at 9-10.

their Joint Declaration, HANSAINVEST and Miami Retirement Trust comprise a small, cohesive group of institutional investors that are capable of supervising this litigation. *See id.* ¶¶ 9-16. HANSAINVEST and Miami Retirement Trust came together of their own volition after each followed their own deliberative processes and independently determined that working together with other institutional investors would allow them to maximize the recovery for the Class. *See id.* ¶¶ 7-9. Prior to filing their motion, representatives of HANSAINVEST and Miami Retirement Trust participated in a conference call to discuss their leadership of this case to ensure that it will be litigated in the best interests of all Class members. *See id.* ¶ 10; *see also Ambac Fin. Grp.*, 2008 WL 2073931, at *3 (appointing group of pension funds that submitted declaration demonstrating they are "cooperating and pursuing the litigation separately and apart from their lawyers"); *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 112, 119 (S.D.N.Y. 2010) (appointing group of investors that submitted declaration "demonstrat[ing] their intent to participate directly in this litigation and their willingness and ability to serve as class representatives"); *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 270 (S.D.N.Y. 2009) (appointing group of institutional investors that submitted declarations showing they were able to "function cohesively and to effectively manage the litigation"). HANSAINVEST and Miami Retirement Trust fully understand and accept the duties and responsibilities of the Lead Plaintiff owed to other Class members and are fully committed to monitoring the prosecution of this action in the best interest of the Class. *See id.* ¶¶ 2, 5-6, 13, 16.

Such cooperation between institutional investors is expressly permitted by the PSLRA, and courts routinely appoint cohesive groups of class members as lead plaintiff in securities class actions. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *id.* § 78u-4(a)(3)(B)(i); *see also City of Birmingham Firemen's & Policemen's Supplemental Pension Sys. v. Credit Suisse Grp.*, 2018 WL

8

1382406, at * 2 (S.D.N.Y. Mar. 19, 2018) (appointing group of four institutional investors, noting that their "status as a group is no barrier to appointment as lead plaintiff" because "[a]s the statute makes clear, [g]roups of plaintiffs are specifically permitted by the PSLRA to be appointed lead plaintiff"); *Ambac Fin. Grp.*, 2008 WL 2073931, at *3 (appointing group of three pension funds); *McKenna v. Dick's Sporting Goods, Inc.*, 2018 WL 1083971, at *6 (appointing group of institutional investors). HANSAINVEST and Miami Retirement Trust have demonstrated that they have the willingness and ability to actively oversee the prosecution of this action.

Further, there is no conflict between HANSAINVEST's and Miami Retirement Trust's interests and those of the other Class members. To the contrary, the interests of HANSAINVEST and Miami Retirement Trust and other Class members are directly aligned because all suffered damages from their purchases of Dentsply common stock at prices that were artificially inflated by Defendants' alleged misconduct. As discussed above, HANSAINVEST and Miami Retirement Trust have a substantial financial interest that provides them with the incentive to ensure the vigorous prosecution of this litigation, and have the experience to prosecute this action efficiently and in the best interests of the Class. Indeed, Miami Retirement Trust has successfully served as lead plaintiff, including alongside other institutional investors, in the prosecution of securities fraud claims. *See* ECF No. 20-3 ¶ 5. HANSAINVEST maintains a dedicated legal department that is highly experienced in overseeing outside legal counsel in a variety of legal matters and which will oversee the work of counsel and coordinate with Miami Retirement Trust throughout the course of this litigation. *See id.* ¶ 2. Thus, HANSAINVEST and Miami Retirement Trust have both the incentive and ability to supervise and monitor counsel.

HANSAINVEST and Miami Retirement Trust have further demonstrated their adequacy through their selection of Bernstein Litowitz—a firm with significant experience prosecuting

9

securities class actions and managing complex litigation effectively—to serve as Lead Counsel for the Class. *See* ECF No. 19 at 14-15. Accordingly, HANSAINVEST and Miami Retirement Trust have made the requisite preliminary showing that they satisfy the typicality and adequacy requirements of Rule 23 and should be appointed Lead Plaintiff.

### 3. The Presumption In Favor Of Appointing HANSAINVEST and Miami Retirement Trust As Lead Plaintiff Cannot Be Rebutted

To overcome the strong presumption entitling HANSAINVEST and Miami Retirement Trust to appointment as Lead Plaintiff, the PSLRA requires the other movants to present "proof" that HANSAINVEST and Miami Retirement Trust are atypical or inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 288 F.R.D. 26, 40 (S.D.N.Y. 2012) (requiring "exacting proof . . . to rebut the PSLRA's presumption"). No such proof exists in this case, and there can be no credible arguments to the contrary. Recognizing this, Indecap, San Antonio Fire & Police, and St. Louis do not oppose the appointment of HANSAINVEST and Miami Retirement Trust as Lead Plaintiff. *See* ECF Nos. 33-35.

Because HANSAINVEST and Miami Retirement Trust have met all the requirements for appointment as Lead Plaintiff, and because their motion is unopposed, the Court need not consider the competing motions. *See Faris v. Longtop Fin. Techs. Ltd.*, 2011 WL 4597553, at *8 (S.D.N.Y. Oct. 4, 2011) ("[T]he inquiry can stop here, now that the Court has determined [which movant] has the largest financial interest and is otherwise typical and adequate.").

### B. The Court Should Approve HANSAINVEST's and Miami Retirement Trust's Selection Of Lead Counsel

The PSLRA grants the Lead Plaintiff with the power to select and retain counsel for the Class, subject to the Court's approval. The Court should not disrupt the Lead Plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Goldenberg v. NeoGenomics, Inc.*, 2023 WL 6389101, at *6

(S.D.N.Y. Oct. 2, 2023) ("There is a strong presumption in favor of approving a properly-selected lead plaintiff's decision as to counsel."). HANSAINVEST and Miami Retirement Trust have selected Bernstein Litowitz as proposed Lead Counsel for the Class. Bernstein Litowitz is among the preeminent securities class action law firms in the country and has recovered over $40 billion for investors in securities class actions and obtained groundbreaking corporate governance reforms. *See* ECF No. 20-7. Bernstein Litowitz has a long history of successfully prosecuting federal securities class actions, including achieving several landmark recoveries in cases that were litigated in this District. *See* ECF No. 19 at 14-15.

This prior experience demonstrates that Bernstein Litowitz is eminently qualified to represent the Class in this action. Accordingly, the Court should approve HANSAINVEST's and Miami Retirement Trust's selection of Bernstein Litowitz as Lead Counsel for the Class.

### C. The Related Actions Should Be Consolidated

All movants agree that consolidation of the Related Actions is appropriate. *See* ECF Nos. 13 at 3-5, 19 at 15-16, 24 at 5-6, 29 at 6-7. Accordingly, the Related Actions—which present identical factual and legal issues arising out of the same alleged misconduct by the same Defendants—should be consolidated pursuant to Rule 42(a). *See Kaplan v. Gelfond*, 240 F.R.D. 88, 92 (S.D.N.Y. 2007) (Buchwald, J.) (consolidating related actions because the actions present "overlapping questions of law and fact"); *Omdahl v. Farfetch Ltd.*, 2020 WL 3072291, at *1 (S.D.N.Y. June 10, 2020) (consolidating two securities class actions despite differences in claims and class periods, because the cases "present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation").

### CONCLUSION

For the reasons discussed above and in their opening brief, HANSAINVEST and Miami Retirement Trust respectfully request that the Court: (1) appoint them to serve as Lead Plaintiff;

11

(2) approve their selection of Bernstein Litowitz to serve as Lead Counsel for the Class; (3) consolidate the Related Actions; and (4) grant any such further relief as the Court may deem just and proper.

Dated: February 10, 2025

Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER**
**& GROSSMANN LLP**

 */s/ Hannah Ross*
Hannah Ross
Avi Josefson
Scott R. Foglietta
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
hannah@blbglaw.com
avi@blbglaw.com
scott.foglietta@blbglaw.com

*Counsel for Proposed Lead Plaintiff*
*HANSAINVEST Hanseatische Investment-*
*Gesellschaft mit beschränkter Haftung and*
*City of Miami General Employees' &*
*Sanitation Employees' Retirement Trust and*
*Proposed Lead Counsel for the Class*

**KLAUSNER, KAUFMAN, JENSEN**
**& LEVINSON**
Robert D. Klausner
Stuart A. Kaufman
7080 Northwest 4th Street
Plantation, Florida 33317
Telephone: (954) 916-1202
Facsimile: (954) 916-1232
bob@robertdklausner.com
stu@robertdklausner.com

*Additional Counsel for City of Miami General*
*Employees' & Sanitation Employees'*
*Retirement Trust*

12

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for HANSAINVEST Hanseatische Investment-Gesellschaft mit beschränkter Haftung and City of Miami General Employees' & Sanitation Employees' Retirement Trust, certifies that this memorandum of law contains 3,309 words and is in compliance with the word-count limitation of Local Civil Rule 7.1(c).

Dated: February 10, 2025

/s/ Hannah Ross
Hannah Ross
**BERNSTEIN LITOWITZ BERGER**
 **& GROSSMANN LLP**
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
hannah@blbglaw.com

13