# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

### ATTORNEYS AT LAW

NEW YORK  ●  CALIFORNIA  ●  ILLINOIS  ●  LOUISIANA  ●  DELAWARE

MICHAEL D. BLATCHLEY
michaelb@blbglaw.com
(212) 554-1281

October 30, 2025

**Via ECF**
The Honorable Naomi Reice Buchwald
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

> Re:  *In re Dentsply Sirona, Inc. Securities Litigation*, No. 24-cv-9083 (NRB) —
> **Plaintiffs' Notice of Supplemental Authority**

Dear Judge Buchwald:

We write on behalf of Lead Plaintiffs to advise the Court of a pertinent decision published after Plaintiffs filed their opposition to Defendants' motions to dismiss—*Sherman v. Abengoa, S.A.*, --- F.4th ---, 2025 WL 2825369 (2d Cir. Oct. 6, 2025) ("*Abegnoa*"), attached as Exhibit A. The decision further underscores why Defendants' motions to dismiss should be denied.

***Allegations of former employees (FEs).*** In *Abengoa*, the Second Circuit reversed dismissal of a securities fraud class action complaint that cited facts provided by former employees ("FEs"). There, the *Abengoa* district court held that the complaint failed to allege falsity and scienter after rejecting allegations from six FEs on the grounds that: (i) none worked for Abengoa S.A., "only one of over 600 Abengoa subsidiaries"; (ii) "there are no allegations that [the FEs] interacted with Abengoa management"; (iii) the FEs made allegations against "senior management" without defining "who constitutes senior management," and against "superiors" without "providing the names or roles of those 'superiors'"; (iv) the FEs' allegations related to "only a handful of projects" that could not be "generalized" to "the company as a whole"; and (v) that one FE "stopped working at an Abengoa subsidiary seven months before the class period." *Francisco v. Abengoa, S.A.*, 624 F. Supp. 3d 365, 392-94 (S.D.N.Y. 2022). The Second Circuit vacated the dismissal as to both falsity and scienter, holding that "***each***" FE "***readily met***" the standard of "sufficient particularity" and that the FE allegations supported "widespread and systemic" accounting fraud. *Abengoa*, 2025 WL 2825369, at *7, *10 (emphasis added in part).

*Abengoa* thus squarely refutes Defendants' objections to the FE allegations here. In this case, Defendants argued that the FEs cited in the Complaint (i) held "rank-and-file" positions at the Byte subsidiary and not "Company positions"; (ii) could not have understood the "business-wide practices" they alleged; (iii) lacked "contact" with the Executive Defendants; and (iv) had insufficient "tenure" because they did not work at Dentsply throughout the entire Class Period

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

The Honorable Naomi Reice Buchwald
October 30, 2025
Page 2

(and, in the case of FE-7, retired before it). ECF No. 71 at 26-27; ECF No. 77 at 18; ECF No. 84 at 4-6; ECF No. 86 at 8-9. But the FE allegations here are stronger than in *Abengoa*. FE-2, for example, interacted directly with Gunsagar and with Byte's CTO and Director of Clinical Support and designed software systems that were used business-wide. ECF No. 51 at ¶¶97-101 & n.3, ECF No. 79 at 11-12, 29, 58, 64-65. FE-1, FE-3, FE-4, FE-5, FE-6, and FE-8 describe in detail consistent company-wide policies and directives that they and their peers were ordered to follow, ECF No. 51 at ¶¶96, 102, 104, 106-07, 113-17, 144, ECF No. 79 at 11-14, 23-24, 29, 45-46, 48, 64. And FE-7, a quality executive at the Dentsply corporate level, describes reporting mechanisms that were required by the regulations with which Defendants represented that they complied. ECF No. at ¶¶130-33 & n.7; ECF No. 79 at 13-14, 46-48, 64-66. The FEs' allegations are corroborated by each other, by Dentsply's own retrospective MAUDE filings, and by the reports of investigative journalists. ECF No. 51 at ¶¶103, 109, 127-29, 138-52, 177-79.

*Bonuses and imputation*. The Second Circuit also credited allegations that "high-level Abengoa executives" had a motive "to maximize their own bonuses" in reversing the district court's scienter holding. *Abengoa*, 2025 WL 2825369, at *11. There, the bonuses were linked to metrics affected by the fraud, but there was no allegation that those metrics crossed specific targets or minimum thresholds as a result of the fraud; the specific amount of any impacted bonus; or that any individual defendant received those bonuses. Third Amended Class Action Complaint, *Francisco v. Abengoa*, No. 15-cv-06279-ER (S.D.N.Y.), ECF No. 165 at ¶332 (Sept. 17, 2021) (alleging that the highest-ranking recipients of the bonuses were "department heads and subsidiary directors"). The bonus allegations here are stronger than in *Abengoa*. The bonuses were for Casey and Gomez in 2021, and Campion, Coleman, and Frank in 2023 and 2024, and "but for" the Byte fraud, the bonus metrics "would have fallen from above to below minimum thresholds." ECF No. 51 at ¶¶236-47; ECF No. 79 at 54-55, 68-71.[1] *Abengoa* also undermines Defendants' objection to imputing the scienter of the Byte department heads (CTO, Head of Sales and Business Development, Director of Clinical Support) and the Dentsply quality executives. ECF No. 79 at 57-59, 72.

*Allegations in other litigation.* In *Abengoa*, the Second Circuit clarified the law and held that plaintiffs can rely on allegations in other proceedings, subject to Rule 11. *Abengoa*, 2025 WL 2825369, at *1. This holding refutes Defendants' argument that Plaintiffs cannot rely on allegations from the *San Antonio* securities fraud action pending against Dentsply, Casey, and Gomez in this District. ECF No. 71 at 25-26; ECF No. 74 at 6 n.2. Those allegations were sustained by Judge Subramanian under the PSLRA pleading standard, *San Antonio Fire & Police Pension*

---

[1] Defendants opening briefs did ***not*** challenge the sufficiency of the "but for" allegation. *See* ECF No. 71 at 12-13; ECF No. 74 at 10-12; ECF No. 77 at 12-15. After Defendants' original arguments were undermined by *Hain* and *Abengoa*, Casey's reply and Defendants' joint letter responding to *Hain* attempted to challenge that allegation. ECF No. 86 at 3; ECF No. 87 at 2. While Defendants arguments are untimely, they are also without merit. Every penny that Byte contributed before being shut down counted towards these narrowly achieved bonuses. *See* ECF No. 51 at ¶¶238-39, 246.

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

The Honorable Naomi Reice Buchwald
October 30, 2025
Page 3

*Fund v. Dentsply Sirona Inc.*, 732 F. Supp. 3d 300 (S.D.N.Y. 2024), and in any event are supported by Dentsply's own admissions. Here, the Complaint properly cites the channel stuffing allegations from that case as context for Defendants' motives in this one. ECF No. 79 at 67.

Casey's attempt to distinguish *Abengoa* on the ground that the *San Antonio* channel stuffing allegations are "conclusory" and "unadjudicated" fails badly in light of *Abegnoa*. ECF No. 86 at 9. His assertion that they are "conclusory" simply repeats an argument that Casey litigated and lost before Judge Subramanian. His suggestion that the allegations are "unadjudicated" is directly contrary to the Second Circuit's holding that such allegations may be relied upon. *Abengoa*, 2025 WL 2825369, at *1. In fact, there was no final adjudication against the *Abengoa* defendants. To the contrary, the Spanish criminal proceedings were either in an initial investigative stage or else had been dismissed or resulted in the acquittal of the defendants. Br. for Defendant-Appellee Manuel Sanchez Ortega, *Francisco v. Abengoa, S.A.*, No. 22-2438 (2d Cir.), ECF No. 80 at 27-28 (Mar. 13, 2023).

We thank the Court for its attention to this matter.

Sincerely,

*/s/ Michael D. Blatchley*
Michael D. Blatchley