**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE DENTSPLY SIRONA INC. SECURITIES LITIGATION | Case No. 1:24-cv-9083 (NRB) <br><br> <u>CLASS ACTION</u> |

**DEFENDANTS'**
<u>**ANSWER TO THE AMENDED COMPLAINT**</u>

Defendant Dentsply Sirona Inc. ("Dentsply" or the "Company"), and Defendants Simon D. Campion, Glenn G. Coleman, Andreas G. Frank, Neeraj Gunsagar, and Erania Brackett (together, the "Individual Defendants"), by and through their undersigned counsel, hereby answer the amended class action complaint (the "Amended Complaint" or "AC"), filed by Lead Plaintiffs HANSAINVEST Hanseatische Investment-Gesellschaft mit beschränkter Haftung and City of Miami General Employees' & Sanitation Employees' Retirement Trust ("Plaintiffs") in the above-captioned action (the "Action"). ECF No. 51. Dentsply and the Individual Defendants deny all factual allegations in the Amended Complaint, including without limitation all allegations appearing in headings, sub-headings, and footnotes, except as otherwise stated below. Dentsply and the Individual Defendants expressly reserve the right to amend and/or supplement this Answer.

On January 16, 2026, the Court issued a Memorandum and Order granting in part and denying in part Defendants' motion to dismiss (the "Order"). ECF No. 90. The Court dismissed all of Plaintiffs' claims against former Dentsply Chief Financial Officer Jorge M. Gomez, Order at 58, as well as certain of Plaintiffs' claims based on statements by Dr. Angela McMullin, Order at 40, and based on forward-looking revenue projections, *see* Order at 55. The Court sustained Plaintiffs' remaining claims. Order at 66-67. For purposes of this Answer, Dentsply and the Individual Defendants have interpreted references in the Amended Complaint to "Defendants" to exclude Jorge M. Gomez.

The unnumbered paragraphs on pages one and two of the Amended Complaint do not contain allegations of fact to which a response is required. To the extent that a response is required, Dentsply and the Individual Defendants deny the allegations in the unnumbered paragraphs to the extent they purport to assert that there is a basis in fact or law for Plaintiffs' claims. Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in the unnumbered paragraphs and, on that basis, deny them.

1

**SPECIFIC RESPONSES TO INDIVIDUAL PARAGRAPHS**

## I.    PRELIMINARY STATEMENT

1.    The first sentence of Paragraph 1 contains Plaintiffs' characterization of this Action as to which no responsive pleading is required.  To the extent that a response is required, Dentsply and the Individual Defendants deny those allegations.  Dentsply denies the allegations in the second sentence of Paragraph 1, except admits that Dentsply announced at the time of its acquisition of Byte that the clear aligner market was projected to increase 20-25%, and refers to the referenced press release dated January 4, 2021 for its complete and accurate contents.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 1.  With respect to remaining allegations in Paragraph 1, Dentsply and Defendant Campion deny those allegations, including to the extent those allegations concern the knowledge or actions of others, including unnamed senior management.  The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1, including to the extent those allegations concern the knowledge or actions of others, including unnamed senior management and, on that basis, deny them.

2.    Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 2 and, on that basis, deny them.  Dentsply and the Individual Defendants deny the allegations in the third and fourth sentences of Paragraph 2, except refer to any documents the third sentence of Paragraph 2 purports to characterize for their complete and accurate contents. Dentsply and the Individual Defendants deny the remaining allegations in Paragraph 2, except refer to any documents the fourth and fifth sentences of Paragraph 2 purport to characterize for their complete and accurate contents.

3.      Dentsply and the Individual Defendants deny the allegations in Paragraph 3, except admit that Dentsply issued disclosures from October 2024 to February 2025, and refer to any referenced disclosures Paragraph 3 purports to characterize for their complete and accurate contents.

4.      Dentsply and Defendants Campion, Coleman, and Frank deny the allegations in the first two sentences of Paragraph 4, except refer to any documents the first two sentences of Paragraph 4 purport to characterize for their complete and accurate contents.  The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first two sentences of Paragraph 4 and, on that basis, deny them.  Dentsply and Defendants Campion, Coleman, and Frank deny the allegations in the third sentence of Paragraph 4, except refer to the referenced FDA reports and any documents the third sentence of Paragraph 4 purports to characterize for their complete and accurate contents.  The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 4 and, on that basis, deny them.

A.      **Background of Defendant's Fraud**

5.      Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first two sentences of Paragraph 5 and, on that basis, deny them.  Dentsply and the Individual Defendants deny the allegations in the third sentence of Paragraph 5, except refer to any documents the third sentence of Paragraph 5 purports to characterize for their complete and accurate contents.  Dentsply denies the allegations in the fourth sentence of Paragraph 5, except refers to any documents the fourth sentence of Paragraph 5 purports to characterize for their complete and accurate contents. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 5 and, on that basis, deny them, except refer to any documents the fourth

sentence of Paragraph 5 purports to characterize for their complete and accurate contents.

6.      Dentsply denies the allegations in the first three sentences of Paragraph 6, except refers to any documents the first three sentences of Paragraph 6 purport to characterize for their complete and accurate contents.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first three sentences of Paragraph 6 and, on that basis, deny them, except refer to any documents the first three sentences of Paragraph 6 purport to characterize for their complete and accurate contents.  Dentsply and the Individual Defendants deny the remaining allegations in Paragraph 6.

7.      Dentsply and the Individual Defendants deny the allegations in the first sentence of Paragraph 7, except refer to any documents the first sentence of Paragraph 7 purports to characterize for their complete and accurate contents.  Dentsply denies the remaining allegations in Paragraph 7.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 and, on that basis, deny them.

8.      Dentsply and the Individual Defendants deny the allegations in the first sentence of Paragraph 8.  Dentsply and Defendants Campion and Coleman deny the remaining allegations in Paragraph 8, except refer to any documents the remaining allegations in Paragraph 8 purport to characterize for their complete and accurate contents.  The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 and, on that basis, deny them, except refer to any documents the remaining allegations in Paragraph 8 purport to characterize for their complete and accurate contents.

9.      Dentsply and Defendant Campion deny the allegations in the first sentence of Paragraph 9, except refer to the referenced earnings call for their complete and accurate contents. The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 9 and, on that basis, deny them,

except refer to the referenced earnings call for their complete and accurate contents. Dentsply and Defendants Campion and Coleman deny the remaining allegations in Paragraph 9, except refer to any documents the remaining allegations in Paragraph 9 purport to characterize for their complete and accurate contents. The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 and, on that basis, deny them, except refer to any documents the remaining allegations in Paragraph 9 purport to characterize for their complete and accurate contents.

10. Dentsply and Defendants Campion and Coleman deny the allegations in Paragraph 10, except refer to any documents Paragraph 10 purports to characterize for their complete and accurate contents. The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and, on that basis, deny them, except refer to any documents Paragraph 10 purports to characterize for their complete and accurate contents.

11. Dentsply and the Individual Defendants deny the allegations in the first three sentences of Paragraph 11, except refer to any documents Paragraph 11 purports to characterize for their complete and accurate contents. Dentsply and the Individual Defendants deny the allegations in the final sentence of Paragraph 11.

12. Dentsply and the Individual Defendants deny the allegations in Paragraph 12.

13. Dentsply and the Individual Defendants deny the allegations in Paragraph 13.

14. Dentsply and the Individual Defendants deny the allegations in the first three sentences of Paragraph 14, except refer to any documents Paragraph 14 purports to characterize for their complete and accurate contents. Dentsply and Defendant Campion deny the allegations in the final sentence of Paragraph 14. The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the final sentence of

Paragraph 14 and, on that basis, deny them.

15.     Dentsply and the Individual Defendants deny the allegations in the first sentence of Paragraph 15. To the extent the allegations in the second sentence of Paragraph 15 concern the allegations of unnamed former employees, Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 15 and, on that basis, deny them. Dentsply and the Individual Defendants deny the remaining allegations in Paragraph 15.

16.     Dentsply and the Individual Defendants deny the allegations in the first sentence of Paragraph 16. Dentsply and the Individual Defendants deny the allegations in the second and third sentences of Paragraph 16, except refer to the referenced FDA reports for their complete and accurate contents. Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of those allegations, to the extent the allegations in the fourth sentence of Paragraph 16 concern an unnamed Dentsply manager's statements and, on that basis, deny them.

17.     Dentsply and the Individual Defendants deny the allegations in the first and third sentences of Paragraph 17, including to the extent those allegations concern the knowledge or actions of an unnamed former Dentsply quality executive. The second sentence of Paragraph 17 purports to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required, Dentsply and the Individual Defendants deny those allegations. Dentsply denies the allegations in the fourth sentence of Paragraph 17, except refers to the referenced and quoted FDA reports for their complete and accurate contents. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 17 and, on that basis, deny them, except refer to the referenced and quoted FDA reports for their complete and accurate contents. Dentsply and the

6

Individual Defendants deny the allegations in the fifth sentence of Paragraph 17, including to the extent that those allegations concern the knowledge or actions of unnamed senior executives.

18.    To the extent the first sentence of Paragraph 18 purports to assert conclusions of law, no responsive pleading is required.  To the extent that a response is required, Dentsply and the Individual Defendants deny those allegations, including to the extent those allegations concern the knowledge or actions of others, including unnamed senior management.  Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 18, except admit that the MAUDE database houses medical device reports.  Dentsply and the Individual Defendants deny the remaining allegations in Paragraph 18.

19.    To the extent the allegations in Paragraph 19 concern the knowledge or actions of others, including dental and orthodontist organizations and unnamed senior management, Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to those allegations and, on that basis, deny them.  Dentsply denies the remaining allegations, including of lobbying efforts, in Paragraph 19.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 and, on that basis, deny them.

20.    To the extent the allegations in Paragraph 20 concern the knowledge or actions of others, including investigative journalists and dental and orthodontist organizations, Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of those allegations and, on that basis, deny them.  Dentsply denies the remaining allegations in Paragraph 20, except refers to the referenced and quoted June 2024 The Capitol Forum article for its complete and accurate contents.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20

and, on that basis, deny them, except refer to the referenced and quoted June 2024 The Capitol Forum article for its complete and accurate contents.

**B.      Investors Suffer Damages When the Truth is Revealed**

21.     Dentsply and Defendant Campion deny the allegations in Paragraph 21, except admit that between October 2024 and February 2025, Dentsply announced the voluntary suspension of sales and marketing of Byte and an impairment of goodwill and other tangible assets within its Orthodontic and Implant Solutions and Connected Technology Solutions, and refer to the referenced disclosures for their complete and accurate contents.  The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and, on that basis, deny them.

22.     Dentsply denies the allegations in the first two sentences of Paragraph 22, except admits that Defendants Casey and Gomez are no longer employed by Dentsply.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first two sentences of Paragraph 22 and, on that basis, deny them.  Dentsply and Defendant Gunsagar deny the allegations in the third sentence of Paragraph 22, except admit Gunsagar is no longer employed by Dentsply.  The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 22 and, on that basis, deny them. Dentsply and Defendants Frank, Coleman, and Brackett deny the allegations in the fourth sentence of Paragraph 22, except admit Defendants Frank, Coleman, and Brackett are no longer employed by Dentsply.  The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 22 and, on that basis, deny them.

## II.    JURISDICTION

23.    Dentsply denies the allegations in Paragraph 23, except admits that a class action, *Phillips v. Straight Smile LLC,* alleging violations of Florida law has been filed in the United States Southern District of Florida*,* and refers to the referenced FDA reports and Amended Class Action Complaint in *Phillips v. Straight Smile LLC*, No. 25-CV-21074 (S.D.Fla Apr. 16, 2025), for their complete and accurate contents.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and, on that basis, deny them.

24.    Paragraph 24 contains Plaintiffs' characterization of this Action as to which no responsive pleading is required.

25.    Paragraph 25 purports to assert conclusions of law as to which no responsive pleading is required.

26.    The first three sentences of Paragraph 26 purport to assert conclusions of law as to which no responsive pleading is required.  Dentsply and the Individual Defendants admit that Dentsply's common stock is traded on The Nasdaq Stock Market LLC ("Nasdaq").

27.    Paragraph 27 purports to assert conclusions of law as to which no responsive pleading is required.

## III.    PARTIES

### A.    Lead Plaintiffs

28.    Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and, on that basis, deny them.

29.    Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and, on that basis, deny them.

9

B. **Defendants**

30.    Dentsply and the Individual Defendants admit the allegations in Paragraph 30.

31.    Dentsply denies the allegations in Paragraph 31, except admits that Donald M. Casey Jr. served as Dentsply's CEO and a member of Dentsply's Board from February 2018 through April 19, 2022; admits that Casey was a signatory of Dentsply's 10-Ks and 10-Qs and other SEC filings while CEO; admits that Casey spoke on earnings calls while CEO; and refers to its 2022 Proxy Statement filed with the SEC on April 14, 2022 for Casey's Biography. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and, on that basis, deny them, except admit that Casey served as Dentsply's CEO and a member of its Board of Directors.

32.    The allegations in Paragraph 32 as to Gomez relate to claims that have been dismissed pursuant to the Court's Order and no responsive pleading is required.

33.    Dentsply lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the first two sentences of Paragraph 33, including footnote 1 and, on that basis, denies them, except admits that Casey and Gomez have been named defendants in *Louisiana Sheriffs' Pension & Relief Fund v. Cardinal Health Inc.*, No. 2:19-CV-3347, 2021 WL 4397946 (S.D. Ohio Sept. 27, 2021) and *San Antonio Fire & Police Pension Fund v. Dentsply Sirona Inc.*, 1:22-cv-06339-AS, ECF No. 75 (S.D.N.Y. Aug. 1, 2023). Dentsply denies the allegations in the third sentence of Paragraph 33, except refers to the Amended Complaint in *San Antonio Fire & Police Pension Fund v. Dentsply Sirona Inc.*, 1:22-cv-06339-AS, ECF No. 75 (S.D.N.Y. Aug. 1, 2023) for its complete and accurate contents. Dentsply denies the remaining allegations in Paragraph 33, including in footnote 1, which purport to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required, Dentsply denies those allegations. The Individual Defendants lack knowledge and information sufficient to form a belief

as to the truth of the allegations in Paragraph 33, including in footnote 1 and, on that basis, deny them.

34.     Dentsply and Defendant Campion deny the allegations in the first two sentences of Paragraph 34, except admit that Simon D. Campion served as Dentsply's President and Chief Executive Officer ("CEO") and a member of its Board from September 12, 2022 to July 31, 2025, admit Campion was a signatory to Dentsply's 10-Ks and 10-Qs and other SEC filings while CEO, admit Campion spoke on the Company's earnings calls while CEO, and refer to Dentsply's 2023 Proxy Statement filed with the SEC on April 14, 2023 for Campion's biography.  Defendant Campion further admits that, prior to joining Dentsply, he was the Executive Vice President and President of the Medical Segment of Becton, Dickinson and Company ("BD"), Executive Vice President and President of the Interventional segment for BD, President of the BD Surgery business unit, and held leadership roles at C.R. Bard, Inc. The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and, on that basis, deny them.

35.     Dentsply and Defendant Coleman deny the allegations in Paragraph 35, except admit Glenn G. Coleman served as Dentsply's Executive Vice President, CFO from September 26, 2022 until November 7, 2024, admit Coleman was a signatory of Dentsply's 10-Ks and 10-Qs and other SEC filings while CFO, admit that Coleman was a member of the ESG Steering Committee for 2022 and the Extended ESG Steering Committee for 2023, and admit that Coleman spoke on the Company's earnings calls while CFO.  The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and, on that basis, deny them.

36.     Dentsply and Defendant Coleman deny the allegations in Paragraph 36, except admit that, prior to joining Dentsply, Defendant Coleman served as the Executive Vice President

11

and Chief Operating Officer of Integra LifeSciences Holdings Corporation from June 2019 until September 2022, admit that he served as Integra's Chief Financial Officer & Corporate Vice President, International from May 2014 until June 2019, admit that he was a named defendant in *In re Integra LifeSciences Holdings Corp. Securities Litigation,* No. 23-cv-20321 (D.N.J.), and refer to the complaint in that case for its complete and accurate contents. The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and, on that basis, deny them.

37.     Dentsply and Defendant Frank deny the allegations in Paragraph 37, except admit that Andreas G. Frank served as Dentsply's Executive Vice President, Product Group from April 2022 to April 2023 and Dentsply's Executive Vice President, Chief Business Officer ("CBO") from April 2023 until year end 2024, with the General Manager of the clear aligner business reporting to him in both roles, admit that Frank spoke on the Company's earnings calls while employed by Dentsply, admit that Frank was a member of the Extended ESG Steering Committee for 2022, and refer to any documents Paragraph 37 purports to characterize for their complete and accurate contents. The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and, on that basis, deny them.

38.     Dentsply and Defendant Gunsagar deny the allegations in Paragraph 38, except admit that Neeraj Gunsagar served as CEO of Sure Smile LLC (d/b/a Byte) from July 2019 to August 2022, admit that Gunsagar spoke on investor presentations and conference calls after Dentsply acquired Byte until he left the Company, and admit that Gunsagar reported to Casey from January 2021 to April 2022 and then to Matthew Coggin from April 2022 until August 2022. The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and, on that basis, deny them.

12

39.     Dentsply and Defendant Brackett deny the allegations in Paragraph 39, except admit that Erania Brackett served as Dentsply's Senior Vice President, Orthodontic Aligner Solutions & Customer Experience, and Head of Sustainability from April 2023 to early September 2024, admit Brackett was the Chair of the ESG Steering Committee for 2022, admit that Brackett signed Dentsply's 2022 Sustainability Report published November 6, 2023, and admit that she reported to Defendant Frank for a portion of her tenure. Defendant Frank lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 39, except admits that Defendant Brackett was his direct report for a portion of her tenure, and that he reported to the CEO. Defendant Campion lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 39, except admits that Defendant Frank was his direct report. The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and, on that basis, deny them.

IV.     **DEFENDANT'S SCHEME TO MISLEAD INVESTORS ABOUT BYTE**

A.     **Dentsply's Business Before Clear Aligners**

40.     Paragraph 40 contains Plaintiffs' summary of this Action as to which no responsive pleading is required.

41.     Dentsply and the Individual Defendants deny the allegations in Paragraph 41, except admit that Dentsply is a large manufacturer of dental products and that, in 2016, Dentsply International Inc. and Sirona Dental Systems merged.

42.     Dentsply admits that its products were sold to brick-and-mortar dental offices, such as consumables like dental anesthetics, and sealants; dental implants; and technology and equipment like CAD (Computer-Aided Design/CAM (Computer-Aided Manufacturing) systems, and admits that dental products were sold to distributors such as Patterson Dental and Henry Schein. The Individual Defendants lack knowledge and information sufficient to form a belief as

13

to the truth of the allegations in Paragraph 42 and, on that basis, deny them.

43.    Dentsply denies the allegations in Paragraph 43, including to the extent those allegations concern the knowledge or actions of others, including unnamed senior management, except admits Donald M. Casey Jr. became Dentsply's CEO in February 2018.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and, on that basis, deny them.

44.    Dentsply denies the allegations in Paragraph 44, except admits that Gomez was hired as Dentsply's CFO in 2019 and refers to the SEC's December 16, 2020 cease-and-desist order (Exchange Act Release No. 90681, 2020 WL 7396438) referenced in the second and third sentences of Paragraph 44 for its complete and accurate contents.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and, on that basis, deny them.

### B.    Dentsply's Cautious Entry Into the Clear Aligner Market

45.    Dentsply denies the allegations in Paragraph 45, except admits that Casey announced a restructuring plan in 2018 and admits that Dentsply acquired SureSmile in May 2018. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and, on that basis, deny them.

46.    Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 46, except admit that both Invisalign and SureSmile sold products within the clear aligner market.

47.    Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and, on that basis, deny them.

48.    Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first three sentences of Paragraph 48 and,

14

on that basis, deny them. Dentsply and Defendant Campion deny the allegations in the fourth sentence of Paragraph 48, except refer to any documents the fourth sentence of Paragraph 48 purports to characterize for their complete and accurate contents. The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 48 and, on that basis, deny them, except refer to any documents the fourth sentence of Paragraph 48 purports to characterize for their complete and accurate contents. Dentsply denies the allegations in the last sentence of Paragraph 48. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 48 and, on that basis, deny them.

49.     Dentsply denies the allegations in the first three sentences of Paragraph 49, except admits that, in 2020, Dentsply announced it was exiting the traditional orthodontics business, and refers to the entire transcripts of the referenced and quoted August 6, 2020 Dentsply second quarter 2020 earnings call and November 19, 2020 investor conference for their complete and accurate contents. Dentsply lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 49 and, on that basis, denies them. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and, on that basis, deny them, except refer to the entire transcripts of the referenced and quoted August 6, 2020 Dentsply second quarter 2020 earnings call and November 19, 2020 investor conference for their complete and accurate contents.

50.     Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and, on that basis, deny them.

51.     Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 51 and, on that basis, deny them.

52.     Dentsply denies the allegations in Paragraph 52, except refers to the entire transcripts of the referenced and quoted March 1, 2019 Dentsply third quarter 2018 earnings call and January 15, 2020 conference call for their complete and accurate contents.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and, on that basis, deny them, except refer to the entire transcripts of the referenced and quoted March 1, 2019 Dentsply third quarter 2018 earnings call and January 15, 2020 conference call for their complete and accurate contents.

### C.     The Onset of COVID-19 Challenges Prompts The Byte Acquisition

53.     Dentsply denies the allegations in Paragraph 53, except refers to any documents Paragraph 53 purports to characterize for their complete and accurate contents.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and, on that basis, deny them, except refer to any documents Paragraph 53 purports to characterize for their complete and accurate contents.

54.     Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first three sentences of Paragraph 54 and, on that basis, deny them, except refer to the referenced May 20, 2020 Bloomberg article for its complete and accurate contents.  Dentsply and Defendant Gunsagar deny the remaining allegations in Paragraph 54, except refer to the referenced and quoted November 24, 2020 Forbes article for its complete and accurate contents.  The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 54 and, on that basis, deny them, except refer to the referenced and quoted November 24, 2020 Forbes article for its complete and accurate contents.

55.     Dentsply and Defendant Gunsagar deny the allegations in Paragraph 55, except admit that Dentsply acquired Byte in December 2020 for $1.04 billion and admit that Defendants

Casey, Gomez, and Gunsagar announced the acquisition of Byte on January 4, 2021. The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and, on that basis, deny them.

56. Dentsply and Defendant Gunsagar deny the allegations in Paragraph 56, except admit that Casey and Gunsagar announced the acquisition of Byte on January 4, 2021. The remaining Individual Defendants deny that they were involved in the announcement of the Byte acquisition, and lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 56 and, on that basis, deny them.

57. Dentsply and Defendant Gunsagar deny the allegations in Paragraph 57, except admit that Dentsply published a press release on January 4, 2021, and refer to the referenced and quoted January 4, 2021 press release "Dentsply Sirona Acquires Byte" and the entire transcript of the referenced and quoted January 4, 2021 investor call for their complete and accurate contents. The remaining Individual Defendants deny the allegations in the first sentence of Paragraph 57, and lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 57 and, on that basis, deny them.

58. Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and, on that basis, deny them, except refer to any documents Paragraph 58 purports to characterize for their complete and accurate contents.

59. Dentsply and the Individual Defendants deny the allegations in the first sentence of Paragraph 59. Dentsply denies the remaining allegations in Paragraph 59, except refers to the entire transcript of the referenced and quoted January 4, 2021 investor call for its complete and accurate contents. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 59 and, on that basis, deny them,

17

except refer to the entire transcript of the referenced and quoted January 4, 2021 investor call for its complete and accurate contents.

60. Dentsply and the Individual Defendants deny the allegations in the first sentence of Paragraph 60. Dentsply denies the remaining allegations in Paragraph 60, except refers to the entire transcript of the referenced and quoted January 4, 2021 investor call for its complete and accurate contents. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 60 and, on that basis, deny them, except refer to the entire transcript of the referenced and quoted January 4, 2021 investor call for its complete and accurate contents.

61. Dentsply denies the allegations in Paragraph 61, except refers to the entire transcript of the referenced and quoted January 13, 2021 39th Annual J.P. Morgan Virtual Healthcare Conference for its complete and accurate contents. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and, on that basis, deny them, except refer to the entire transcript of the referenced and quoted January 13, 2021 39th Annual J.P. Morgan Virtual Healthcare Conference for its complete and accurate contents.

62. Dentsply denies the allegations in Paragraph 62. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and, on that basis, deny them.

63. Dentsply and the Individual Defendants deny the allegations in the first sentence of Paragraph 63. Dentsply denies the remaining allegations in Paragraph 63, except refers to the referenced and quoted webpage, "How Byte Compares to Smile Direct Club," for its complete and accurate contents. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 63 and, on that basis, deny them

except refer to the referenced and quoted webpage, "How Byte Compares to Smile Direct Club," for its complete and accurate contents.

64.    Dentsply and Defendant Gunsagar deny the allegations in the first three sentences of Paragraph 64, except refer to the entire transcript of the referenced and quoted January 4, 2021 investor call for its complete and accurate contents.  The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first three sentences of Paragraph 64 and, on that basis, deny them, except refer to the entire transcript of the referenced and quoted January 4, 2021 investor call for its complete and accurate contents. Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 64 and, on that basis, deny them, except refer to any documents Paragraph 64 purports to characterize for their complete and accurate contents.  Dentsply and the Individual Defendants deny the remaining allegations in Paragraph 64.

65.    Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and, on that basis, deny them, except refer to the referenced J.P. Morgan report and February 18, 2021 Aligners and Things report for their complete and accurate contents.

**D.    Byte Buoys Dentsply's Results in the Face of COVID Headwinds Even as Scrutiny Into the Direct-to-Consumer Aligner Model Intensifies**

66.    Dentsply denies the allegations in Paragraph 66.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 66 and, on that basis, deny them.

67.    Dentsply and the Individual Defendants deny the allegations in Paragraph 67, except refer to the entire transcript of the referenced and quoted May 6, 2021 Dentsply first quarter

19

2021 earnings call for its complete and accurate contents.

68.    Dentsply denies the allegations in Paragraph 68, except refers to any documents Paragraph 68 purports to characterize for their complete and accurate contents.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and, on that basis, deny them except refer to any documents Paragraph 68 purports to characterize for their complete and accurate contents.

69.    Dentsply denies the allegations in Paragraph 69, except refers to the entire transcript of the referenced and quoted August 5, 2021 Dentsply second quarter 2021 earnings call and September 15, 2021 investor conference for their complete and accurate contents.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and, on that basis, deny them, except refer to the entire transcript of the referenced and quoted August 5, 2021 Dentsply second quarter 2021 earnings call and September 15, 2021 investor conference for their complete and accurate contents.

70.    Dentsply and the Individual Defendants deny the allegations in the first sentence of Paragraph 70, except refer to the entire transcripts of the referenced and quoted December 1, 2021 Dentsply conference call and February 28, 2022 Dentsply fourth quarter 2021 earnings call for their complete and accurate contents.  Dentsply denies the remaining allegations in Paragraph 70. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 70 and, on that basis, deny them.

71.    Dentsply denies the allegations in Paragraph 71, except refers to the entire transcripts of the referenced and quoted March 29, 2022 Piper Sandler Virtual Dental Day presentation and any documents Paragraph 71 purports to characterize for their complete and accurate contents.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and, on that basis, deny them, except refer

20

to the entire transcripts of the referenced and quoted March 29, 2022 Piper Sandler Virtual Dental Day presentation and any documents Paragraph 71 purports to characterize for their complete and accurate contents.

        E.        **Dentsply Terminates Defendants Casey and Gomez, Initiated an Audit Committee Investigation, and Turns to Byte to Regain Investor Trust**

72.      Dentsply denies the allegations in Paragraph 72, except admits that on April 11, 2022, Dentsply announced in a press release that Gomez had resigned, and on April 19, 2022, Dentsply announced in a press release that Casey had been terminated as CEO, and refers to the referenced and quoted press releases for their complete and accurate contents.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and, on that basis, deny them, except refer to the referenced and quoted press releases for their complete and accurate contents.

73.      Dentsply denies the allegations in Paragraph 73, except admits that, on May 10, 2022, it disclosed that its Audit and Finance Committee had commenced an internal investigation and refers to the entire transcript of the referenced and quoted May 10, 2022 Dentsply first quarter 2022 earnings call and any documents Paragraph 73 purports to characterize for their complete and accurate contents.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and, on that basis, deny them, except refer to the entire transcript of the referenced and quoted May 10, 2022 Dentsply first quarter 2022 earnings call and any documents Paragraph 73 purports to characterize for their complete and accurate contents.

74.      Dentsply denies the allegations in the first clause of the first sentence of Paragraph 74.  Dentsply lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 74 and, on that basis, denies them, except refers to the

referenced and quoted May 10, 2022 Piper Sandler report for its complete and accurate contents. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and, on that basis, deny them, except refer to the referenced and quoted May 10, 2022 Piper Sandler report for its complete and accurate contents.

75.     Dentsply denies the allegations in Paragraph 75, except admits that the Audit Committee conducted an investigation during the second and third quarters of 2022, admits that Dentsply did not file its first and second quarter 2022 10-Qs, and admits that Dentsply provided select preliminary results to investors. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and, on that basis, deny them.

76.     Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 76 and, on that basis, deny them. Dentsply denies the remaining allegations in Paragraph 76, except refers to the entire transcript of the referenced and quoted May 10, 2022 Dentsply first quarter 2022 earnings call for its complete and accurate contents. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 76 and, on that basis, deny them, except refer to the entire transcript of the referenced and quoted May 10, 2022 Dentsply first quarter 2022 earnings call for its complete and accurate contents.

**F.      Dentsply's New Leadership Reaffirms Its Commitment To Byte**

77.     Dentsply and Defendants Campion and Coleman deny the allegations in Paragraph 77, except admit that on August 25, 2022, Dentsply issued a press release appointing Campion as CEO and a member of the Board, effective September 12, 2022, admit that on September 22, 2022, Dentsply issued a press release appointing Coleman as CFO, effective September 26, 2022, and refer to the referenced press releases for their complete and accurate contents. The remaining

22

Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and, on that basis, deny them, except refer to the referenced press releases for their complete and accurate contents.

78.    Dentsply denies the allegations in Paragraph 78, except refers to any documents Paragraph 78 purports to characterize for their complete and accurate contents.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and, on that basis, deny them, except refer to any documents Paragraph 78 purports to characterize for their complete and accurate contents.

79.    Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and, on that basis, deny them, except refer to the referenced William Blair analyst report for its complete and accurate contents.

80.    Dentsply and Defendants Campion and Coleman deny the allegations in Paragraph 80, except refer to any documents Paragraph 80 purports to characterize for their complete and accurate contents.  The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 80 and, on that basis, deny them, except refer to any documents Paragraph 80 purports to characterize for their complete and accurate contents.

81.    Dentsply and Defendant Campion deny the allegations in Paragraph 81, except refer to the entire transcript of the referenced and quoted earnings call for its complete and accurate contents.  The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 81 and, on that basis, deny them, except refer to the entire transcript of the referenced and quoted earnings call for its complete and accurate contents.

82.     Dentsply and Defendant Coleman deny the allegations in Paragraph 82, except refer to the entire transcript of the referenced and quoted November 14, 2022 Dentsply third quarter 2022 earnings call for its complete and accurate contents.  The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 82 and, on that basis, deny them, except refer to the entire transcript of the referenced and quoted November 14, 2022 Dentsply third quarter 2022 earnings call for its complete and accurate contents.

83.     Dentsply and Defendants Campion and Coleman deny the allegations in the first sentence of Paragraph 83.  The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 83 and, on that basis, deny them.  Dentsply and Defendant Campion deny the remaining allegations in Paragraph 83, except refer to the entire transcript of the referenced and quoted January 11, 2023 Annual J.P. Morgan Virtual Healthcare Conference for its complete and accurate contents.  The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 83 and, on that basis, deny them, except refer to the entire transcript of the referenced and quoted January 11, 2023 Annual J.P. Morgan Virtual Healthcare Conference for its complete and accurate contents.

### G.     Byte Pushed Dentsply to $3.00 EPS with 20% Growth Rates, Improved Patient Conversion Rates, And Investments in Treatment Planners

84.     Dentsply and Defendant Campion deny the allegations in Paragraph 84, except admits that, on February 16, 2023, Dentsply announced that its Board of Directors approved an organizational restructuring plan, and refer to any documents Paragraph 84 purports to characterize for their complete and accurate contents.  The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 84 and,

24

on that basis, deny them, except refer to any documents Paragraph 84 purports to characterize for their complete and accurate contents.

85.    Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 85 regarding analyst reactions and, on that basis, deny them, except refer to the referenced February 28, 2023 BoA analyst report and March 1, 2023 Jefferies analyst report for their complete and accurate contents.

86.    Dentsply denies the allegations in Paragraph 86, except refers to the entire transcript of the referenced and quoted 2023 Investor Day presentation dated November 9, 2023 for its complete and accurate contents.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 86 and, on that basis, deny them, except refer to the entire transcript of the referenced and quoted 2023 Investor Day presentation dated November 9, 2023 for its complete and accurate contents.

87.    Dentsply and the Individual Defendants deny the allegations in the first sentence of Paragraph 87, except refer to any documents Paragraph 87 purports to characterize for their full and accurate contents.  Defendants Frank, Gunsagar, and Brackett lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 87 and, on that basis, deny them. Dentsply and Defendants Campion and Coleman deny the allegations in the third sentence of Paragraph 87, except refer to the June 1, 2023 Stifel Jaws & Paws investor conference for its complete and accurate contents.  Dentsply and Defendant Coleman deny the allegations in the second sentence of Paragraph 87, except refer to the entire transcript of the referenced and quoted May 3, 2023 first quarter earnings call for its complete and accurate contents.  Defendant Campion lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 87 and, on that basis, denies them.  Dentsply and Defendant Campion deny the allegations in the fourth sentence of Paragraph 87, except refer to

25

September 12, 2023 Baird Global Healthcare Conference for its complete and accurate contents. Defendant Coleman lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 87 and, on that basis, denies them, except refers to September 12, 2023 Baird Global Healthcare Conference for its complete and accurate contents.

88.    Dentsply and the Individual Defendants deny the allegations in the first two sentences of Paragraph 88. Dentsply and Defendant Coleman deny the remaining allegations in Paragraph 88, except refer to the entire transcript of the referenced and quoted February 29, 2024 Dentsply fourth quarter 2023 earnings call for its complete and accurate contents.  The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 88 and, on that basis, deny them, except refer to the entire transcript of the referenced and quoted February 29, 2024 Dentsply fourth quarter 2023 earnings call for its complete and accurate contents.

89.    Dentsply and Defendants Campion and Coleman deny the allegations in the first two sentences of Paragraph 89, except refer to the entire transcript of the referenced and quoted May 2, 2024 Dentsply first quarter 2024 earnings call for their complete and accurate contents. Dentsply and Defendant Coleman deny the allegations in the third sentence of Paragraph 89, except refer to the referenced and quoted May 15, 2024 Bank of America Securities Healthcare Conference for its complete and accurate contents.  Defendant Campion lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 89 and, on that basis, denies them.  Defendants Frank, Gunsagar, and Brackett lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 89 and, on that basis, deny them.

## V.    IN TRUTH, DENTSPLY SOLD BYTE TO CONTRAINDICATED PATIENTS WITHOUT DOCTOR OVERSIGHT, CAUSING THOUSANDS OF INJURIES

90.    Dentsply and the Individual Defendants deny the allegations in Paragraph 90, except refer to any documents Paragraph 90 purports to characterize for their complete and accurate contents.

91.    Dentsply denies the allegations in the first sentence of Paragraph 91, except refers to any documents Paragraph 91 purports to characterize for their complete and accurate contents. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 91 and, on that basis, deny them, except refer to any documents Paragraph 91 purports to characterize for their complete and accurate contents. Dentsply and the Individual Defendants deny the allegations in the second sentence of Paragraph 91, except refer to any documents the second sentence of Paragraph 91 purports to characterize for their complete and accurate contents.

### A.    Byte's Advertising, Sales, and Customer Service Practices

92.    Dentsply denies the allegations in Paragraph 92, except refers to the entire transcript of the referenced and quoted December 14, 2022 television advertisement and the "30 Second Questionnaire" webpage for its complete and accurate contents. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 92 and, on that basis, deny them, except refer to the entire transcript of the referenced and quoted December 14, 2022 television advertisement and the "30 Second Questionnaire" webpage for its complete and accurate contents.

93.    Dentsply denies the allegations in Paragraph 93, except refers to Byte's website, byte.com, and any other documents Paragraph 93 purports to characterize for their complete and accurate contents. The Individual Defendants lack knowledge or information sufficient to form a

27

belief as to the truth of the allegations in Paragraph 93 and, on that basis, deny them, except refer to Byte's website, byte.com, and any other documents Paragraph 93 purports to characterize for their complete and accurate contents.

94.     Dentsply denies the allegations in the first three sentences of Paragraph 94, except refers to any documents Paragraph 94 purports to characterize for their complete and accurate contents.  The Individual Defendants lack knowledge and information to form a belief as to the truth of the allegations in the first three sentences of Paragraph 94 and, on that basis, deny them except refer to any documents Paragraph 94 purports to characterize for their complete and accurate contents.  To the extent the allegations in the fourth and fifth sentences of Paragraph 94 concern the knowledge or actions of unnamed former employees, Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of those allegations and, on that basis, deny them.

**B.     Byte's Supposed "Network" Of Dentists Was And Dentists Played Little To No Role In Patient Care**

95.     Dentsply and the Individual Defendants deny the allegations in the first, second, third and fourth sentences of Paragraph 95, except refer to any documents those sentences purport to characterize for their complete and accurate contents.  Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of those allegations, to the extent that the allegations in the last sentence of Paragraph 95 concern the knowledge or actions of unnamed former employees and, on that basis, deny them.

96.     Dentsply and the Individual Defendants deny the allegations in the first two sentences of Paragraph 96.  To the extent the remaining allegations in Paragraph 96 concern the knowledge or actions of an unnamed former employee, Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of those allegations and,

28

on that basis, deny them.

97.    To the extent the allegations in Paragraph 97 concern the knowledge or actions of an unnamed former employee, Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of those allegations and, on that basis, deny them.

98.    Dentsply and the Individual Defendants deny the allegations in the first two sentences of Paragraph 98.  To the extent the allegations in Paragraph 98 concern the knowledge or actions of an unnamed former employee, Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 98 and, on that basis, deny them.

99.    Dentsply and the Individual Defendants deny the allegations in first sentence of Paragraph 99, including to the extent those allegations concern the knowledge or actions of others, including unnamed senior management.  Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 99 to the extent that they concern the knowledge or actions of an unnamed former employee and, on that basis, deny them.

100.    Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 100 to the extent that those allegations concern the knowledge or actions of an unnamed former employee and, on that basis, deny them.

101.    Dentsply and the Individual Defendants deny the allegations in the first sentence of Paragraph 101.  Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the remaining allegations in Paragraph 101 to the extent that those allegations concern the knowledge or actions of an unnamed former employee and, on that basis, deny them.

102.    Dentsply and the Individual Defendants deny the allegations in the first sentence of Paragraph 102.  Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 102 to the extent that those allegations concern the knowledge or actions of an unnamed former employee and, on that basis, deny them.

103.    Dentsply and the Individual Defendants deny the allegations in the first sentence of Paragraph 103.  Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 103 and, on that basis, deny them, except refer to the referenced and quoted Capitol Forum article for its complete and accurate contents.

104.    Dentsply and the Individual Defendants deny the allegations in the first sentence of Paragraph 104, except refer to any documents that Paragraph 104 purports to characterize for their true and accurate contents.  Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 104 to the extent that those allegations concern the knowledge or actions of an unnamed former employee and, on that basis, deny them.

105.    Dentsply and the Individual Defendants deny the allegations in the first and second sentences of Paragraph 105.  Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 105 to the extent that those allegations concern the knowledge or actions of an unnamed former employee and, on that basis, deny them.

106.    Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 106 to the extent that those allegations concern the knowledge or actions of an unnamed former employee and, on that basis, deny them.

107.    Dentsply and the Individual Defendants deny the allegations in the first and third sentences of Paragraph 107.    Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 107 to the extent that those allegations concern the knowledge or actions of unnamed former employees and, on that basis, deny them.

108.    Dentsply and the Individual Defendants deny the allegations in Paragraph 108, except refer to the referenced and quoted FDA reports for their complete and accurate contents.

109.    Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 109 to the extent that those allegations concern the knowledge or actions of unnamed former patients and, on that basis, deny them.

**C.    Medical Injuries Spiked Following An Explicit Instruction From Dentsply Senior Management To Sell To Contraindicated Patients**

110.    Dentsply and the Individual Defendants deny the allegations in Paragraph 110, except refer to the referenced and quoted "Teledentistry 101" webpage and any other documents Paragraph 110 purports to characterize for their complete and accurate contents.

111.    The first sentence of Paragraph 111 purports to assert conclusions of law as to which no responsive pleading is required.    To the extent that a response is required, Dentsply and the Individual Defendants deny the allegations in the first sentence of Paragraph 111.    Dentsply and the Individual Defendants deny the allegations in the second and third sentences of Paragraph 111, including to the extent those allegations concern the knowledge or actions of others, including unnamed senior management.    Dentsply and the Individual Defendants deny the allegations in the fourth and fifth sentences of Paragraph 111, except refer to the referenced FDA reports for their complete and accurate contents.

31

112.    Dentsply and the Individual Defendants deny the allegations in Paragraph 112, including to the extent those allegations concern the knowledge or actions of others, including unnamed senior management.

113.    Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 113 to the extent that those allegations concern the knowledge or actions of unnamed former employees and, on that basis, deny them. Dentsply and Defendant Campion further deny the allegations in Paragraph 113 to the extent they suggest that Campion was employed by Dentsply in August of 2022.

114.    Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 114 to the extent that those allegations concern the knowledge or actions of an unnamed former employee and, on that basis, deny them.

115.    Dentsply and the Individual Defendants deny the allegations in the first sentence of Paragraph 115. Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 115 to the extent that those allegations concern the knowledge or actions of an unnamed former employee or unnamed senior management and, on that basis, deny them.

116.    Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the allegations in Paragraph 116 to the extent that those allegations concern the knowledge or actions of an unnamed former employee and, on that basis, deny them. Dentsply and Defendants Campion, Coleman, Frank, and Brackett deny the remaining allegations in Paragraph 116, including to the extent the allegations concerning the actions or knowledge of unnamed senior leadership. Defendant Gunsagar lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 116 and, on that basis, denies them.

117.    Dentsply and the Individual Defendants deny the allegations in the first sentence of Paragraph 117.  Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 117 to the extent that those allegations concern the knowledge or actions of an unnamed former employee and, on that basis, deny them.

### D.    Dentsply's Routine And Unsupervised Byte Sales To Patients Who Were Contraindicated For Its Use Resulted In Thousands of Medical Injuries

118.    Dentsply denies the allegations in Paragraph 118, except refers to any documents that Paragraph 118 purports to characterize for their complete and accurate contents.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 118 and, on that basis, deny them, except refer to any documents that Paragraph 118 purports to characterize for their complete and accurate contents.

119.    Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 119 to the extent that those allegations concern the knowledge or actions of unnamed former employees and, on that basis, deny them.

120.    Dentsply and the Individual Defendants deny the allegations in Paragraph 120, except refer to the referenced FDA reports for their complete and accurate contents.

121.    Dentsply and the Individual Defendants deny the allegations in the first sentence of Paragraph 121, except refer any documents that sentence purports to characterize for their complete and accurate contents.  Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the remaining allegations in Paragraph 121 and, on that basis, deny them.

122.    Dentsply and the Individual Defendants deny the allegations in Paragraph 122, except refer to the referenced FDA reports and Byte webpages for their complete and accurate

contents.

123.    Dentsply denies the allegations in the first sentence of Paragraph 123.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 123 and, on that basis, deny them.  The second and third sentences of Paragraph 123 include Plaintiffs' characterization of a medical ailment for which no response is required.  Dentsply and the Individual Defendants deny the remaining allegations in Paragraph 123, except refer to the referenced and quoted FDA reports for their complete and accurate contents.

124.    Dentsply and the Individual Defendants deny the allegations in Paragraph 124, except refer to the referenced and quoted FDA reports for their complete and accurate contents.

125.    Dentsply denies the allegations in the first sentence of Paragraph 125.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation in the first sentence of Paragraph 125 and, on that basis, deny them.  Dentsply and the Individual Defendants deny the allegations in the second sentence of Paragraph 125, except refer to any documents that sentence purports to characterize for their complete and accurate contents. Dentsply and the Individual Defendants deny the remaining allegations in Paragraph 125, except refer to the referenced and quoted FDA reports for their complete and accurate contents.

126.    Dentsply denies the allegations in Paragraph 126, except refers to the referenced and quoted FDA reports for their complete and accurate contents.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 126 and, on that basis, deny them.  The Individual Defendants deny the remaining allegations in Paragraph 126, except refer to the referenced and quoted FDA reports for their complete and accurate contents.

127.    Dentsply denies the allegations in the first sentence of Paragraph 127.    The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 127 and, on that basis, deny them.    Dentsply and the Individual Defendants deny the remaining allegations in Paragraph 127, except refer to the referenced and quoted FDA reports for their complete and accurate contents.

128.    Dentsply and the Individual Defendants deny the allegations in Paragraph 128, except refer to Dentsply's Important Notice to Patients and Urgent Field Safety Notice and the referenced and quoted FDA reports for their complete and accurate contents.

129.    Dentsply and the Individual Defendants deny the allegations in Paragraph 129.

**E.        Dentsply Management Actively Tracked These Serious Medical Injuries**

130.    Dentsply and the Individual Defendants deny the allegations in Paragraph 130, including to the extent those allegations concern the knowledge or actions of others, including unnamed senior management.

131.    Dentsply and Defendants Gunsagar and Brackett deny the allegations in the first sentence of Paragraph 131.    The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 131 and, on that basis, deny them.    Dentsply denies the remaining allegations in Paragraph 131, except admits that (1) Hanna Seevaratnam served as Vice President, Quality Systems from October 28, 2019 to June 18, 2023, VP, Corporate Quality from June 19, 2023 to January 1, 2024, Global PMS Lead from January 1, 2024 to March 9, 2024, and that she had, during the course of her employment, reporting lines to Charles Pigott and Emily Miner; (2) Charles Pigott served as VP, Corp Quality Assurance & Regulatory Compliance from August 31, 2007 to March 23, 2014, VP, Corporate Quality Assurance and Regulatory Affairs from March 24, 2014 to April 18, 2016, VP Quality Assurance & Regulatory Affairs from April 19, 2016 to November 30, 2021; and (3) Emily

Miner has served as Dentsply's Chief Quality Officer from May 2023 to present with reporting lines, during the course of her employment, to Defendant Campion.

132. Dentsply and the Individual Defendants deny the allegations in Paragraph 132, including to the extent that those allegations concern the knowledge or actions of an unnamed former employee.

133. Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 133 to the extent that those allegations concern the knowledge or actions of an unnamed former employee and, on that basis, deny them.

### F. Dentsply Violated FDA Reporting Laws, Failing To Timely Report More Than 6,000 Serious Patient Injuries

134. Dentsply and the Individual Defendants deny the allegations in Paragraph 134, except refer to the referenced and quoted 2021 Sustainability Report published December 20, 2022; 2022 Sustainability Report published November 6, 2023; 2023 Sustainability Report published December 16, 2024; and referenced and quoted 2021 Form 10-K filed with the SEC on March 1, 2022; 2022 Form 10-K filed with the SEC on March 1, 2023; and its Form 10-Qs filed with the SEC during the Class Period for their complete and accurate contents.

135. The allegations in the first, fourth, and fifth sentences of Paragraph 135 purport to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required, Dentsply denies the allegations in the first, second, third, fourth, and fifth sentences of Paragraph 135, except refers to the referenced FDA reports for their complete and accurate contents. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 135 and, on that basis, deny them, except refer to the referenced FDA reports for their complete and accurate contents. Dentsply denies the remaining allegations in Paragraph 135.

36

136.    The first sentence of Paragraph 136 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is required and with respect to the remaining allegations in Paragraph 136, Dentsply denies those allegations, except refers to the referenced FDA reports and Dentsply written policies for their complete and accurate contents. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 136 and, on that basis, deny them, except refer to the referenced FDA reports and Dentsply's written policies for their complete and accurate contents.

137.    Dentsply and the Individual Defendants deny the allegations in Paragraph 137, except refer to the referenced FDA reports for their complete and accurate contents.

138.    Dentsply and Defendants Gunsagar and Brackett deny the allegations in the first sentence of Paragraph 138, except refer to any documents that Paragraph 138 purports to characterize for their complete and accurate contents.  Defendants Campion, Coleman, and Frank lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 138 and, on that basis, deny them, except refer to any documents that Paragraph 138 purports to characterize for their complete and accurate contents.  Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 138 and, on that basis, deny them.  Dentsply and Defendants Campion, Coleman, and Frank deny the remaining allegations in Paragraph 138, including footnote 8, except refer to the referenced FDA report and Dentsply written policies for their complete and accurate contents.  The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 138, including footnote 8 and, on that basis, deny them, except refer to the referenced FDA report and Dentsply written policies for their complete and accurate contents.  Paragraph 138, including footnote 8, includes a chart purporting to summarize information to which no response is

37

necessary. To the extent that a response is required, Dentsply and the Individual Defendants deny those allegations.

139. Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 139 to the extent those allegations concern the knowledge or actions of unnamed former employees and, on that basis, deny them.

140. Dentsply denies the allegations in Paragraph 140, except refers to the referenced FDA reports for their complete and accurate contents. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 140 and, on that basis, deny them, except refer to the referenced FDA reports for their complete and accurate contents. Paragraph 140 includes charts purporting to summarize information to which no response is necessary. To the extent that a response is required, Dentsply and the Individual Defendants deny those allegations.

141. Dentsply and the Individual Defendants deny the allegations in the first sentence of Paragraph 141. Dentsply denies the remaining allegations in Paragraph 141, except refers to the referenced and quoted FDA reports for their complete and accurate contents. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 141 and, on that basis, deny them, except refer to the referenced and quoted FDA reports for their complete and accurate contents.

142. Dentsply denies the allegations in the first sentence of Paragraph 142, except refers to the referenced FDA reports for their complete and accurate contents. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 142 and, on that basis, deny them, except refer to the referenced FDA reports for their complete and accurate contents. Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations

38

in Paragraph 142 and, on that basis, deny them.

143.    Dentsply denies the allegations in Paragraph 143, except refers to the referenced FDA reports for their complete and accurate contents.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 143 and, on that basis, deny them, except refer to the referenced FDA reports for their complete and accurate contents.

144.    Dentsply denies the allegations in the first sentence of Paragraph 144.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 144 and, on that basis, deny them.  Dentsply denies the allegations in the second sentence of Paragraph 144, except admits that Dentsply submitted reports to the FDA between February and August 2024, and refers to the referenced FDA reports for their complete and accurate contents.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 144 and, on that basis, deny them, except refer to the referenced FDA reports for their complete and accurate contents.  Dentsply denies the allegations in the third sentence of Paragraph 144, including to the extent those allegations concern the knowledge or actions of others, including unnamed senior management, except admits that Dentsply submitted reports to the FDA between September 2024 and April 2025, and refers to the referenced FDA reports for their complete and accurate contents. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 144, including to the extent those allegations concern the knowledge or actions of others, including unnamed senior management and, on that basis, deny them, except refer to the referenced FDA reports for their complete and accurate contents.  Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the fourth

39

and fifth sentences of Paragraph 144 to the extent that those allegations concern the knowledge or actions of an unnamed former employee and, on that basis, deny them. Dentsply denies the allegations in the last sentence of Paragraph 144, except admits that Dentsply submitted reports to the FDA in November of 2024, and refers to the referenced FDA reports for their complete and accurate contents. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 144 and, on that basis, deny them, except refer to the referenced FDA reports for their complete and accurate contents. Paragraph 144 includes charts purporting to summarize information to which no response is necessary. To the extent that a response is required, Dentsply denies the allegations reflected in the graph in Paragraph 144, except refers to the referenced FDA reports for their complete and accurate contents. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations reflected in the graph in Paragraph 144 and, on that basis, deny them, except refer to the referenced FDA reports for their complete and accurate contents.

146. Dentsply denies the allegations in Paragraph 145, except refers to the referenced FDA reports for their complete and accurate contents. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 145 and, on that basis, deny them, except refer to the referenced FDA reports for their complete and accurate contents. Paragraph 145 includes a chart purporting to summarize information to which no response is necessary. To the extent that a response is required, Dentsply and the Individual Defendants deny those allegations, except refer to the referenced FDA reports for their complete and accurate contents.

146. Dentsply denies the allegations in Paragraph 146, except refers to the referenced FDA reports for their complete and accurate contents. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph

146 and, on that basis, deny them, except refer to the referenced FDA reports for their complete and accurate contents.

147. Dentsply denies the allegations in the first sentence of Paragraph 147, except refers to the referenced and quoted The Capitol Forum article for its complete and accurate contents. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 147 and, on that basis, deny them, except refer to the referenced and quoted The Capitol Forum article for its complete and accurate content. Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 147 to the extent that those allegations concern the knowledge or actions of an unnamed former employee and, on that basis, deny them.

148. Dentsply denies the allegations in Paragraph 148, except refers to the referenced FDA reports for their complete and accurate contents. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 148 and, on that basis, deny them, except refer to the referenced FDA reports for their complete and accurate contents.

149. Dentsply denies the allegations in Paragraph 149, except refers to the referenced FDA reports for their complete and accurate contents. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 149 and, on that basis, deny them, except refer to the referenced FDA reports for their complete and accurate contents.

150. Dentsply denies the allegations in Paragraph 150, except refers to the referenced FDA reports for their complete and accurate contents. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 150 and, on that basis, deny them, except refer to the referenced FDA reports for their complete and accurate

contents.

151.    Paragraph 151 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply and the Individual Defendants deny the allegations in Paragraph 151, except refer to the referenced FDA reports for their complete and accurate contents.

152.    The first sentence of Paragraph 152 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply and the Individual Defendants deny the allegations in the first sentence of Paragraph 152.  Dentsply and the Individual Defendants deny the allegations in the second and fifth sentences of Paragraph 152. Dentsply denies the remaining allegations in Paragraph 152, except refers to the referenced FDA reports and Dentsply's written policies for their complete and accurate contents.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 152 and, on that basis, deny them, except refer to the referenced FDA reports and Dentsply's written policies for their complete and accurate contents.

### G.      Dentsply Used Non-Disclosure Agreements To Silence Patients With Injuries

153.    Dentsply denies the allegations in Paragraph 153.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 153 and, on that basis, deny them.

154.    Dentsply denies the allegations in Paragraph 154.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 154 and, on that basis, deny them.

155.    Dentsply denies the allegations in the first sentence of Paragraph 155, except refers to The New York Times article dated January 21, 2020 and the settlement agreement in the lawsuit brought by the District of Columbia Attorney General for their complete and accurate contents.

The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 155 and, on that basis, deny them, except refer to The New York Times article dated January 21, 2020 and the settlement agreement in the lawsuit brought by the District of Columbia Attorney General for their complete and accurate contents. Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 155 and, on that basis, deny them. Dentsply denies the allegations in the third sentence of Paragraph 155. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 155 and, on that basis, deny them.

**H.** **Defendants Continue To Mislead Investors Concerning Byte As Dental Organizations Raise Alarm Bells And The DTC Market Leader Collapses**

156.    Dentsply and the Individual Defendants deny the allegations in the first sentence of Paragraph 156. Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 156 and, on that basis, deny them.

157.    The allegations in Paragraph 157 relate to claims that have been dismissed pursuant to the Court's Order and no responsive pleading is required. To the extent that a response is required, Dentsply and the Individual Defendants deny those allegations, including to the extent those allegations concern the knowledge or actions of others, including unnamed senior management, except refer to any documents that Paragraph 157 purports to characterize for their complete and accurate contents.

158.    The allegations in Paragraph 158 relate to claims that have been dismissed pursuant to the Court's Order and no responsive pleading is required. To the extent that a response is required, Dentsply and Defendants Campion and Coleman deny the allegations in Paragraph 158,

43

including to the extent the allegations concern the knowledge or actions of unnamed former employees, except refer to any documents that Paragraph 158 purports to characterize for their complete and accurate contents. The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 158, including to the extent the allegations concern the knowledge or actions of unnamed former employees and, on that basis, deny them, except refer to any documents that Paragraph 158 purports to characterize for their complete and accurate contents.

159. To the extent that the first sentence of Paragraph 159 purports to assert conclusions of law, no responsive pleading is required. To the extent that a response is required and with respect to the remaining allegations in Paragraph 159, Dentsply and the Individual Defendants deny those allegations, including to the extent those allegations concern the knowledge or actions of others, including unnamed senior management.

160. Dentsply and the Individual Defendants deny the allegations in Paragraph 160, except refer to any documents, legislation, or proposed legislation that Paragraph 160 purports to characterize for their complete and accurate contents.

161. Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first two sentences of Paragraph 161, including to the extent those allegations concern the knowledge or actions of others, including unnamed senior management and, on that basis, deny them. Dentsply and the Individual Defendants deny the remaining allegations in Paragraph 161.

162. Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 162 and, on that basis, deny them. Dentsply denies the remaining allegations in Paragraph 162. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the

44

allegations in Paragraph 162 and, on that basis, deny them.

163.    Dentsply denies the allegations in the first and second sentences of Paragraph 163, except refers to the April 25, 2022 letter and any documents that Paragraph 163 purports to characterize for their complete and accurate contents.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first and second sentence of Paragraph 163 and, on that basis, deny them, except refer to the April 25, 2022 letter and any documents that Paragraph 163 purports to characterize for their complete and accurate contents.  Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the allegations in the third sentence of Paragraph 163 and, on that basis, deny them.

164.    Dentsply denies the allegations in Paragraph 164, except refers to any documents, legislation, or proposed legislation that the allegations purport to characterize for their complete and accurate contents.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 164 and, on that basis, deny them, except refer to any documents, legislation, or proposed legislation that the allegations purport to characterize for their complete and accurate contents.

165.    The allegations in Paragraph 165 relate to claims that have been dismissed pursuant to the Court's Order and no responsive pleading is required.  To the extent that a response is required, Dentsply denies the allegations in the first sentence of Paragraph 165.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 165 and, on that basis, deny them.  Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 165 and, on that basis, deny them.

166.    The allegations in Paragraph 166 relate to claims that have been dismissed pursuant to the Court's Order and no responsive pleading is required.  To the extent that a response is required, Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 166 and, on that basis, deny them.

167.    The allegations in Paragraph 167 relate to claims that have been dismissed pursuant to the Court's Order and no responsive pleading is required.  To the extent that a response is required, Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 167 and, on that basis, deny them, except refer to the referenced and quoted testimony from January 17, 2024.

168.    Dentsply and the Individual Defendants deny the allegations in Paragraph 168, except refer to the referenced and quoted second quarter 2024 Form 10-Q filed with the SEC on July 31, 2024 for its complete and accurate contents.

169.    Dentsply denies the allegations in Paragraph 169, except refers to any documents that Paragraph 169 purports to characterize for their complete and accurate contents.  The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 169 and, on that basis, deny them, except refer any documents that Paragraph 169 purports to characterize for their complete and accurate contents.

170.    Dentsply and Defendant Coleman deny the allegations in Paragraph 170, except refer to the entire transcript of the referenced and quoted July 31, 2024 Dentsply second quarter 2024 earnings call for its complete and accurate contents.  The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 170 and, on that basis, deny them, except refer to the entire transcript of the referenced and quoted July 31, 2024 Dentsply second quarter 2024 earnings call for its complete and accurate

contents.

171.    Dentsply and Defendant Campion deny the allegations in Paragraph 171, except refer to the entire transcript of the referenced and quoted July 31, 2024 Dentsply second quarter 2024 earnings call for its complete and accurate contents.  The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 171 and, on that basis, deny them, except refer to the entire transcript of the referenced and quoted July 31, 2024 Dentsply second quarter 2024 earnings call for its complete and accurate contents.

172.    Dentsply and the Individual Defendants deny the allegations in the first sentence of Paragraph 172.  Dentsply and Defendant Campion deny the remaining allegations in Paragraph 172, except refer to the entire transcript of the referenced and quoted September 10, 2024 Baird Global Healthcare Conference for its complete and accurate contents.  The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 172 and, on that basis, deny them, except refer to the entire transcript of the referenced and quoted September 10, 2024 Baird Global Healthcare Conference for its complete and accurate contents.

I.    **Management Admits Internally That Dentsply Is Failing To Report Serious Patient Injuries For Byte To The FDA**

173.    Dentsply and Defendants Campion, Coleman, Frank and Brackett deny the allegations in Paragraph 173, except admit that Dentsply reported events to the FDA and refer to the referenced FDA reports and the Capitol Forum article dated June 28, 2024 for their complete and accurate contents.  Defendant Gunsagar lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 173 and, on that basis, denies them, except refers to the referenced FDA reports and the Capitol Forum article dated June 28, 2024 for their

47

complete and accurate contents.

174.    Dentsply denies the allegations in Paragraph 174, except refers to the Capitol Forum article dated June 28, 2024 for its complete and accurate contents.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 174 and, on that basis, deny them, except refer to the referenced and quoted the Capitol Forum article dated June 28, 2024 for its complete and accurate contents.

175.    Dentsply denies the allegations in Paragraph 175, except refers to the Capitol Forum article dated June 28, 2024 for its complete and accurate contents.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 175 and, on that basis, deny them, except refer to the referenced and quoted the Capitol Forum article dated June 28, 2024 for its complete and accurate contents.

176.    Dentsply and Defendants Coleman, Campion, Frank, and Brackett deny the allegations in Paragraph 176, including to the extent those allegations concern the knowledge or actions of others, including unnamed senior management, except refer to the referenced Capitol Forum article for its complete and accurate contents.  Defendant Gunsagar lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 176 and, on that basis, denies them, except refers to the referenced the Capitol Forum article dated June 28, 2024 for its complete and accurate contents.

177.    Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 177, including regarding an unnamed Company insider's statements, and, on that basis, deny them, except refer to the referenced and quoted the Capitol Forum article dated June 28, 2024 for its complete and accurate contents.

178.    Dentsply denies the allegations in the first sentence of Paragraph 178.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth

48

of the allegations in the first sentence of Paragraph 178 and, on that basis, deny them.  Dentsply and Defendant Campion deny the allegations in the second sentence of Paragraph 178, except admit that Dentsply voluntarily suspended sales and marketing of Byte aligners and impression kits in October 2024, and refer to the entire transcript of the referenced and quoted November 7, 2024 Dentsply third quarter 2024 earnings call for its complete and accurate contents.  The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 178 and, on that basis, deny them, except refer to the entire transcript of the referenced and quoted November 7, 2024 Dentsply third quarter 2024 earnings call for its complete and accurate contents.  Dentsply denies the allegations in the third sentence of Paragraph 178, except refers to the referenced and quoted October 25, 2024 "Important Message for Patients" for its complete and accurate contents.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 178 and, on that basis, deny them, except refer to the referenced and quoted October 25, 2024 "Important Message for Patients" for its complete and accurate contents.

179.    Dentsply denies the allegations in Paragraph 179, except refers to the referenced FDA reports and the referenced and quoted The Capitol Forum article for its complete and accurate contents.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 179 and, on that basis, deny them, except refer to the referenced FDA reports and the referenced and quoted The Capitol Forum article for its complete and accurate contents.

49

## VI.    THE TRUTH ABOUT BYTE EMERGES IN A SERIES OF DISCLOSURES

180.    Dentsply and the Individual Defendants deny the allegations in Paragraph 180.

181.    Dentsply and Defendants Campion, Coleman, and Frank deny the allegations in Paragraph 181, except admit that, on October 24, 2024, Dentsply announced the voluntary suspension of sales and marketing of Byte and announced an expected impairment of goodwill, and refer to the referenced and quoted October 24, 2024 press release "Dentsply Sirona Provides Update on Byte Aligner Products" for its complete and accurate contents.  The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 181 and, on that basis, deny them, except refer to the referenced and quoted October 24, 2024 press release "Dentsply Sirona Provides Update on Byte Aligner Products" for its complete and accurate contents.

182.    Dentsply denies the allegations in the first and third sentences of Paragraph 182, except refers to the referenced and quoted October 24, 2024 press release "Dentsply Sirona Provides Update on Byte Aligner Products," referenced second quarter 2024 Form 10-Q filed with the SEC on July 31, 2024, and any documents that Paragraph 182 purports to characterize for their complete and accurate contents.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first and third sentence of Paragraph 182 and, on that basis, deny them, except refer to the referenced and quoted October 24, 2024 press release "Dentsply Sirona Provides Update on Byte Aligner Products," referenced second quarter 2024 Form 10-Q filed with the SEC on July 31, 2024, and any documents that Paragraph 182 purports to characterize for their complete and accurate contents..  Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 182 and, on that basis, deny them.

183. Dentsply and Defendant Campion deny the allegations in Paragraph 183, except refer to the entire transcript of the referenced and quoted October 25, 2024 Dentsply conference call for its complete and accurate contents. The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 183 and, on that basis, deny them, except refer to the entire transcript of the referenced and quoted October 25, 2024 Dentsply conference call for its complete and accurate contents.

184. The first sentence of Paragraph 184 purports to assert conclusions of law as to which no responsive pleading is required. Dentsply and the Individual Defendants deny the remaining allegations in Paragraph 184, except refer to any documents that Paragraph 184 purports to characterize, including the FDA's Medical Device Reporting System Regulation rules, for their complete and accurate contents.

185. Dentsply and the Individual Defendants deny the allegations in the first sentence of Paragraph 185, except refer to the entire transcript of the referenced and quoted October 25, 2024 Dentsply conference call for its complete and accurate contents. Dentsply and Defendant Campion deny the remaining allegations in Paragraph 185, including to the extent those allegations concern the knowledge or actions of others, including unnamed senior management, except refer to the entire transcript of the referenced and quoted October 25, 2024 Dentsply conference call for its complete and accurate contents. The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 185, including to the extent those allegations concern the knowledge or actions of others, including unnamed senior management and, on that basis, deny them.

186. Dentsply denies the allegations in Paragraph 186, except admits it published on its website and emailed to its patients an "Important Message for Patients," and refers to the referenced and quoted October 25, 2024 "Important Message for Patients" for its complete and

accurate contents.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 186 and, on that basis, deny them, except refer to the referenced and quoted October 25, 2024 "Important Message for Patients" for its complete and accurate contents.

187.    Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 187 and, on that basis, deny them, except refer to the referenced and quoted October 2024 Piper Sandler report, October 2024 UBS report, and October 2024 BofA Securities report for their complete and accurate contents.

188.    Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 188 and, on that basis, deny them, except refer to the referenced and quoted October 25, 2024 Evercore ISI report for its complete and accurate contents.

189.    Dentsply denies the allegations in Paragraph 189.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 189 and, on that basis, deny them.

190.    Dentsply denies the allegations in Paragraph 190, except admits it filed a Form 8-K with the SEC on November 7, 2024 and refers to the referenced and quoted Form 8-K filed with the SEC on November 7, 2024 for its complete and accurate contents.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 190 and, on that basis, deny them, except refer to the referenced and quoted Form 8-K filed with the SEC on November 7, 2024 for its complete and accurate contents.

191.    Dentsply and Defendant Campion deny the allegations in Paragraph 191, except refer to the entire transcript of the referenced and quoted November 7, 2024 Dentsply third quarter 2024 earnings call for its complete and accurate contents.  The remaining Defendants lack

knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 191 and, on that basis, deny them, except refer to the entire transcript of the referenced and quoted November 7, 2024 Dentsply third quarter 2024 earnings call for its complete and accurate contents.

192.    Dentsply and Defendant Campion deny the allegations in Paragraph 192, except refer to the entire transcript of the referenced and quoted November 7, 2024 Dentsply third quarter 2024 earnings call for its complete and accurate contents.  The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 192 and, on that basis, deny them, except refer to the entire transcript of the referenced and quoted November 7, 2024 Dentsply third quarter 2024 earnings call for its complete and accurate contents.

193.    Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 193 and, on that basis, deny them, except refer to the referenced and quoted November 7, 2024 Evercore ISI report and Leerink Partners report for their complete and accurate contents.

194.    Dentsply denies the allegations in Paragraph 194.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 194 and, on that basis, deny them.

195.    Dentsply denies the allegations in Paragraph 195, except refers to the referenced and quoted January 14, 2025 press release "Dentsply Sirona Announces Repositioning of Byte within Aligner Portfolio" for its complete and accurate contents.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 195 and, on that basis, deny them, except refer to the referenced and quoted January 14, 2025 press release "Dentsply Sirona Announces Repositioning of Byte within Aligner Portfolio" for its complete and accurate contents.

196.    Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 196 and, on that basis, deny them, except refer to the referenced and quoted January 14, 2025 UBS report for its complete and accurate contents.

197.    Dentsply denies the allegations in Paragraph 197.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 197 and, on that basis, deny them.

198.    Dentsply and Defendant Campion deny the allegations in Paragraph 198, except admit that, in its Form 8-K filed with the SEC on February 27, 2025, Dentsply disclosed changes to the Byte business that resulted in long-term tangible asset charges, additional customer receivables, and a full impairment of the Byte trademark, and refer to the referenced and quoted Form 8-K filed with the SEC on February 27, 2025 for its complete and accurate contents. The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 198 and, on that basis, deny them, except refer to the referenced and quoted Form 8-K filed with the SEC on February 27, 2025 for its complete and accurate contents.

199.    Dentsply denies the allegations in the first sentence of Paragraph 199, except refers to the entire transcript of the referenced and quoted February 27, 2025 Dentsply conference call for its complete and accurate contents.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the allegations in the first sentence of Paragraph 199 and, on that basis, deny them, except refer to the entire transcript of the referenced and quoted February 27, 2025 Dentsply conference call for its complete and accurate contents. Dentsply and Defendant Campion deny the allegations in the second sentence of Paragraph 199, except refer to the entire transcript of the referenced and quoted February 27, 2025 Dentsply conference call for

its complete and accurate contents.  The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 199 and, on that basis, deny them.

200.    Dentsply denies the allegations in Paragraph 200, except refers to any documents that Paragraph 200 purports to characterize for their complete and accurate contents.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 200 and, on that basis, deny them, except refer to any documents that Paragraph 200 purports to characterize for their complete and accurate contents.

201.    Dentsply denies the allegations in Paragraph 201, except refers to any documents that Paragraph 201 purports to characterize for their complete and accurate contents.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 201 and, on that basis, deny them, except refer to any documents that Paragraph 201 purports to characterize for their complete and accurate contents.

202.    Dentsply denies the allegations in Paragraph 202.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 202 and, on that basis, deny them.

## VII.    POST-CLASS PERIOD DEVELOPMENTS

203.    Dentsply and the Individual Defendants deny the allegations in the first sentence of Paragraph 203.  Dentsply denies the remaining allegations in Paragraph 203, except admits that it submitted reports to the FDA in March of 2025, and refers to the referenced FDA reports and The Capitol Forum article dated April 17, 2025 for their complete and accurate contents.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 203 and, on that basis, deny them, except refer to the referenced FDA reports and The Capitol Forum article dated April 17, 2025 for their complete and

accurate contents.

204.    Dentsply denies the allegations in Paragraph 204, except admits that it submitted reports to the FDA in April of 2025 and refers to the referenced FDA reports for their complete and accurate contents.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the allegations in Paragraph 204 and, on that basis, deny them, except refer to the referenced FDA reports for their complete and accurate contents.

205.    Dentsply denies the allegations in Paragraph 205, except admits that Dentsply was named as a defendant in an action filed on March  7, 2025, and refers to the Amended Class Action Complaint dated April 16, 2025 in *Phillips v. Straight Smile LLC*, No. 1:25-cv-21074 (S.D. Fla. Apr. 16, 2025) for its complete and accurate contents.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 205 and, on that basis, deny them, except refer to the Amended Class Action Complaint dated April 16, 2025 in *Phillips v. Straight Smile LLC*, No. 1:25-cv-21074 (S.D. Fla. Apr. 16, 2025) for its complete and accurate contents.

206.    Dentsply denies the allegations in Paragraph 206.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 206 and, on that basis, deny them.

207.    Dentsply denies the allegations in the first sentence of Paragraph 207.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 207 and, on that basis, deny them.  Dentsply and Defendant Campion deny the remaining allegations in Paragraph 207, except refer to the referenced and quoted Form 10-K for fiscal year 2024 filed with the SEC on February 27, 2025 for its complete and accurate contents.  The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 207

and, on that basis, deny them, except refer to the referenced and quoted Form 10-K for fiscal year 2024 filed with the SEC on February 27, 2025 for its complete and accurate contents.

208.    Dentsply and Defendant Campion admit the first sentence of Paragraph 208 that Dentsply filed its Form 10-Q for the first quarter of fiscal year 2025 on May 8, 2025.  Dentsply and Defendant Campion deny the remaining allegations in Paragraph 208, except refer to the referenced and quoted first quarter 2025 10-Q filed with the SEC on May 8, 2025 and referenced 2024 Form 10-K filed with the SEC on February 27, 2025 for their complete and accurate contents. The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 208 and, on that basis, deny them, except refer to the referenced and quoted first quarter 2025 10-Q filed with the SEC on May 8, 2025 and referenced 2024 Form 10-K filed with the SEC on February 27, 2025 for their complete and accurate contents.

## VIII.    ADDITIONAL ALLEGATIONS OF SCIENTER

209.    Paragraph 209 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply and the Individual Defendants deny the allegations in Paragraph 209.

210.    Dentsply and the Individual Defendants deny the allegations in the first sentence of Paragraph 210, including to the extent those allegations concern the knowledge or actions of others, including unnamed senior management.  To the extent that the allegations in the second and third sentences of Paragraph 210 concern the knowledge or actions of unnamed former employees, Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to those allegations and, on that basis, deny them.  Dentsply and the Individual Defendants deny the remaining allegations in Paragraph 210.

211.    Dentsply and Defendants Campion, Coleman, and Frank deny the allegations in the first two sentences of Paragraph 211, except refer to any documents that Paragraph 211 purports

to characterize for their complete and accurate contents.  The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first two sentences of Paragraph 211 and, on that basis, deny them.  Dentsply and the Individual Defendants deny the remaining allegations in Paragraph 211.

212.    The allegations in the first sentence of Paragraph 212 purport to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply and the Individual Defendants deny those allegations, including to the extent those allegations concern the knowledge or actions of others, including unnamed senior management.  Dentsply and Defendants Campion and Frank deny the allegations in the second sentence of Paragraph 212, except admit that Campion was appointed CEO of Dentsply in August 2022, effective September 2022, and admit that Frank joined Dentsply in April 2022.  The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 212 and, on that basis, deny them.  Dentsply and the Individual Defendants deny the allegations in the third sentence of Paragraph 212.  Dentsply and Defendants Campion and Coleman deny the allegations in the fourth sentence of Paragraph 212, except refer to any documents that Paragraph 212 purports to characterize for their complete and accurate contents.  The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the allegations in the fourth sentence of Paragraph 212 and, on that basis, deny them, except refer to any documents that Paragraph 212 purports to characterize for their complete and accurate contents.  Dentsply and the Individual Defendants deny the allegations in the fifth sentence of Paragraph 212.

213.    The allegations in the first sentence of Paragraph 213 purport to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply and the Individual Defendants deny those allegations.  Dentsply denies the allegations in

58

the second sentence of Paragraph 213, except admits that, in October 2024, it announced the voluntary suspension of the sales and marketing of Byte, and refers to the referenced FDA reports for their complete and accurate contents. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 213 and, on that basis, deny them, refer to the referenced FDA reports for their complete and accurate contents. Dentsply and the Individual Defendants deny the remaining allegations in Paragraph 213, including to the extent those allegations concern the knowledge or actions of others, including unnamed senior management.

214. The allegations in Paragraph 214 purport to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required, Dentsply and the Individual Defendants deny those allegations, including to the extent those allegations concern the knowledge or actions of others, including unnamed senior management.

215. Dentsply and the Individual Defendants deny the allegations in the first and second sentence of Paragraph 215. Dentsply and Defendant Campion deny the remaining allegations in Paragraph 215, including to the extent the allegations concerning the actions or knowledge of unnamed senior management. The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of Paragraph 215, including to the extent the allegations concerning the actions or knowledge of unnamed senior management and, on that basis, deny them. The remaining Individual Defendants deny the allegations in the last sentence of Paragraph 215.

216. Dentsply and the Individual Defendants deny the allegations in the first, second, and fourth sentences in Paragraph 216. Dentsply denies the allegations in the third sentence of Paragraph 216. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 216 and, on that basis,

deny them.

217.    Dentsply and the Individual Defendants deny the allegations in the first sentence of Paragraph 217.  Dentsply denies the allegations in the second sentence of Paragraph 217, except admits that Casey signed the 2020 Sustainability Report; admits Campion signed the 2021, 2022 and 2023 Sustainability Reports, refers to the referenced and quoted 2020 Sustainability Report published February 17, 2022; 2021 Sustainability Report published December 20, 2022; 2022 Sustainability Report published November 6, 2023; 2023 Sustainability Report published December 16, 2024, and refers to any other documents that Paragraph 217 purports to characterize for their complete and accurate contents.  The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 217 and, on that basis, deny them, except refer to any documents that the second sentence of Paragraph 217 purports to characterize for their complete and accurate contents. Dentsply and the Individual Defendants deny the remaining allegations in Paragraph 217, except refer to any documents that Paragraph 217 purports to characterize for their complete and accurate contents.

218.    Dentsply denies the allegations in Paragraph 218, except admit that Dentsply purchased Byte for $1.04B, and refers to any documents the allegations in Paragraph 218 purport to characterize, including conference call transcripts, for their full and accurate contents.  The Individual Defendants deny the allegations in the first sentence of Paragraph 218, except refer to any documents the allegations in the first sentence of Paragraph 218 purport to characterize, including conference call transcripts, for their full and accurate contents.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 218.  Defendant Gunsagar denies the allegations in the third sentence of Paragraph 218.  The remaining Individual Defendants lack knowledge and

60

information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 218 and, on that basis, deny them.

219.    Dentsply and the Individual Defendants deny the allegations in the first sentence of Paragraph 219, except refer to any documents that the first sentence of Paragraph 219 purports to characterize, including conference call transcripts, for their complete and accurate contents. Dentsply denies the allegations in the second sentence of Paragraph 219, except refers to any documents that the second sentence of Paragraph 219 purports to characterize, including conference call transcripts, for their complete and accurate contents. The Individual Defendants lack knowledge and information sufficient to form a belief about the allegations in the second sentence of Paragraph 219 and, on that basis, deny them, except refer to any documents that the second sentence of Paragraph 219 purports to characterize, including conference call transcripts, for their complete and accurate contents. Dentsply and Defendant Gunsagar deny the allegations in the third sentence of Paragraph 219, except refer to any documents that the third sentence of Paragraph 219 purports to characterize, including conference call transcripts, for their complete and accurate contents. The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 219 and, on that basis, deny them, except refer to any documents that the third sentence of Paragraph 219 purports to characterize, including conference call transcripts, for their complete and accurate contents. Dentsply and Defendant Campion deny the allegations in the fourth sentence of Paragraph 219, except refer to any documents that the fourth sentence of Paragraph 219 purports to characterize, including conference call transcripts, for their complete and accurate contents. The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 219 and, on that basis, deny them, except refer to any documents that the fourth sentence of Paragraph 219 purports to characterize,

61

including conference call transcripts, for their complete and accurate contents.  Dentsply and the Individual Defendants deny the allegations in the last sentence of Paragraph 219.

220.    Dentsply and the Individual Defendants deny the allegations in the first sentence of Paragraph 220.  To the extent the allegations in the second, third, and fourth sentences concern the knowledge or actions of an unnamed former employee, Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to those allegations and, on that basis, deny them.  Dentsply and Defendant Gunsagar deny the remaining allegations in Paragraph 220.  The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 220 and, on that basis, deny them.

221.    Dentsply and Defendant Brackett deny the allegations in the first sentence of Paragraph 221, except admit that Brackett served as Senior Vice President, Orthodontic Aligner Solutions & Customer Experience.  The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 221 and, on that basis, deny them.  Dentsply and Defendants Brackett and Gunsagar deny the allegations in the second sentence of Paragraph 221.  The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 221.  Dentsply and Defendant Frank deny the remaining allegations in Paragraph 221, except admit that Frank served as Dentsply's Executive Vice President, Product Group from April 2022 to April 2023 and then Dentsply's Executive Vice President, Chief Business Officer ("CBO") from April 2023 until year end 2024.  The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 221.

222.    The first, sixth and seventh sentences of Paragraph 222 purport to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response

is required and with respect to the remaining allegations in Paragraph 222, Dentsply and the Individual Defendants deny those allegations.

223.    The first sentence of Paragraph 223 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply and the Individual Defendants deny those allegations.  Dentsply denies the allegations in the second and third sentences of Paragraph 223.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 223 and, on that basis, deny them.  The last sentence of Paragraph 223 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply and Defendants Campion, Coleman, and Frank deny the allegations in Paragraph 223, except admit that they spoke to investors about Byte's financial performance and margins.  The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 223 and, on that basis, deny them.

224.    Dentsply and the Individual Defendants deny the allegations in Paragraph 224, except refer to any documents that Paragraph 224 purports to characterize for their true and accurate contents.

225.    The allegations in Paragraph 225 as to statements attributable to Dr. Angela McMullin relate to claims that have been dismissed pursuant to the Court's Order and no responsive pleading is required.  To the extent that a response is required, Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 225 and, on that basis, deny them.  The last sentence of Paragraph 225 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply denies the allegations in the last sentence of Paragraph 225.  The Individual Defendants lack knowledge and information sufficient to form a belief as to

63

the truth of the allegations in the last sentence of Paragraph 225 and, on that basis, deny them.

226.    Dentsply denies the allegations in the first two sentences of Paragraph 226, except refers to any documents that the first two sentences of Paragraph 226 purports to characterize for their true and accurate contents.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the first two sentences of Paragraph 226 and, on that basis, deny them, except refer to any documents that the first two sentences of Paragraph 226 purports to characterize for their true and accurate contents.  The last sentence of Paragraph 226 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply and the Individual Defendants deny the allegations in the last sentence of Paragraph 226.

227.    Dentsply denies the allegations in the first and second sentences of Paragraph 227. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 227.  Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations the third sentence of Paragraph 227 to the extent that those allegations concern the knowledge or actions of unnamed former employees and, on that basis, deny them.  Dentsply and the Individual Defendants deny the remaining allegations in Paragraph 227.

228.    Dentsply and Defendants Coleman, Frank, Gunsagar, and Brackett deny the allegations in Paragraph 228, except admit that Defendant Casey and Gomez departed Dentsply in April of 2022, Defendant Coleman departed Dentsply in November of 2024, Defendant Frank departed Dentsply at month-end December of 2024, Defendant Gunsagar departed Dentsply in August of 2022, Defendant Brackett departed Dentsply in September of 2024, and Seevaratnam departed Dentsply in May of 2024.  Defendant Campion lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 228 and, on that basis,

denies them.

229.     The allegations in Paragraph 229, including footnote 11, as to Gomez relate to claims that have been dismissed pursuant to the Court's Order and no responsive pleading is required.  To the extent that a response is required, Dentsply denies the allegations in the first two sentences of Paragraph 229, except admits that the Company announced on April 11, 2022 that Gomez had resigned effective May 6, 2022, and refers to the April 11, 2022 Press Release Dentsply Sirona CFO Jorge Gomez Resigns to Assume CFO Position at Another Public Company for its full and accurate contents.  Dentsply lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of Paragraph 229 and, on that basis, denies them.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 229 and, on that basis, deny them, except refer to any documents Paragraph 229 purports to characterize for their complete and accurate contents.

230.     Dentsply denies the allegations in Paragraph 230, except admits Casey departed Dentsply on April 19, 2022.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 230 and, on that basis, deny them.

231.     Dentsply and Defendant Gunsagar deny the allegations in Paragraph 231, except admit Defendant Gunsagar departed Dentsply in August of 2022 and refer to the referenced and quoted Equity Purchase Agreement dated December 31, 2020 for its complete and accurate contents.  The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 231 and, on that basis, deny them, except refer to the referenced and quoted Equity Purchase Agreement dated December 31, 2020 for its complete and accurate contents.

232.    Dentsply and Defendants Frank, Coleman, and Brackett deny the allegations in the first sentence of Paragraph 232, except admit that Frank, Coleman, and Brackett departed in July, August and September of 2024 respectively.    The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 232 and, on that basis, deny them.    Dentsply denies the allegations in the second sentence of Paragraph 232, except admits that Seevaratnam departed Dentsply in May of 2024.    The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 232 and, on that basis, deny them. Dentsply and the Individual Defendants deny the remaining allegations in Paragraph 232.

233.    Dentsply and Defendants Campion and Frank deny allegations in Paragraph 233, except admit that Dentsply eliminated the position of Chief Business Officer on July 29, 2024, originally effective October 1, 2024 and then later extended to January 1, 2025.    The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 233 and, on that basis, deny them

234.    Dentsply and Defendant Campion and Coleman deny the allegations in Paragraph 234, except admit that Defendant Coleman provided his resignation on August 15, 2024, effective November 7, 2024, and refer to the referenced Form 8-K filed with the SEC on November 7, 2024 for its complete and accurate contents.    The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 234 and, on that basis, deny them, except refer to the referenced Form 8-K filed with the SEC on November 7, 2024 for its complete and accurate contents.

235.    Dentsply and Defendant Brackett deny the allegations in the first two sentences of Paragraph 235, except admit that Brackett departed Dentsply in September of 2024.    Dentsply lacks knowledge and information sufficient to form a belief as to the truth of the remaining

allegations in Paragraph 235 and, on that basis, denies them.  Defendant Brackett denies the remaining allegations in Paragraph 235, except admits that she resigned as a member of the Board of Directors of Knowles Corporation, effective September 13, 2024, and refers to the referenced and quoted Knowles Corporation Form 8-K filed with the SEC September 6, 2024 for its complete and accurate contents.  The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 235 and, on that basis, deny them.

236.    Dentsply and the Individual Defendants deny the allegations in Paragraph 236.

237.    The allegations in Paragraph 237 as to Gomez relate to claims that have been dismissed pursuant to the Court's Order and no responsive pleading is required.  To the extent that a response is required and with respect to the remaining allegations, Dentsply denies those allegations.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 237 and, on that basis, deny them.

238.    The allegations in Paragraph 238, including footnote 12, as to Gomez relate to claims that have been dismissed pursuant to the Court's Order and no responsive pleading is required.  To the extent that a response is required and with the respect to the remaining allegations, Dentsply denies those allegations.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 238 and, on that basis, deny them.

239.    The allegations in Paragraph 239 as to Gomez relate to claims that have been dismissed pursuant to the Court's Order and no responsive pleading is required.  To the extent that a response is required and with respect to the remaining allegations, Dentsply denies those allegations, except refers to the Opinion in *San Antonio Fire & Police Pension Fund v. Dentsply Sirona Inc.*, 732 F. Supp. 3d 300, 318 (S.D.N.Y. 2024) for its complete and accurate contents.  The

67

Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 239 and, on that basis, deny them, except refer to the Opinion in *San Antonio Fire & Police Pension Fund v. Dentsply Sirona Inc.*, 732 F. Supp. 3d 300, 318 (S.D.N.Y. 2024) for its complete and accurate contents.

240.    The allegations in Paragraph 240, including footnote 13, as to Gomez relate to claims that have been dismissed pursuant to the Court's Order and no responsive pleading is required.  To the extent that a response is required and with respect to the remaining allegations, Dentsply lacks knowledge and information sufficient to form a belief as to those allegations and, on that basis, denies them.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 240 and, on that basis, deny them.

241.    The allegations in Paragraph 241 as to Gomez relate to claims that have been dismissed pursuant to the Court's Order and no responsive pleading is required.  To the extent that a response is required and with respect to the remaining allegations, Dentsply denies those allegations.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 241 and, on that basis, deny them.

242.    Dentsply and Defendants Campion, Coleman, and Frank deny the allegations in Paragraph 242.  The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 242 and, on that basis, deny them.

243.    Dentsply and Defendants Campion, Coleman, and Frank deny the allegations in Paragraph 243, except refer to the referenced 2023 Dentsply Annual Incentive Plan for its complete and accurate contents.  The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 243 and, on that basis, deny them, except refer to the referenced 2023 Dentsply Annual Incentive Plan for its complete and accurate contents.

68

244. Dentsply and Defendants Campion, Coleman, and Frank deny the allegations in Paragraph 244, except refer to the referenced 2023 Dentsply Annual Incentive Plan for its complete and accurate contents. The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 244 and, on that basis, deny them, except refer to the referenced 2023 Dentsply Annual Incentive Plan for its complete and accurate contents.

245. Dentsply denies the allegations in Paragraph 245, except refers to any documents the allegations purport to characterize, including any annual incentive plans, for their complete and accurate contents. Defendants Campion, Coleman, and Frank deny the allegations in the first and second sentences of Paragraph 245, except refer to any documents the allegations purport to characterize, including any annual incentive plans, for their complete and accurate contents. The remaining Individual Defendants deny the allegations in the first sentence of Paragraph 245. The remaining Individual Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 245 and, on that basis, deny them, except refer to any documents the allegations purport to characterize, including any annual incentive plans, for their complete and accurate contents. The Individual Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 245 and, on that basis, deny them, except refer to any documents the allegations purport to characterize, including any annual incentive plans, for their complete and accurate contents. Defendants Campion and Frank deny the allegations in the last sentence of Paragraph 245, except refer to any documents the allegations purport to characterize, including any annual incentive plans, for their complete and accurate contents. The remaining Individual Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 245 and, on that basis, deny them, except refer to any

69

documents the allegations purport to characterize, including any annual incentive plans, for their complete and accurate contents.

246. Dentsply and Defendants Campion, Frank, and Coleman deny the allegations in Paragraph 246, except refer to any documents the allegations in Paragraph 246 purport to characterize, including any annual incentive plans, for their complete and accurate contents. The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 246 and, on that basis, deny them, except refer to any documents the allegations in Paragraph 246 purport to characterize, including any annual incentive plans, for their complete and accurate contents.

247. Dentsply and Defendants Campion, Frank, and Coleman deny the allegations in Paragraph 247, except refer to any documents the allegations in Paragraph 247 purport to characterize, including any annual incentive plans, for their complete and accurate contents. The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 247 and, on that basis, deny them, except refer to any documents the allegations in Paragraph 247 purport to characterize, including any annual incentive plans, for their complete and accurate contents.

## IX.    DEFENDANTS' MATERIALLY FALSE AND MISLEADING STATEMENTS AND OMISSIONS

248. Paragraph 248 purports to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required, Dentsply and the Individual Defendants deny those allegations.

249. Dentsply and the Individual Defendants deny the allegations in Paragraph 249, except refer to any documents that Paragraph 249 purports to characterize for their true and accurate contents.

250.    Dentsply and the Individual Defendants deny the allegations in Paragraph 250, except refer to any documents that Paragraph 250 purports to characterize for their true and accurate contents.

251.    Dentsply and the Individual Defendants deny the allegations in Paragraph 251, except refer to the referenced and quoted 2020 Sustainability Report published February 17, 2022; 2021 Sustainability Report published December 20, 2022; 2022 Sustainability Report published November 6, 2023; and 2023 Sustainability Report published December 16, 2024 for their complete and accurate contents.

A.    **False Statements Regarding Ongoing Control And Oversight By Licensed And Board-Certified Dentists And Orthodontists**

1.    **January 4, 2021 Form 8-K And M&A Call With Analysts**

252.    Dentsply and Defendant Gunsagar admit the allegations in the first sentence of Paragraph 252 and refer to the referenced January 4, 2021 press release "Dentsply Sirona Acquires Byte", the referenced January 4, 2021 investor presentation on Form 8-K, and the entire transcript of the referenced January 4, 2021 investor call for their complete and accurate contents. The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 252 and, on that basis, deny them, except refer to the referenced January 4, 2021 press release "Dentsply Sirona Acquires Byte", the referenced January 4, 2021 investor presentation on Form 8-K, and the entire transcript of the referenced January 4, 2021 investor call for their complete and accurate contents. Dentsply and Defendant Gunsagar deny the remaining allegations in Paragraph 252, except refer to the referenced January 4, 2021 press release "Dentsply Sirona Acquires Byte", the referenced January 4, 2021 investor presentation on Form 8-K, and the entire transcript of the referenced January 4, 2021 investor call for their complete and accurate contents. The remaining Individual Defendants

71

lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 252 and, on that basis, deny them, except refer to the referenced January 4, 2021 press release "Dentsply Sirona Acquires Byte", the referenced January 4, 2021 investor presentation on Form 8-K, and the entire transcript of the referenced January 4, 2021 investor call for their complete and accurate contents.

253.    Dentsply and Defendant Gunsagar admit the allegations in Paragraph 253, and refer to the referenced and quoted January 4, 2021 press release "Dentsply Sirona Acquires Byte" for its complete and accurate contents.  The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 253 and, on that basis, deny them, except refer to the referenced and quoted January 4, 2021 press release "Dentsply Sirona Acquires Byte" for its complete and accurate contents.

254.    Dentsply and Defendant Gunsagar deny the allegations in Paragraph 254, except refer to the entire transcript of the referenced and quoted January 4, 2021 investor call for its complete and accurate contents.  The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 254 and, on that basis, deny them, except refer to the entire transcript of the referenced and quoted January 4, 2021 investor call for its complete and accurate contents.

255.    Dentsply denies the allegations in Paragraph 255, except refers to the entire transcript of the referenced and quoted January 4, 2021 investor call for its complete and accurate contents. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 255 and, on that basis, deny them, except refer to the entire transcript of the referenced and quoted January 4, 2021 investor call for its complete and accurate contents.

256.    Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 256 and, on that basis, deny them, except refer to any documents that Paragraph 256 purports to characterize for their complete and accurate contents.

257.    The allegations in the first sentence of Paragraph 257 purport to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required, Dentsply and the Individual Defendants deny those allegations. To the extent that the remaining allegations in Paragraph 257 concern the knowledge or actions of unnamed former employees, Dentsply and the Individual Defendants lack information and knowledge sufficient to form a belief as to those allegations and, on that basis, deny them.

258.    Dentsply and Defendant Gunsagar deny the allegations in Paragraph 258, except refer to the entire transcript of the referenced and quoted January 4, 2021 investor call for its complete and accurate contents. The remaining Individual Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 258 and, on that basis, deny them, except refer to the entire transcript of the referenced and quoted January 4, 2021 investor call for its complete and accurate contents.

259.    Dentsply and Defendant Gunsagar deny the allegations in Paragraph 259, except refer to the entire transcript of the referenced and quoted January 4, 2021 investor call for its complete and accurate contents. The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 259 and, on that basis, deny them, except refer to the entire transcript of the referenced and quoted January 4, 2021 investor call for its complete and accurate contents.

260.    The allegations in the first and second sentences of Paragraph 260 purport to assert conclusions of law as to which no responsive pleading is required. To the extent that a response

is required and with respect to the remaining allegations, Dentsply and the Individual Defendants deny those allegations, except refer to the entire transcript of the referenced and quoted January 4, 2021 investor call for its complete and accurate contents.

### 2. Dentsply's Website And Other Advertisements Throughout The Class Period

261. Dentsply denies the allegations in Paragraph 261, except refers to the referenced and quoted "Teledentistry 101" webpage for its complete and accurate contents. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 261 and, on that basis, deny them, except refer to the referenced and quoted "Teledentistry 101" webpage for its complete and accurate contents.

262. The allegations in the first sentence of Paragraph 262 purport to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required, Dentsply and the Individual Defendants deny those allegations. Dentsply and the Individual Defendants deny the allegations in the second sentence of Paragraph 262. To the extent that the allegations in third, fourth and fifth sentences of Paragraph 262 concern the knowledge or actions of unnamed former employees, Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the third, fourth and fifth sentences of Paragraph 262, on that basis, deny them. Dentsply and the Individual Defendants deny the remaining allegations in Paragraph 262, except refer to the referenced and quoted "Teledentistry 101" webpage for its complete and accurate contents.

263. Dentsply denies the allegations in Paragraph 263, except refers to the referenced and quoted "Comprehensive doctor-directed care" webpage for its complete and accurate contents. The Individual Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 263 and, on that basis, deny them, except refer to the

74

referenced and quoted "Comprehensive doctor-directed care" webpage for its complete and accurate contents.

264. The allegations in the first sentence of Paragraph 264 purport to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required, Dentsply and the Individual Defendants deny those allegations. To the extent that the remaining allegations in Paragraph 264 concern the knowledge or actions of unnamed former employees, Dentsply and the Individual Defendants lack information and knowledge sufficient to form a belief as to those allegations and, on that basis, deny them.

265. Dentsply denies the allegations in Paragraph 265, except refers to the referenced and quoted Byte "About us" webpage for its complete and accurate contents. The Individual Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 265 and, on that basis, deny them, except refer to the referenced and quoted Byte "About us" webpage for its complete and accurate contents.

266. Dentsply denies the allegations in Paragraph 266, except refers to the referenced and quoted Byte "About us" webpage for its complete and accurate contents. The Individual Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 266 and, on that basis, deny them, except refer to the referenced and quoted Byte "About us" webpage for its complete and accurate contents.

267. Dentsply admits that it ran a television commercial entitled "We Get It," and refers to the referenced and quoted television commercial for its complete and accurate contents. The Individual Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 267 and, on that basis, deny them, refer to the referenced and quoted television commercial for its complete and accurate contents.

268.     The allegations in the first and second sentences of Paragraph 268 purport to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply and the Individual Defendants deny those allegations, except refer to the referenced and quoted Byte "About us" webpage for its complete and accurate contents. To the extent the remaining allegations of Paragraph 268 concern the knowledge or actions of unnamed former employees, Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of those allegations and, on that basis, deny them.

269.     Dentsply denies the allegations in Paragraph 269, except refers to the referenced and quoted "Byte's Expert Dental Network" webpage for its complete and accurate contents.  The Individual Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 269 and, on that basis, deny them, except refer to the referenced and quoted "Byte's Expert Dental Network" webpage for its complete and accurate contents.

270.     Dentsply denies the allegations in Paragraph 270, except refers to the referenced and quoted "Byte's Expert Dental Network" webpage for its complete and accurate contents.  The Individual Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 270 and, on that basis, deny them, except refer to the referenced and quoted "Byte's Expert Dental Network" webpage for its complete and accurate contents.

271.     The allegations in the first sentence of Paragraph 271 purport to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply and the Individual Defendants deny those allegations.  To the extent the remaining allegations of Paragraph 271 concern the knowledge or actions of unnamed former employees, Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of those allegations and, on that basis, deny them.

272.    Dentsply denies the allegations in Paragraph 272, except refers to the referenced and quoted "How Byte Compares to Smile Direct Club" webpage, for its complete and accurate contents.  The Individual Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 272 and, on that basis, deny them, except refer to the referenced and quoted "How Byte Compares to Smile Direct Club" webpage, for its complete and accurate contents.

273.    The allegations in the first and second sentences of Paragraph 273 purport to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply and the Individual Defendants deny those allegations.  To the extent the remaining allegations in Paragraph 273 concern the knowledge or actions of unnamed former employees, Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of those allegations and, on that basis, deny them.

### 3.    September 2021 Dentsply Sirona World

274.    Dentsply and Defendant Gunsagar admit that Dentsply hosted a meeting from September 23, 2021, to September 25, 2021, entitled "Dentsply Sirona World 2021," and refer to the entire transcript of the referenced and quoted meeting for its complete and accurate contents. The remaining Individual Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 274 and, on that basis, deny them, except refer to the entire transcript of the referenced and quoted "Dentsply Sirona World 2021" meeting for its complete and accurate contents.

275.    The allegations in the first and second sentences of Paragraph 275 purport to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply and the Individual Defendants deny those allegations.  To the extent the remaining allegations in Paragraph 275 concern the knowledge or actions of unnamed former

employees, Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of those allegations and, on that basis, deny them.

### 4.   Dentsply's Form 10-Ks and 10-Qs

276.   Dentsply admits that it filed its Annual Report on Form 10-K for fiscal year 2020 on March 1, 2021, admits that Defendants Casey and Gomez signed the 2020 Form 10-K, and refers to the referenced and quoted 2020 Form 10-K filed with the SEC on March 1, 2021 for its complete and accurate contents.   The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 276 regarding the 2020 10-K and, on that basis, deny them.

277.   Dentsply admits that it filed its Annual Report on Form 10-K for fiscal year 2020 on March 1, 2021, and refers to the referenced and quoted 2020 Form 10-K filed with the SEC on March 1, 2021 for its complete and accurate contents.   The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 277 regarding the 2020 10-K and, on that basis, deny them.

278.   Dentsply admits that it filed its Annual Report on Form 10-K for fiscal year 2021 on March 1, 2022, admits that Defendants Casey and Gomez signed the 2021 Form 10-K, and refers to the referenced and quoted 2021 Form 10-K filed with the SEC on March 1, 2022 for its complete and accurate contents.   The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 278 regarding the 2021 10-K and, on that basis, deny them.

279.   Dentsply admits the allegations in Paragraph 279, and refers to the referenced and quoted 2021 Form 10-K filed with the SEC on March 1, 2022 for its complete and accurate contents.   The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 279 regarding the 2021 10-K and, on that basis, deny

them.

280.     Dentsply admits the allegations in Paragraph 280, and refers to the referenced and quoted 2021 Form 10-K filed with the SEC on March 1, 2022 for its complete and accurate contents.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 280 regarding the 2021 10-K and, on that basis, deny them.

281.     Dentsply denies the allegations in Paragraph 281, except admits that Casey and Gomez signed Dentsply's Form 10-Qs for the first, second, and third quarters of 2021; and refers to the referenced and quoted first quarter 2021 Form 10-Q filed with the SEC on May 6, 2021; second quarter 2021 Form 10-Q filed with the SEC on August 5, 2021; and third quarter 2021 Form 10-Q filed with the SEC on November 4, 2021 for their complete and accurate contents.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 281 regarding the 2021 Form 10-Qs and, on that basis, deny them.

282.     Dentsply and Defendants Campion and Coleman admit the allegations in Paragraph 282, except deny that the quotation in Paragraph 282 appears, as quoted, in Dentsply's 2022 Annual Report filed on Form 10-K with the SEC on March 1, 2023, and refer to the Annual Report for its complete and accurate contents.  The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 282 regarding the 2022 10-K and, on that basis, deny them.

283.     Dentsply and Defendants Campion and Coleman admit the allegations in Paragraph 283, and refer to the referenced and quoted 2022 Annual Report filed on Form 10-K with the SEC on March 1, 2023 for its complete and accurate contents.  The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 283 regarding the 2022 10-K and, on that basis, deny them.

284.    Dentsply and Defendants Campion and Coleman admit that Dentsply filed its Form 10-K for fiscal year 2023 on February 29, 2024, admit that Defendants Campion and Coleman signed the referenced 2023 Form 10-K, and refer to the referenced and quoted 2023 Form 10-K filed with the SEC on February 29, 2024 for its complete and accurate contents.  The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 284 regarding the 2023 10-K and, on that basis, deny them.

285.    The allegations in the first and second sentences of Paragraph 285 purport to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply and the Individual Defendants deny the allegations in the first and second sentences of Paragraph 285.  To the extent the allegations in the third and fourth sentences of Paragraph 285 concern the knowledge or actions of unnamed former employees, Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of those allegations and, on that basis, deny them.

### 5.    January 16, 2024 Florida Senate Hearing

286.    The allegations in Paragraph 286 as to statements attributable to Dr. Angela McMullin relate to claims that have been dismissed pursuant to the Court's Order and no responsive pleading is required.  To the extent that a response is required, Dentsply denies the allegations in the first sentence of Paragraph 286.  Dentsply lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 286 and, on that basis, denies them, except refers to the transcript of the January 16, 2024 Florida Senate hearing for its complete and accurate contents.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 286 and, on that basis, deny them, except refer to the transcript of the January 16, 2024 Florida Senate hearing for its complete and accurate contents.

287.    The allegations in Paragraph 287 as to statements attributable to Dr. Angela McMullin relate to claims that have been dismissed pursuant to the Court's Order and no responsive pleading is required.  To the extent that a response is required, Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 287 and, on that basis, deny them, except refer to the transcript of the January 16, 2024 Florida Senate hearing for its complete and accurate contents.

288.    The allegations in the first two sentences of Paragraph 288 relate to claims that have been dismissed pursuant to the Court's Order and no responsive pleading is required.  To the extent that a response is required, Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first two sentences of Paragraph 288 and, on that basis, deny them, except refer to the transcript of the January 16, 2024 Florida Senate hearing for its complete and accurate contents.  To the extent the allegations in the third, fourth, and fifth, sixth and seventh sentences of Paragraph 288 concern the knowledge or actions of unnamed former employees, Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of those allegations and, on that basis, deny them.  Dentsply denies the remaining allegations in Paragraph 288.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 288 and, on that basis, deny them.

### 6.    False Statements On Investor Conference Calls

289.    Dentsply and the Individual Defendants deny the allegations in Paragraph 289, except admit that Dentsply and Defendant Campion participated in the Morgan Stanley 22nd Annual Global Healthcare Conference Presentation on September 5, 2024 and refer to the entire transcript of the referenced and quoted September 5, 2024 Morgan Stanley 22nd Annual Global Healthcare Conference Presentation for its complete and accurate contents.

290.    The allegations in the first sentence of Paragraph 290 purport to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply and Defendant Campion deny those allegations.  Dentsply denies the allegations in the second sentence of Paragraph 290.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of those allegations and, on that basis, deny them.  To the extent the allegations in the remaining allegations in Paragraph 290 concern the knowledge or actions of unnamed former employees, Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of those allegations and, on that basis, deny them.

**B.      False Statements Regarding Customer Standards**

**1.      Dentsply's Website Throughout The Class Period**

291.    Dentsply denies the allegations in Paragraph 291, except refers to the referenced and quoted "Teledentistry 101" webpage for its complete and accurate contents.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 291 and, on that basis, deny them.

292.    The allegations in the first and third sentences of Paragraph 292 purport to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply denies those allegations, and denies the allegations in the second sentence of Paragraph 292, except refers to the referenced and quoted "Teledentistry 101" webpage for its complete and accurate contents.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of allegations in the first, second, and third sentences of Paragraph 292 and, on that basis, deny them.  To the extent the remaining allegations in Paragraph 292 concern the knowledge or actions of an unnamed former employee, Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth

82

of those allegations and, on that basis, deny them.

293. Dentsply denies the allegations in Paragraph 293, except refers to the referenced and quoted "Byte's Expert Dental Network" webpage for its complete and accurate contents. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 293 and, on that basis, deny them, except refer to the referenced and quoted "Byte's Expert Dental Network" webpage for its complete and accurate contents.

294. Dentsply denies the allegations in Paragraph 294, except refers to the referenced and quoted "Byte's Expert Dental Network" webpage for its complete and accurate contents. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 294 and, on that basis, deny them, except refer to the referenced and quoted "Byte's Expert Dental Network" webpage for its complete and accurate contents.

295. Dentsply denies the allegations in Paragraph 295, except refers to the referenced and quoted "Comprehensive doctor-directed care" webpage for its complete and accurate contents. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 295 and, on that basis, deny them, except refer to the referenced and quoted "Comprehensive doctor-directed care" webpage for its complete and accurate contents.

296. Dentsply denies the allegations in Paragraph 296, except refers to the referenced and quoted "Comprehensive doctor-directed care" webpage for its complete and accurate contents. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 296 and, on that basis, deny them, except refer to the referenced and quoted "Comprehensive doctor-directed care" webpage for its complete and accurate contents.

297.    Dentsply denies the allegations in Paragraph 297, except refers to the referenced and quoted "Comprehensive doctor-directed care" webpage for its complete and accurate contents. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 297 and, on that basis, deny them, except refer to the referenced and quoted "Comprehensive doctor-directed care" webpage for its complete and accurate contents.

298.    The allegations in the first, second, third, and last sentence following the alleged quote in Paragraph 298 purport to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required, Dentsply denies those allegations. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first, second, third, and last sentences following the alleged quote in Paragraph 298 and, on that basis, deny them. To the extent the remaining allegations following the alleged quote in Paragraph 298 concern the knowledge or actions of unnamed former employees, Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of those allegations and, on that basis, deny them.

### 2.    False Statements Concerning Byte's Financial Performance And Conversion Rates

299.    Dentsply denies the allegations in Paragraph 299, except admits that Dentsply and Defendant Casey participated in the Piper Sandler Virtual Dental Day conference on March 29, 2022, and refers to the entire transcript of the referenced and quoted March 29, 2022 Piper Sandler Virtual Dental Day presentation for its complete and accurate contents. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 299 and, on that basis, deny them, except refer to the entire transcript of the referenced and quoted March 29, 2022 Piper Sandler Virtual Dental Day presentation for its complete and

accurate contents.

300.    The allegations in the first sentence of Paragraph 300 purport to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply denies those allegations.  With respect to the remaining allegations in Paragraph 300, Dentsply denies those allegations, except refers to the entire transcript of the referenced and quoted March 29, 2022 Piper Sandler Virtual Dental Day conference for its complete and accurate contents.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 300 and, on that basis, deny them, except refer to the entire transcript of the referenced and quoted March 29, 2022 Piper Sandler Virtual Dental Day conference for its complete and accurate contents.

301.    Dentsply and Defendants Campion and Coleman deny the allegations in Paragraph 301, except admit that Dentsply held an earnings call on February 28, 2023, admit that Defendant Coleman stated during the referenced and quoted February 28, 2023 Dentsply fourth quarter 2022 earnings call that "Byte also saw a very strong growth despite slowing consumer spending trends as we're seeing improvement in customer conversion rates," and refer to the entire transcript of the referenced and quoted February 28, 2023 Dentsply fourth quarter 2022 earnings call for its complete and accurate contents.  The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 301 and, on that basis, deny them, except refer to the entire transcript of the referenced and quoted February 28, 2023 Dentsply fourth quarter 2022 earnings call for its complete and accurate contents.

302.    Dentsply and Defendants Campion and Coleman admit that Dentsply held an earnings call on May 3, 2023 and refer to the entire transcript of the referenced and quoted and May 3, 2023 Dentsply first quarter 2023 earnings call for its complete and accurate contents.  The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to

the truth of the allegations in Paragraph 302 and, on that basis, deny them, except refer to the entire transcript of the referenced and quoted and May 3, 2023 Dentsply first quarter 2023 earnings call for its complete and accurate contents.

303.    The allegations in the first and second sentences of Paragraph 303 purport to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply and Defendants Campion and Coleman deny the allegations in the first and second sentences of Paragraph 303, except refer to any documents that Paragraph 303 purports to characterize for their complete and accurate contents.  The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 303 and, on that basis, deny them.  To the extent the remaining allegations in Paragraph 303 concern the knowledge or actions of unnamed former employees and senior management, Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of those allegations and, on that basis, deny them.

304.    Dentsply and the Individual Defendants deny the allegations in the first sentence of Paragraph 304, except that Dentsply and Defendants Campion and Coleman admit that Dentsply held an earnings call on May 3, 2023.  Dentsply and Defendant Coleman deny the remaining allegations in Paragraph 304, except refer to the entire transcript of the referenced and quoted May 3, 2023 Dentsply first quarter 2023 earnings call for its complete and accurate contents.  The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 304 and, on that basis, deny them, except refer to the entire transcript of the referenced and quoted May 3, 2023 Dentsply first quarter 2023 earnings call for its complete and accurate contents.

305.    Dentsply and the Individual Defendants deny the allegations in the first sentence of Paragraph 305, except that Dentsply and Defendants Campion and Coleman admit that Dentsply

held an earnings call on May 3, 2023, and refer to the entire transcript of the referenced and quoted May 3, 2023 Dentsply first quarter 2023 earnings call for its complete and accurate contents. Dentsply and Defendant Coleman deny the remaining allegations in Paragraph 305, except refer to the entire transcript of the referenced and quoted May 3, 2023 Dentsply first quarter 2023 earnings call for its complete and accurate contents. The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 305 and, on that basis, deny them, except refer to the entire transcript of the referenced and quoted May 3, 2023 Dentsply first quarter 2023 earnings call for its complete and accurate contents.

306.    Dentsply and the Individual Defendants deny the allegations in first sentence of Paragraph 306, except that Dentsply and Defendants Campion and Coleman admit that Dentsply held an earnings call on May 3, 2023, and refer to the entire transcript of the referenced and quoted May 3, 2023 Dentsply first quarter 2023 earnings call for its complete and accurate contents. Dentsply and Defendant Campion deny the remaining allegations in Paragraph 306, except refer to the entire transcript of the referenced and quoted May 3, 2023 Dentsply first quarter 2023 earnings call for its complete and accurate contents. The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 306 and, on that basis, deny them.

307.    Dentsply and the Individual Defendants deny the allegations in Paragraph 307, except that Dentsply and Defendant Campion admit that Defendant Campion participated in the Bank of America Securities Healthcare Conference on May 10, 2023, and refer to the entire transcript of the referenced and quoted May 10, 2023 Bank of America Securities Healthcare Conference for its complete and accurate contents.

87

308.    Dentsply and Defendants Campion and Coleman deny the allegations in Paragraph 308, except admit that Dentsply and Defendants Campion and Coleman participated in the Stifel's Jaws & Paws Conference on June 1, 2023, and refer to the entire transcript of the referenced and quoted June 1, 2023 Stifel Jaws & Paws investor conference for its complete and accurate contents. The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 308 and, on that basis, deny them, except refer to the entire transcript of the referenced and quoted June 1, 2023 Stifel Jaws & Paws investor conference for its complete and accurate contents.

309.    Dentsply and Defendants Campion and Coleman deny the allegations in Paragraph 309, except admit that Dentsply held an earnings call regarding the second quarter of 2023 on August 3, 2023, and refer to the entire transcript of the referenced and quoted August 3, 2023 Dentsply second quarter 2023 earnings call for its complete and accurate contents. The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 309 and, on that basis, deny them, except refer to the entire transcript of the referenced and quoted August 3, 2023 Dentsply second quarter 2023 earnings call for its complete and accurate contents.

310.    Dentsply and the Individual Defendants deny the allegations in the first sentence of Paragraph 310, except that Dentsply and Defendants Campion and Coleman admit that Dentsply and Defendants Campion and Coleman participated in Baird's Global Healthcare Conference on September 12, 2023, and refer to the entire transcript of the referenced and quoted September 12, 2023 Baird Global Healthcare Conference for its complete and accurate contents. Dentsply and Defendant Campion deny the remaining allegations in Paragraph 310, except refer to the entire transcript of the referenced and quoted September 12, 2023 Baird Global Healthcare Conference for its complete and accurate contents. The remaining Individual Defendants   lack knowledge

88

and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 310 and, on that basis, deny them, except refer to the entire transcript of the referenced and quoted September 12, 2023 Baird Global Healthcare Conference for its complete and accurate contents.

311.    Dentsply and Defendant Frank deny the allegations in Paragraph 311, except admit that Dentsply held Investor Day on November 9, 2023, and refer to the entire transcript of the referenced and quoted November 9, 2023 Dentsply Investor Day for its complete and accurate contents.  The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 311 and, on that basis, deny them, except refer to the entire transcript of the referenced and quoted November 9, 2023 Dentsply Investor Day for its complete and accurate contents.

312.    Dentsply and the Individual Defendants deny the allegations in Paragraph 312, except that Dentsply and Defendant Campion admit that Dentsply participated in the 14th Annual Jefferies London Healthcare Conference on November 15, 2023, and refer to the entire transcript of the referenced and quoted November 15, 2023 14th Annual Jefferies London Healthcare Conference for its complete and accurate contents.

313.    The allegations in first and second sentences of Paragraph 313 purport to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply and the Individual Defendants deny those allegations, except refer to any documents that the first and second sentences of Paragraph 313 purport to characterize for their complete and accurate contents.  To the extent the remaining allegations of Paragraph 313 concern the knowledge or actions of unnamed former employees and senior management, Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of those allegations and, on that basis, deny them.

314.    Dentsply and the Individual Defendants deny the allegations in Paragraph 314, except that Dentsply and Defendant Frank admit that they participated in the 42nd Annual J.P. Morgan Healthcare Conference on January 10, 2024, and refer to the entire transcript of the referenced and quoted January 10, 2024 42nd Annual J.P. Morgan Healthcare Conference for its complete and accurate contents.

315.    The allegations in Paragraph 315 purport to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply and Defendant Frank deny the allegations in Paragraph 315, except refer to the entire transcript of the referenced and quoted January 10, 2024 42nd Annual J.P. Morgan Healthcare Conference for its complete and accurate contents.  The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 315 and, on that basis, deny them, except refer to the entire transcript of the referenced and quoted January 10, 2024 42nd Annual J.P. Morgan Healthcare Conference for its complete and accurate contents.

**C.    Defendants' False Statements Regarding Dentsply's Compliance With FDA Reporting Regulations**

**1.    The FDA Regulations Requiring Dentsply To Report Byte Patient Injuries**

316.    Dentsply and the Individual Defendants deny the allegations in Paragraph 316, except admit that Byte was regulated by the FDA.

317.    Dentsply and the Individual Defendants deny the allegations in Paragraph 317, including footnote 15, except admit that Byte was classified as a Class II medical device and refer to the October 18, 2023 Byte clearance (device identifier K230199) for its complete and accurate contents.

318.    Paragraph 318, including footnote 16, purports to assert conclusions of law as to which no responsive pleading is required.

319.    Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 319 and, on that basis, deny them.

320.    Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 320 and, on that basis, deny them.  Dentsply denies the allegations in the second sentence of Paragraph 320, except refers to any documents that Paragraph 320 purports to characterize for their complete and accurate contents.  The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 320 and, on that basis, deny them, except refer to any documents that Paragraph 320 purports to characterize for their complete and accurate contents.

321.    Paragraph 321 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, the Individual Defendants deny the allegations in Paragraph 321 and Dentsply denies the allegations in Paragraph 321, including to the extent those allegations concern the knowledge or actions of others, including unnamed senior management, except admits that Dentsply received premarket clearance letters for Byte from the FDA dated February 19, 2019 and October 13, 2023, and refers to the referenced and quoted premarket clearance letters for their complete and accurate contents.

322.    Paragraph 322 purports to assert conclusions of law as to which no responsive pleading is required.

323.    Paragraph 323 purports to assert conclusions of law as to which no responsive pleading is required.

324.    Dentsply and the Individual Defendants deny the allegations in the first sentence of Paragraph 324.  Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 324 and, on

91

that basis, deny them.  Dentsply and the Individual Defendants deny the allegations in the third sentence of Paragraph 324, except refer to Dentsply's Form 10-K for 2021 filed with the SEC on March 1, 2022, and its Form 10-K for 2022 filed with the SEC on March 1, 2023, for their complete and accurate contents.

325.    Paragraph 325 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply and the Individual Defendants deny the allegations in Paragraph 325.

## 2.    **False Compliance Statements Made At The 39th Annual JP Morgan Virtual Healthcare Conference**

326.    Dentsply and the Individual Defendants deny the allegations in Paragraph 326, except that Dentsply admits that Dentsply and Defendants Casey and Gomez participated in the 39th Annual J.P. Morgan Virtual Healthcare Conference on January 13, 2021, and refers to the entire transcript of the referenced and quoted January 13, 2021 39th Annual J.P. Morgan Virtual Healthcare Conference for its complete and accurate contents.

327.    The allegations in the first and second sentences of Paragraph 327 purport to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required and with respect to the remaining allegations in Paragraph 327, Dentsply and the Individual Defendants deny those allegations.

## 3.    **False Compliance Statements Made to the Capitol Forum**

328.    Dentsply denies the allegations in Paragraph 328, except refers to any The Capitol Forum article dated June 28, 2024 for its complete and accurate contents.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 328 and, on that basis, deny them, except refer to any The Capitol Forum article dated June 28, 2024 for its complete and accurate contents.

329.    The allegations in the first sentence of Paragraph 329 purport to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required and with respect to the remaining allegations in Paragraph 329, Dentsply denies those allegations. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 329 and, on that basis, deny them.

330.    Dentsply denies the allegations in Paragraph 330, except refers to the referenced FDA reports for the complete and accurate contents.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 330 and, on that basis, deny them, except refer to the referenced FDA reports for the complete and accurate contents.

331.    The allegations in the first sentence of Paragraph 331 purport to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply denies the allegations in the first sentence of Paragraph 331.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 331 and, on that basis, deny them.  To the extent the remaining allegations in Paragraph 331 concern the knowledge or actions of unnamed former employees and senior management, Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of those allegations and, on that basis, deny them.

332.    Dentsply denies the allegations in Paragraph 332, except refers to the referenced and quoted September 18, 2024 The Capitol Forum article for its complete and accurate contents. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 332 and, on that basis, deny them, except refer to the referenced and quoted Capitol Forum article dated September 18, 2024 for its complete and accurate contents.

333.    Dentsply denies the allegations in Paragraph 333, except refers to the referenced and quoted September 18, 2024 The Capitol Forum article for its complete and accurate contents. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 333 and, on that basis, deny them, except refer to the referenced and quoted Capitol Forum article dated September 18, 2024 for its complete and accurate contents.

334.    The allegations in the first sentence of Paragraph 334 purport to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required, Dentsply denies the allegations in the first sentence of Paragraph 334.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 334 and, on that basis, deny them.  To the extent the remaining allegations in Paragraph 334 concern an alleged Company insider's statements, Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of those allegations and, on that basis, deny them, except refer to the referenced FDA reports for their complete and accurate contents.

335.    The allegations in the first sentence of Paragraph 335 purport to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply denies the allegations in the first sentence of Paragraph 335.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 335 and, on that basis, deny them.  Dentsply denies the remaining allegations in Paragraph 335, except refers to any documents that Paragraph 335 purports to characterize for their complete and accurate contents.

336.    The allegations in the first sentence of Paragraph 336 purport to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required,

94

Dentsply denies the allegations in the first sentence of Paragraph 336. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 336 and, on that basis, deny them. To the extent the allegations in the third sentence of Paragraph 336 concern the knowledge or actions of unnamed former employees, Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of those allegations and, on that basis, deny them. Dentsply denies the remaining allegations in Paragraph 336, except refers to the referenced FDA reports for their complete and accurate contents. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 336 and, on that basis, deny them, except refer to the referenced FDA reports for their complete and accurate contents.

### 4. False Statements Disseminated Through William Blair Report

337. Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 337 and, on that basis, deny them, except refer to the entire referenced and quoted September 27, 2024 William Blair report for its complete and accurate contents.

338. The allegations in the first and last sentences of Paragraph 338 purport to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required, Dentsply and the Individual Defendants deny the allegations in the first and last sentences of Paragraph 338. To the extent the remaining allegations in the fourth sentence of Paragraph 338 concern the knowledge or actions of an unnamed former employee, Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of those allegations and, on that basis, deny them. Dentsply denies the remaining allegations in Paragraph 338, except refers to the referenced FDA reports and any other documents that Paragraph 338 purports to characterize for their complete and accurate contents. The Individual

Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 338 and, on that basis deny them, except refer to the referenced FDA reports and any other documents that Paragraph 338 purports to characterize for their complete and accurate contents.

### 5. False Compliance Statements In Dentsply's "Sustainability Reports" For 2021, 2022, And 2023

339. Dentsply and Defendant Campion deny the allegations in Paragraph 339, except admit that Dentsply published the referenced and quoted 2021 Sustainability Report on December 20, 2022, that a picture of Defendant Campion appeared on page five of the report alongside a "Letter from the CEO," and refer to the report for its complete and accurate contents. The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 339 and, on that basis, deny them.

340. Dentsply and Defendants Campion, Coleman, Frank, and Brackett deny the allegations in Paragraph 340, except admit that Dentsply published the referenced and quoted 2022 Sustainability Report on November 6, 2023; admit that Brackett was Dentsply's Senior Vice President of Orthodontic Aligner Solutions and Customer Experience, Head of Sustainability, and the 2022 Chair of the ESG Steering Committee; admit that Coleman was a member of the ESG Steering Committee for 2022; admit that Frank was a member of the Extended ESG Steering Committee for 2022; admit that pictures of Defendants Campion and Brackett appear on page six of the report, following and preceding a "Letter from the CEO" and "Letter from the ESG Steering Committee," respectively; admit that Defendants Brackett, Coleman, and Frank were pictured on page 15 of the report; and refer to the report for its complete and accurate contents. Defendant Gunsagar lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 340 and, on that basis, denies them.

341.    Dentsply and Defendants Campion and Coleman deny the allegations in Paragraph 341, except admit that Dentsply published the referenced and quoted 2023 Sustainability Report on December 16, 2024; admit that Defendant Coleman was a member of the Extended ESG Steering Committee for 2023; admit that the report includes a "Letter from the CEO;" and refer to the report for its complete and accurate contents.  The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 341 and, on that basis, deny them.

342.    Dentsply denies the allegations in Paragraph 342, except admit that Dentsply published its 2021 Sustainability Report on December 20, 2022, and refer to the referenced 2021 Sustainability Report published December 20, 2022 for its complete and accurate contents, and admits that Dentsply published its 2022 Sustainability Report on November 6, 2023, and refers to the referenced and quoted 2022 Sustainability Report published November 6, 2023 for its complete and accurate contents.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 342 and on that basis, deny them, except refer to any documents the allegations in Paragraph 342 purport to characterize for their complete and accurate contents.

343.    Dentsply admits that Dentsply published the 2023 Sustainability Report on December 16, 2024, and refers to the 2023 Sustainability Report for its complete and accurate contents.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 343 and, on that basis, deny them, except refer to the 2023 Sustainability Report its complete and accurate contents.

344.    The allegations in Paragraph 344 purport to assert conclusions law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply denies the allegations in Paragraph 344, except refers to the referenced and quoted 2021 Sustainability

Report; 2022 Sustainability Report; and 2023 Sustainability Report for their complete and accurate contents. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 344 and, on that basis, deny them, except refer to the referenced and quoted Sustainability Reports for their complete and accurate contents.

345.    The allegations in the first and second sentences of Paragraph 345 purport to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required, Dentsply denies those allegations. Dentsply and the Individual Defendants deny the remaining allegations in Paragraph 345, except refer to any documents that Paragraph 345 purports to characterize for their complete and accurate contents.

346.    Dentsply denies the allegations in the first three sentences of Paragraph 346, except refers to the referenced FDA reports for their complete and accurate contents. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first three sentences of Paragraph 346 and, on that basis, deny them, except refer to the referenced FDA reports for their complete and accurate contents. The allegations in the fourth sentence of Paragraph 346 purport to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required and with respect to the remaining allegations in Paragraph 346, Dentsply and the Individual Defendants deny the allegations in the fourth sentence of Paragraph 346.

347.    To the extent the allegations in Paragraph 347 concern an alleged Company insider's statements, Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of those allegations and, on that basis, deny them.

**6.    False Statements Regarding Compliance In Dentsply's 10-Ks And 10-Qs**

348.    Dentsply admits that Dentsply's Annual Reports on Form 10-K for fiscal years 2020 and 2021 were filed on March 1, 2021, and March 1, 2022, respectively, and that Casey and Gomez signed the 2020 and 2021 10-Ks.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 348 related to the 2020 and 2021 Form 10-Ks and, on that basis, deny them.  Dentsply and Defendants Campion and Coleman admit that Dentsply's Annual Reports on Form 10-K for fiscal years 2022 and 2023 were filed on March 1, 2023, and February 29, 2024, respectively, and admit that Defendants Campion and Coleman signed the 2022 and 2023 10-Ks.  The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 348 related to the 2022 and 2023 Form 10-Ks and, on that basis, deny them.

349.    Dentsply denies the allegations in Paragraph 349 as to Dentsply's Annual Reports on Form 10-K for fiscal years 2020 and 2021, except refers to those reports for their complete and accurate contents.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 349 related to the Annual Reports on Form 10-K for fiscal years 2020 and 2021 and, on that basis, deny them.  Dentsply and Defendants Campion and Coleman deny the allegations in Paragraph 349 as to Dentsply's Annual Reports on Form 10-K for fiscal years 2022 and 2023 , except refer to those reports for their complete and accurate contents.  The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 349 related to Dentsply's Annual Reports on Form 10-K for fiscal years 2022 and 2023 and, on that basis, deny them.

350.    Dentsply denies the allegations in Paragraph 350, except admits that Dentsply published Quarterly Reports on Form 10-Q for the first, second, and third quarters of 2021 on May

99

6, 2021; August 5, 2021, and November 4, 2021, respectively; admits that Casey and Gomez signed the 2021 10-Qs; and refers to the referenced and quoted first quarter 2021 Form 10-Q filed with the SEC on May 6, 2021; second quarter 2021 Form 10-Q filed with the SEC on August 5, 2021; and third quarter 2021 Form 10-Q filed with the SEC on November 4, 2021 for their complete and accurate contents. The Individual Defendants lack knowledge and information sufficient to form a belief as to allegations related to the 2021 10-Qs and, on that basis, deny those allegations.

351.    The allegations in Paragraph 351 purport to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required, Dentsply and the Individual Defendants deny those allegations.

352.    Dentsply denies the allegations in the first sentence of Paragraph 352, except refers to the referenced FDA reports for their complete and accurate contents. Paragraph 352 includes a chart purporting to characterize information as to which no responsive pleading is required. To the extent that a response is required, Dentsply denies those allegations, including the allegations in Footnote 17. The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 352 and, on that basis, deny them.

353.    Dentsply and Defendants Campion and Coleman admit that Dentsply filed its second quarter 2024 10-Q with the SEC on July 31, 2024, and refer to the referenced and quoted second quarter 2024 10-Q filed on July 31, 2024 for its complete and accurate contents. The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 353 and, on that basis, deny them, except refer to the referenced and quoted second quarter 2024 10-Q filed on July 31, 2024 for its complete and accurate contents.

100

354.    The allegations in the first and second sentences of Paragraph 354 purport to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required and with respect to the remaining allegations, Dentsply and the Individual Defendants deny those allegations, except refer to the second quarter 2024 Form 10-Q filed with the SEC on July 31, 2024 for its complete and accurate contents.

### D.    False Statements About Dentsply's Continued Investment In Byte

355.    The allegations in Paragraph 355 have been dismissed pursuant to the Court's Order and no responsive pleading is required.  To the extent that a response is required, Dentsply and Defendant Coleman deny the allegations in Paragraph 355, except admit that Dentsply held an earnings call regarding the fourth quarter of 2023 on February 29, 2024, and refer to the entire transcript of the referenced and quoted February 29, 2024 Dentsply fourth quarter 2023 call for its complete and accurate contents.  The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 355 and, on that basis, deny them, except refer to the entire transcript of the referenced and quoted February 29, 2024 Dentsply fourth quarter 2023 call for its complete and accurate contents.

356.    The allegations in Paragraph 356 have been dismissed pursuant to the Court's Order and no responsive pleading is required.  To the extent that a response is required, Dentsply and Defendant Campion deny the allegations in Paragraph 356, except admit that Dentsply held an earnings call regarding the first quarter of 2024 on May 2, 2024, and refer to the entire transcript of the May 2, 2024 Dentsply first quarter 2024 earnings call for its complete and accurate contents. The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 356 and, on that basis, deny them, except refer to the entire transcript of the May 2, 2024 Dentsply first quarter 2024 earnings call for its complete and accurate contents.

357.     The allegations in Paragraph 357 have been dismissed pursuant to the Court's Order and no responsive pleading is required.  To the extent that a response is required, Dentsply and Defendant Coleman deny the allegations in Paragraph 357, except admit that Dentsply and Defendant Coleman presented at the Bank of America Health Care Conference on May 15, 2024, and refer to the entire transcript of the May 15, 2024 Bank of America Health Care Conference for its complete and accurate contents.  The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 357 and, on that basis, deny them, except refer to the entire transcript of the May 15, 2024 Bank of America Health Care Conference for its complete and accurate contents.

358.     The allegations in Paragraph 358 relate to claims that have been dismissed pursuant to the Court's Order and no responsive pleading is required.  The allegations in Paragraph 358 further purport to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply and Defendant Coleman deny the allegations in Paragraph 358, except refer to any documents that Paragraph 358 purports to characterize for their complete and accurate contents.  The remaining Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 358 and, on that basis, deny them, except refer to any documents that Paragraph 358 purports to characterize for their complete and accurate contents.

## X.     LOSS CAUSATION

359.     The allegations in Paragraph 359 purport to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply and the Individual Defendants deny those allegations.  Paragraph 359 includes a chart purporting to summarize information as to which no responsive pleading is required.  To the extent that a response is required, Dentsply denies those allegations, except admits that Dentsply's stock price

closed at \$24.41 on October 24, 2024 and closed at \$23.31 on October 25, 2024; closed at \$23.98 to \$17.26 on November 7, 2024; from \$18.66 to \$18.06 on January 14, 2025; and from \$18.81 to \$17.15 on February 27, 2025.

360. The allegations in Paragraph 360 purport to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required, Dentsply and the Individual Defendants deny those allegations.

361. The allegations in the first sentence of Paragraph 361 purport to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required, Dentsply and the Individual Defendants deny those allegations. Dentsply and the Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 361 and, on that basis, deny them.

362. The allegations in Paragraph 362 purport to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required, Dentsply and the Individual Defendants deny them.

363. The allegations in Paragraph 363 purport to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required, Dentsply and the Individual Defendants deny the allegations in Paragraph 363.

## XI.    CLASS ACTION ALLEGATIONS

364. Paragraph 364 contains Plaintiffs' characterization of this Action as to which no responsive pleading is required. To the extent that a response is required, Dentsply and the Individual Defendants deny the allegations in Paragraph 364.

365. The first and second sentences of Paragraph 365 purport to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required and with respect to the remaining allegations in Paragraph 365, Dentsply denies those allegations,

except admits that its common stock is traded on the Nasdaq and that 198,991,963 Dentsply shares were outstanding as of February 14, 2025.  The Individual Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 365 and, on that basis, deny them.

366.    Paragraph 366 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply and the Individual Defendants deny the allegations in Paragraph 366.

367.    Paragraph 367 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply and the Individual Defendants deny the allegations in Paragraph 367.

368.    Paragraph 368 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply and the Individual Defendants deny the allegations in Paragraph 368.

369.    Paragraph 369 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply and the Individual Defendants deny the allegations in Paragraph 369.

## XII.    INAPPLICABILITY OF STATUTORY SAFE HARBOR

370.    Paragraph 370 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply and the Individual Defendants deny the allegations in Paragraph 370.

371.    Paragraph 371 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply and the Individual Defendants deny the allegations in Paragraph 371.

372.    Paragraph 372 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply and the Individual Defendants deny the allegations in Paragraph 372.

373.    Paragraph 373 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply and the Individual Defendants deny the allegations in Paragraph 373.

374.    Paragraph 374 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply and the Individual Defendants deny the allegations in Paragraph 374.

## XIII.    THE PRESUMPTION OF RELIANCE

375.    Paragraph 375 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply and the Individual Defendants deny the allegations in Paragraph 375.

376.    Paragraph 376 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply and the Individual Defendants deny the allegations in Paragraph 376, except admit that Dentsply's stock traded on the Nasdaq and Dentsply filed periodic reports with the SEC and the Nasdaq during the purported Class Period.

377.    Paragraph 377 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply and the Individual Defendants deny the allegations in Paragraph 377.

## XIV.  CLAIMS FOR RELIEF

### COUNT I
**(Section 10(b) of the Exchange Act and Rule 10b-5(b) Against All Defendants)**

378.    Paragraph 378 contains Plaintiffs' characterization of this Action as to which no responsive pleading is required.  To the extent that a response is required, Dentsply and the Individual Defendants deny the allegations in Paragraph 378.  Dentsply and the Individual Defendants further incorporate by reference all of the foregoing answers to Paragraphs 1-377 as if fully set forth herein.

379.    Paragraph 379 contains Plaintiffs' characterization of this Action as to which no responsive pleading is required.  To the extent that a response is required, Dentsply and the Individual Defendants deny the allegations in Paragraph 379.

380.    Paragraph 380 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply and the Individual Defendants deny the allegations in Paragraph 380.

381.    Paragraph 381 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply and the Individual Defendants deny the allegations in Paragraph 381.

382.    Paragraph 382 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply and the Individual Defendants deny the allegations in Paragraph 382.

383.    Paragraph 383 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply and the Individual Defendants deny the allegations in Paragraph 383.

384. Paragraph 384 purports to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required, Dentsply and the Individual Defendants deny the allegations in Paragraph 384.

385. Paragraph 385 purports to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required, Dentsply and the Individual Defendants deny the allegations in Paragraph 385.

386. Paragraph 386 purports to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required, Dentsply and the Individual Defendants deny the allegations in Paragraph 386.

## COUNT II
### (Section 10(b) of the Exchange Act and Rule 10b-5(a), (c), Against All Defendants)

387. Paragraph 387 contains Plaintiffs' characterization of this Action as to which no responsive pleading is required. To the extent that a response is required, Dentsply and the Individual Defendants deny the allegations in Paragraph 387. Dentsply and the Individual Defendants further incorporate by reference all of the foregoing answers to Paragraphs 1-386 as if fully set forth herein.

388. Paragraph 388 contains Plaintiffs' characterization of this Action as to which no responsive pleading is required. To the extent that a response is required, Dentsply and the Individual Defendants deny the allegations in Paragraph 388.

389. Paragraph 389 purports to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required, Dentsply and the Individual Defendants deny the allegations in Paragraph 389.

390. Paragraph 390 purports to assert conclusions of law as to which no responsive pleading is required. To the extent that a response is required, Dentsply and the Individual

107

Defendants deny the allegations in Paragraph 390.

391.    Paragraph 391 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply and the Individual Defendants deny the allegations in Paragraph 391.

392.    Paragraph 392 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply and the Individual Defendants deny the allegations in Paragraph 392.

393.    Paragraph 393 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply and the Individual Defendants deny the allegations in Paragraph 393.

394.    Paragraph 394 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply and the Individual Defendants deny the allegations in Paragraph 394.

395.    Paragraph 395 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply and the Individual Defendants deny the allegations in Paragraph 395.

396.    Paragraph 396 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply and the Individual Defendants deny the allegations in Paragraph 396.

397.    Paragraph 397 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply and the Individual Defendants deny the allegations in Paragraph 397.

## COUNT III
**(Section 20(a) of the Exchange Act, Against the Individual Defendants)**

398.    Paragraph 398 contains Plaintiffs' characterization of this Action as to which no responsive pleading is required.  To the extent that a response is required, Dentsply and the Individual Defendants deny the allegations in Paragraph 398.  Dentsply and the Individual Defendants further incorporate by reference all of the foregoing answers to Paragraphs 1-397 as if fully set forth herein.

399.    Paragraph 399 contains Plaintiffs' characterization of this Action as to which no responsive pleading is required.  To the extent that a response is required, Dentsply and the Individual Defendants deny the allegations in Paragraph 399.

400.    Paragraph 400 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply and the Individual Defendants deny the allegations in Paragraph 400.

## XV.    PRAYER FOR RELIEF

401.    Paragraph 401 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Dentsply and the Individual Defendants deny that Plaintiffs are entitled any of the relief sought in the Prayer for Relief or any relief whatsoever.  Dentsply and the Individual Defendants further ask the Court to dismiss the Complaint, award costs to the Defendants, and grant other just relief.

## GENERAL DENIALS

Except as otherwise expressly stated in the answers to Paragraphs 1 through 401 above, Dentsply and the Individual Defendants deny each and every allegation in Paragraphs 1 through 401 of the Amended Complaint, including without limitation the headings, sub-headings, tables, and footnotes in the Amended Complaint, and specifically deny that Plaintiffs are entitled to the relief sought in Plaintiffs' prayer for relief and jury demand.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Dentsply and the Individual Defendants, without waiver, limitation, or prejudice, and without conceding that they bear the burden of proof or production, hereby assert the following defenses:

1.    Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because the Amended Complaint and the purported causes of action contained therein fail, in whole or in part, to state a claim for which relief can be granted.

2.    Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Defendants did not know of the alleged inaccuracy of any material misrepresentation or omission allegedly made by them, and they could not have become aware of any alleged inaccuracies in those statements through the exercise of reasonable care.

3.    Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Defendants, after reasonable investigation and/or due diligence, had reasonable grounds to believe, and did believe, that statements allegedly made by them were true and contained all material facts necessary to make those statements not misleading.

4.    Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Defendants acted at all times in good faith, with reasonable care, and with due diligence in carrying out their responsibilities and did not directly or indirectly control

110

or induce any wrongful acts or omissions.

5.     Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, would have purchased Dentsply shares as they did, even with full knowledge of the facts Plaintiffs have now alleged were misrepresented or omitted by Defendants.

6.     Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because the damages for which Plaintiffs claim Defendants are responsible arise from a decline in share price that was not caused or contributed to by any alleged material misrepresentation or actionable omission by Defendants and were otherwise caused or contributed to by (a) persons or entities for whom Defendants are not responsible and for whom Defendants are not liable, or (b) factors other than any alleged misrepresentations or omissions for which Defendants may be responsible.

7.     Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because any injury or damage as alleged in the Amended Complaint was caused and brought about by the acts, conduct or omissions of individuals and/or entities other than Defendants and, as such, any recovery herein should be precluded or diminished in proportion to the amount of fault attributable to such other individuals and/or entities.

8.     Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because other events or disclosures unrelated to Defendants' alleged material misrepresentations or omissions are responsible for any decline in Dentsply's share value alleged to form the basis of Plaintiffs' claims.

9.      Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because any alleged damages that Plaintiffs, or the class that Plaintiffs purport to represent, suffered, were caused by independent, intervening, and/or superseding events beyond Defendants' conduct, control, policies, acts, or alleged material misrepresentations or omissions.

10.      Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, have failed to take reasonable actions to mitigate damages, if any, allegedly suffered as a result of Defendants' alleged material misstatements and omissions.

11.      Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part to the extent that Plaintiffs, or the class that Plaintiffs purport to represent, sold their Dentsply shares for a greater price than the price at which they purchased them, and therefore suffered no losses from their purchase of Dentsply shares.

12.      Any recovery for damages allegedly incurred by Plaintiffs, or the class that Plaintiffs purport to represent, should be offset in the amount of any tax benefits or other benefits received by Plaintiffs, or the class that Plaintiffs purport to represent, in connection with their ownership of Dentsply shares.

13.      Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, knew or reasonably should have known of the alleged acts and omissions complained of.

14.      Defendants are not liable for any alleged false or misleading statements or omissions of material fact that were made or caused to be made by others on the ground that Defendants, or any one of them, did not make those statements.

112

15.     Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because certain of the statements alleged to be materially false or misleading constitute forward-looking statements within the meaning of Section 21E of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-5, and Rule 175 promulgated under the Securities Act of 1933, 15 U.S.C. § 77z-2, and are protected by the statutory safe harbor for forward-looking statements. Such statements were identified as forward-looking at the time they were made, were accompanied by meaningful cautionary language identifying important factors that could cause actual results to differ materially from those projected, and/or were not made with actual knowledge that they were false or misleading. In addition, to the extent Plaintiffs' claims rest on forward-looking statements, those claims are barred by the bespeaks caution doctrine, because the cautionary language accompanying such statements was sufficiently specific to render the alleged misrepresentations or omissions immaterial as a matter of law.

16.     Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part to the extent that Defendants' alleged material misrepresentations or omissions would not have been material to a reasonable investor.

17.     Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part to the extent that Plaintiffs, and the class that Plaintiffs purport to represent, purchased stock pursuant to a pre-existing contract, instruction, or plan under 17 C.F.R. § 240.10b5-1.

18.     Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because this action may not be maintained as a class action under the Federal Rules of Civil Procedure.

19.     Without conceding liability, Plaintiffs' requests, and the requests of the class that Plaintiffs purport to represent, for equitable relief are improper because Plaintiffs, and the class

113

that Plaintiffs purport to represent, have an adequate remedy at law.

20.     Without conceding liability, Plaintiffs' requests, and the requests of the class that Plaintiffs purport to represent, for interest are improper because equity dictates against such an award, and further, any such award would be unjust, arbitrary, oppressive, and confiscatory.

21.     Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred, in whole or in part, to the extent the damages sought exceed those permitted under the Private Securities Litigation Reform Act, the common law, or any other applicable statute, rule, or regulation.

22.     Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred, in whole or in part, because the alleged misrepresentations and omissions in the Amended Complaint did not affect the market price of Dentsply securities and/or any decline in value of the securities of which Plaintiffs complain was caused by external market factors or other persons or entities.

23.     Plaintiffs, and the class that Plaintiffs purport to represent, are precluded from recovering attorneys' fees, experts' fees, and/or costs under applicable provisions of law.

24.     Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part by the equitable doctrines of laches, estoppel, unclean hands, and/or waiver.

25.     Any recovery by Plaintiffs in this action is barred in whole or in part to the extent that they recover damages from any other Defendant or party, or recovery is had in any other lawsuit, action, proceeding, or otherwise.

**ADDITIONAL DEFENSES**

Dentsply and the Individual Defendants presently have insufficient knowledge or information to determine whether they may have additional, as yet unstated defenses.  Dentsply and the Individual Defendants have not knowingly and intentionally waived any applicable defenses and reserves the right to assert additional defenses as they become known through discovery in this matter. Dentsply and the Individual Defendants reserve the right to amend this Answer to add, delete, or modify defenses based upon legal theories that may be or will be divulged through clarification of Plaintiffs' Amended Complaint, through discovery, or through further legal analysis of Plaintiffs' position in this litigation.

**PRAYER FOR RELIEF**

Wherefore, Defendants pray as follows:

1.      That Plaintiffs take nothing by the Amended Complaint;

2.      That the Amended Complaint be dismissed with prejudice;

3.      That the Court enter judgment in favor of Defendants and against Plaintiffs with respect to all causes of action in the Amended Complaint;

4.      That the Court award Defendants attorneys' fees and costs reasonably incurred in the defense of this action, including but not limited to under 15 U.S.C. § 77k(e); and

5.      For any and all other and further relief as the Court may deem just and proper.

115

Dated: April 7, 2026          ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/ William J. Foley*
William J. Foley
Rebecca Greene
wfoley@orrick.com
rgreene@orrick.com
51 West 52nd Street
New York, NY 10019
Telephone: 212-506-5000

James N. Kramer (*Pro Hac Vice*)
Ariel B. Winawer (*Pro Hac Vice*)
jkramer@orrick.com
awinawer@orrick.com
405 Howard Street
San Francisco, CA 94105
Telephone: 415-773-5700

*Attorneys for Defendants Dentsply Sirona Inc., Erania S. Brackett, Simon D. Campion, Glenn G. Coleman, Andreas G. Frank, and Neeraj Gunsagar*

116