Case 1:24-cv-09083-NRB    Document 112    Filed 04/21/26    Page 1 of 1

# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

### ATTORNEYS AT LAW

NEW YORK • CALIFORNIA • ILLINOIS • LOUISIANA • DELAWARE

MICHAEL D. BLATCHLEY
michaelb@blbglaw.com
(212) 554-1281

April 21, 2026

**VIA ECF**

The Honorable Naomi Reice Buchwald
United States District Judge
United States District Court
    for the Southern District of New York
500 Pearl Street
New York, New York 10007

      **Re:**    *In re Dentsply Sirona, Inc. Securities Litigation*, No. 24-cv-9083 (NRB)

Dear Judge Buchwald:

On behalf of the parties in the above-captioned matter, Lead Plaintiffs respectfully submit the attached Revised Proposed Case Management Plan which sets forth a proposed case schedule that incorporates the guidance the Court provided at the April 14, 2026 status conference. ECF No. 109. Specifically, as the Court directed, following the conference, the parties engaged in further discussions and reached additional compromises on outstanding scheduling matters. As reflected in the Revised Proposed Case Management Plan, the parties have reached agreement on all outstanding scheduling matters, and hereby respectfully submit the proposed agreed-upon case schedule for the Court's consideration.

We thank the Court for its attention to this matter and are available to answer any questions the Court may have.

                Sincerely,

                */s/ Michael D. Blatchley*
                Michael D. Blatchley

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|   |   |
|---|---|
| IN RE DENTSPLY SIRONA, INC. SECURITIES LITIGATION, | No. 24 Civ. 9083 (NRB) <br><br> <u>CLASS ACTION</u> |

### <u>REPORT OF RULE 26(f) MEETING AND REVISED ~~PROPOSED~~ CASE MANAGEMENT PLAN</u>

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties spoke on January 27, 2026, and exchanged communications thereafter. The parties submitted a report of their meeting for the Court's consideration on March 26, 2026 (the "Proposed Case Management Plan," ECF No. 108). On April 14, 2026, the Court held a status conference addressing the parties' Proposed Case Management Plan and proposed case schedule, and directed the parties to submit a revised case management plan consistent with the Court's guidance. Following additional negotiations, the parties reached agreement on the case schedule and other matters as set forth below, and respectfully submit the following report for the Court's consideration:

### 1.    Summary of Claims, Defenses, and Relevant Issues

**<u>Lead Plaintiffs</u>:** This is a securities fraud case brought pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder against Dentsply Sirona, Inc. ("Dentsply") and certain of Dentsply's former executives, on behalf of a class of investors who purchased Dentsply common stock between January 4, 2021 and February 26, 2025 (the "Class Period"). Dkt. No. 51 (amended complaint). Lead Plaintiffs allege that, during the Class Period, Defendants engaged in a fraudulent scheme to deceive investors about Dentsply's most important and fastest growing medical device, the Byte clear aligner, including by falsely stating that: (i) Byte was "doctor-directed" and "overseen" "every step of the way" by dentists, (ii) Dentsply

screened out contraindicated patients and improved Byte's "conversion rate" by better targeting qualified patients; (iii) and that Dentsply "compl[ied]" with FDA reporting obligations. *Id.* ¶¶57-59, 60-65, 91, 95, 110, 134. On January 16, 2026, Judge Buchwald entered an order denying Defendants' motions to dismiss almost entirely, holding that the Complaint alleges dozens of materially false statements and a strong inference of scienter. *In re Dentsply Sirona, Inc. Sec. Litig.*, 2026 WL 124581 (S.D.N.Y. Jan. 16, 2026).[1]

The context of Defendants' fraud arises from pandemic headwinds when Dentsply acquired Byte, scrutiny facing other clear aligners from which Defendants distinguished Byte, and the mid-Class Period revelation of a separate accounting scandal. *Id.* at *2, *4. Defendants touted Byte as a key driver of Dentsply's growth, and it was the only product named in Dentsply's plan to achieve $3 earnings-per-share. *Id.* at *1, *4. In a series of corrective disclosures in late 2024 and early 2025, as FDA scrutiny intensified, Dentsply admitted it sold Byte to "contraindicated" patients, failed to report thousands of serious Byte injuries, and that it was writing off and shutting down Byte permanently. These disclosures triggered significant stock price declines, causing massive damages to Dentsply investors, the members of the proposed class. *Id.* at *1, *7.

Defendants' statements to investors were false and misleading. In reality, Byte treatment was not "doctor-directed" but was overseen by dangerously unqualified non-dentists, forbidden from even consulting a dentist, and dentist involvement was limited to at most a "four click" review, with rejected cases "auto-reassigned" until another dentist approved them. *Id.* at *2-3, *9-11, *12. Dentsply's screening was deficient at all times, and starting in August 2022, Dentsply senior management ordered its sales force to accelerate the targeting of contraindicated patients—which was the reason the conversion rate improved. *Id.* at *4-5, *11-12. Far from complying with

---

[1] Judge Buchwald dismissed one defendant (Jorge Gomez) and four statements (alleged in ¶¶287, 355, 356, 357). 2026 WL 124581, at *21.

2

FDA rules, for nearly four years, Defendants suppressed nearly all of the thousands of Byte injuries that Defendants were required to track and did track, finally submitting untimely, "retroactive" reports late in the Class Period. *Id.* at *5-7, *13. In addition to their misstatements, Defendants' failure to report injuries to the FDA (and the use of NDAs, lobbying, and deceptive sales practices) gives rise to scheme liability under Section 10(b). *Id.* at *20-21.

As Lead Plaintiffs will prove, Defendants and other management-level executives also knew or recklessly disregarded their statements were false and misleading, i.e., they were made with scienter. Among other things, Defendants had access to the true facts contradicting "Dentsply's central sales pitch" and to reports of gruesome injuries meticulously tracked by quality executives and infrastructure, *id.* at *16-17; gave or approved orders orchestrating the fraud, *id.* at *17; and "held themselves out" to investors as knowledgeable, *id.* at *19; had "clear financial incentives" to conceal the fraud and thus delay the "day of reckoning," *id.* at *15, *19; and departed at suspicious times. *Id.* at *20.

**Defendants**: Defendants deny liability and dispute Lead Plaintiffs' allegations that Defendants made any false or misleading statements or omissions. In 2020, Dentsply Sirona Inc. ("Dentsply" or the "Company"), the world's largest diversified manufacturer of professional dental products and technologies, acquired Byte, a direct-to-consumer clear aligner business, to complement Dentsply's existing clear aligner product. The Byte business fell under the Company's Orthodontics product category. Only patients approved for Byte aligners were accepted into the Byte treatment program, and each patient's personalized treatment plan was approved by a U.S.-licensed dentist or orthodontist with access to the patient's medical and dental history. Additionally, Byte contracted with an expansive network of independent licensed dentists and orthodontists for the provision of clinical services.

FDA regulations require the Company to report any serious patient injuries related to Byte to the FDA, and the Company had a policy of complying with all FDA reporting requirements, including for severe patient injuries.  After certain individuals at the Company became aware that Byte patient injuries were not being adequately reported to the FDA, the Company began taking remedial steps, including the filing of retrospective medical device reports and the voluntary suspension of Byte sales and marketing in October 2024.  In February 2025, Dentsply confirmed that it was redeploying the capabilities of Byte and focusing on leveraging those capabilities into other parts of the business.  These actions reflected the Company's measured and responsible approach to addressing challenges that arose within the Byte business.

In sum, none of the challenged statements in the Amended Complaint was materially false or misleading, and Defendants dispute that: (1) any alleged misstatement was made with scienter; (2) any alleged misstatement caused the price of Dentsply securities to be artificially inflated; (3) the alleged conduct caused any losses to Lead Plaintiffs or members of the putative class; and (4) Lead Plaintiffs and members of the putative class were damaged, and the measure of any such damages.

**2.** **Basis of Subject Matter Jurisdiction:** This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, and Section 27 of the Exchange Act, 15 U.S.C. § 78aa.

**3.** **Subjects on Which Discovery May Be Needed**

**Lead Plaintiffs**: Discovery may be needed on the following subjects: the role of doctors and non-doctors with Byte; patient suitability and contraindications for Byte; patient complaints, injuries, adverse events, and malfunctions related to Byte, including Defendants' reporting or non-reporting; advertising, sales, and customer service related to Byte; Dentsply's acquisition of Byte; regulatory compliance for Byte; lobbying for Byte; any regulatory inquiries related to Byte; Byte's

4

financial performance and Dentsply's plans and projections; refunds, non-disclosure agreements, and other agreements with Byte patients; Defendants' knowledge of other clear aligners, such as SmileDirectClub; Dentsply's quality system; Defendants' statements; Defendants' scienter; the corrective disclosures; Defendants' and other Byte-related departures; Defendants' compensation and trading; COVID-19 and other headwinds to Defendants' business before and during the Class Period; and Dentsply's channel stuffing and other conduct investigated by the Audit Committee and any related regulatory inquiries.

**Defendants:** Defendants expect to seek discovery on issues including: (1) Lead Plaintiffs' purchase and sale transactions in Dentsply securities; (2) Lead Plaintiffs' alleged reliance on the statements alleged to be false or misleading; (3) loss causation; (4) the amount of damages, if any; (5) the propriety of class certification under Rule 23; (6) the anonymous "former employee" sources that contribute to Plaintiffs' allegations; and (7) the basis for the factual allegations made in the Amended Complaint.

### 4.    Informal Disclosures

The parties disclosed the information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure on **March 26, 2026**.

### 5.    Formal Discovery

The parties jointly propose that the Court adopt the following discovery plan. The parties' proposal for the schedule of case deadlines is reflected in Appendix A and discussed below:

a.    Substantial completion of document discovery by: **November 10, 2026**

b.    Privilege logs served by: **22 days after substantial completion of document production**.

c.      All fact discovery must be completed by: **148 days after substantial completion of document production**.

d.      The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in 5(c) above.

  i.      Depositions: Depositions shall be completed **148 days after substantial completion of document production**. Each party shall be permitted to take 20 fact depositions, exclusive of experts, third-parties, and Rule 30(b)(6) depositions.

  ii.      Interrogatories: Interrogatories must be served by **61 days before the fact discovery deadline**.

  iii.      Requests for Production: Requests for production must be served by **61 days before the fact discovery deadline**.

  iv.      Requests to Admit: Requests to Admit must be served by **30 days before the fact discovery deadline**.

  v.      Supplementation: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information.

**6.      Anticipated Discovery Disputes**

None at this time.

**7.      Amendments to Pleadings**

Last date to amend the Complaint or to join additional parties: **September 25, 2026**.

6

Case 1:24-cv-09083-NRB    Document 112-1    Filed 04/21/26    Page 7 of 10

**8.    Expert Witness Disclosures**

Expert discovery shall be completed by the following schedule:

    a.  Expert reports by the party with the burden: **49 days after fact discovery deadline**.

    b.  Rebuttal expert reports; and other reports by the party not bearing the burden: **47 days after opening expert reports**

    c.  Reports rebutting those other reports by the party not bearing the burden: **30 days after rebuttal expert reports**

    d.  Expert discovery deadline: **16 days after third round of expert reports**

**9.    Electronic Discovery and Preservation of Documents and Information**

    a.    The parties have discussed electronic discovery.

    b.    The parties expect to submit an agreed-upon ESI Protocol for the Court's approval.  To the extent the parties have any disputes concerning the ESI Protocol, they will raise them with the Court.

    c.    There are currently no issues the parties would like to address concerning preservation of evidence and/or electronic discovery at the Initial Case Management Conference.

**10.    Anticipated Motions**

Lead Plaintiffs anticipate moving under Fed. R. Civ. P. 25 to substitute the successor or representative of Donald M. Casey, Jr., once a successor or representative is appointed.

Lead Plaintiffs anticipate moving for class certification, and the parties agree that class certification will be briefed on the following schedule:

    ○  Class certification motion: **September 25, 2026**

    ○  Class certification opposition: **November 19, 2026**

    ○  Class certification reply: **January 13, 2027**

Case 1:24-cv-09083-NRB    Document 112-1    Filed 04/21/26    Page 8 of 10

**11.     Early Settlement or Resolution**

The parties have discussed the possibility of engaging a private mediator at an appropriate time in the litigation.

**12.     Trial**

    a.     The parties anticipate that this case will be ready for trial by: (i) the summary judgment deadline if there is no motion for summary judgment; or (ii) if a party moves for summary judgment, after that motion is decided.

    b.     The length of trial depends on discovery, but the parties preliminarily anticipate that the trial of this case may require 14 days.

    c.     The parties do not consent to a trial before a Magistrate Judge.

    d.     The parties request a jury trial.

**13.     Other Matters**

The parties will submit an agreed Protective Order or present any disputed Protective Order issues for resolution by the Court.


Respectfully submitted this 21 day of April 2026.

| | |
|---|---|
| */s/ Michael D. Blatchley* | */s/ William J. Foley* |
| Salvatore J. Graziano | William J. Foley |
| Hannah Ross | Rebecca Greene |
| Michael D. Blatchley | **ORRICK, HERRINGTON & SUTCLIFFE** |
| Scott R. Foglietta | **LLP** |
| Shane D. Avidan | 51 West 52nd Street |
| **BERNSTEIN LITOWITZ BERGER** | New York, New York 10019 |
| **& GROSSMANN LLP** | Telephone: (212) 506-5000 |
| 1251 Avenue of the Americas | wfoley@orrick.com |
| New York, NY 10020 | rgreene@orrick.com |
| Telephone: (212) 554-1400 | |
| Facsimile: (212) 554-1444 | James N. Kramer (admitted *pro hac vice*) |
| salvatore@blbglaw.com | Ariel B. Winawer (admitted *pro hac vice*) |
| hannah@blbglaw.com | 405 Howard Street |
| michaelb@blbglaw.com | San Francisco, CA 94105 |

scott.foglietta@blbglaw.com
shane.avidan@blbglaw.com

*Counsel for Lead Plaintiffs HANSAINVEST
Hanseatische Investment- Gesellschaft mit
beschränkter Haftung and City of Miami
General Employees' & Sanitation Employees'
Retirement Trust and Lead Counsel for the
Class*

**KLAUSNER, KAUFMAN, JENSEN
& LEVINSON**
Robert D. Klausner
Stuart A. Kaufman
7080 Northwest 4th Street
Plantation, FL 33317
Telephone: (954) 916-1202
Facsimile: (954) 916-1232
bob@robertdklausner.com
stu@robertdklausner.com

*Additional Counsel for City of Miami General
Employees' & Sanitation Employees'
Retirement Trust*

Telephone: (415) 773-5700
jkramer@orrick.com
awinawer@orrick.com

*Counsel for Defendants Dentsply Sirona Inc.,
Erania S. Brackett, Simon D. Campion, Glenn
G. Coleman, Andreas G. Frank, and Neeraj
Gunsagar*

**SO ORDERED.**

Dated: *April 23*____, 2026

9

**APPENDIX A**

**PROPOSED CASE SCHEDULE**
**IN RE DENTSPLY SIRONA, INC. SECURITIES LITIGATION, No. 24 Civ. 9083 (NRB)**

| Case Event | Proposed Deadline |
|---|---|
| Initial Disclosures | March 26, 2026 |
| Answer | April 7, 2026 |
| Class Certification Motion | September 25, 2026 |
| Deadline to Amend Complaint | September 25, 2026 |
| Substantial Completion of Documents | November 10, 2026<br>229 days (7.5 months) after CMP submission |
| Class Certification Opposition | November 19, 2026<br>55 days after Class Certification Motion deadline |
| Complete Privilege Logs | December 2, 2026<br>22 days after<br>Substantial Completion of Documents |
| Class Certification Reply | January 13, 2027<br>55 days after Class Certification Opposition<br>deadline |
| Requests to Admit | March 8, 2027<br>30 days before Fact Discovery deadline |
| Interrogatories | February 5, 2027<br>61 days before Fact Discovery deadline |
| Requests for Production | February 5, 2027<br>61 days before Fact Discovery deadline |
| Fact Discovery Deadline | April 7, 2027<br>148 days after<br>Substantial Completion of Documents |
| Expert Reports by the Party with the Burden | May 26, 2027<br>49 days after Fact Discovery deadline |
| Rebuttal Expert Reports; and other Reports by the Party Not Bearing the Burden | July 12, 2027<br>47 days after Opening Expert Reports |
| Reports Rebutting those other Reports by the Party Not Bearing the Burden | August 11, 2027<br>30 days after Rebuttal Expert Reports |
| Expert Discovery Deadline | August 27, 2027<br>16 days after Third Round of Expert Reports |