**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE DENTSPLY SIRONA, INC. SECURITIES LITIGATION, | No. 24-cv-9083 (NRB)<br><br>**STIPULATION AND PROPOSED PROTECTIVE ORDER** |

WHEREAS the Parties acknowledge that disclosure and discovery activity in this action may involve production of information subject to protection under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").[1]

WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of a Stipulated Qualified HIPAA Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 45 C.F.R. §164.512(e)(i) & (iv), it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. "Confidential Information." Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information (regardless of how it is generated, stored or maintained) that is proprietary, a trade secret or otherwise sensitive non-public information, including any information or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), any Personally Identifiable Information ("PII") as defined by applicable federal, state, or foreign laws, and any information that the Designating Party[2] reasonably and in good faith believes constitutes and/or contains non-public, confidential, business, strategic, personal, proprietary or commercially-sensitive information ("Confidential Information"). Information and documents designated by a party as Confidential Information will be stamped "CONFIDENTIAL."

2. "Highly Confidential Information." Counsel for any party may designate any document or information, in whole or in part, as "Highly Confidential Information" if it contains Protected Health Information ("PHI") as defined in 45 C.F.R. §§ 160.103 and 164.501.

---

[1] "HIPAA" means the Health Insurance Portability and Accountability Act of 1996, codified primarily at Sections 18, 26, and 42 of the United States Code, and "Privacy Standards" is defined herein as the Standards for Privacy of Individually Identifiable Health Information, codified at 45 C.F.R. §§ 160 and 164.

[2] "Designating Party" means a party or non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

1

Information and documents designated by a party as Highly Confidential Information will be stamped "HIGHLY CONFIDENTIAL."

3.    Designation as Confidential Information or Highly Confidential Information requires the following:

(i)    For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), including image files and extracted text produced with electronically stored information, the Designating Party must affix the Legend (i.e., "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") on each page that contains Confidential Information or Highly Confidential Information. In the case of Discovery Material (defined as all items or information, regardless of the medium or manner in which it is generated, stored, or maintained, including, among other things, testimony, transcripts, and tangible things, that are produced or generated in disclosures or responses to discovery in this matter) that is produced in native form, the Designating Party shall designate the Discovery Material as Confidential Information or Highly Confidential Information by (i) placing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on a TIFF placeholder image bearing the production number of the document, (ii) including the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in the file name, or (iii) including the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in a metadata field of a database load file.

(ii)    For testimony given in deposition, designation of such testimony as Confidential Information or Highly Confidential Information must be made within 30 days of the Designating Party's receipt of the final transcript of the testimony from the court reporter (subject to such extensions to which the parties agree).  During the 30-day period following the conclusion of a deposition, the entire deposition transcript and testimony will be treated as if it had been designated Confidential Information or Highly Confidential Information if any portion thereof is requested to be designated as Confidential Information or Highly Confidential Information at the time of the deposition.

(iii)    For testimony given in other pretrial or trial proceedings before the Court, the Party or non-party desiring to designate any material as Confidential Information or Highly Confidential Information shall be responsible for seeking sealing of such information in accordance with the Court's procedures.

(iv)    For information produced in some form other than documentary evidence, the Designating Party must affix the Legend in a prominent place on the exterior of the item, or the container or containers in which the item is stored. If only portions of the item warrant protection, the Designating Party, to the extent practicable, shall identify the protected portions with the Legend, and shall otherwise notify the Receiving Party, meaning the party to this action and/or any non-party receiving Confidential Information or Highly Confidential Information, in writing of the portions of the item warranting protection.

2

Any party may designate information disclosed or produced by a producing party as its "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information by requesting such designation in writing, and providing a copy of such request to all parties.  Upon receiving such a request, all parties shall immediately treat the material in accordance with such request.  Further, the producing party must, within 15 days of its receipt of the request, either follow the appropriate procedures set forth above for designating information "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or initiate a challenge to the designation.

4.    Any person subject to this Protective Order who receives from any other person subject to this Protective Order any discovery in this action shall only use such discovery solely for the prosecution or defense of this action and not for any other purpose. No person receiving Confidential Information or Highly Confidential Information may use, transfer, disclose, or communicate in any way the Confidential Information or Highly Confidential Information to any person not subject to this Order, as described in paragraphs 6 and 7. Any other use or disclosure is prohibited. The receipt of Confidential Information or Highly Confidential Information by persons or entities as defined in paragraphs 6 and 7 below shall not prevent such person or entity from serving as an expert or consultant in connection with the action.

5.    With respect to objections to designations of documents and information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", a party shall not be obligated to challenge the propriety of a designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any dispute arises concerning this Order, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, within 10 days, the Party or Non-Party that challenges the designation (the "Challenging Party") may seek appropriate relief from the Court. Pending the resolution of such motion by the Court and any subsequent appeal therefrom, the Parties agree to treat the information that is the subject of the motion in accordance with the Designating Party's designation. A party may use Confidential Information or Highly Confidential Information in connection with any challenge, including by describing it generally and in a manner that does not disclose the Confidential Information or Highly Confidential Information.  The Designating Party shall at all times carry the initial burden of establishing that the contested information merits designation as Confidential Information or Highly Confidential Information.

6.    Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose Confidential Information designated as "CONFIDENTIAL" only to:

    (i)    the parties to this action, their employees, the parties' insurers, and counsel to their insurers;

    (ii)   counsel for the parties to this action and their associated attorneys, paralegals and other professional personnel (including support staff) who are assisting such counsel in the preparation of this action for trial or other proceeding herein and to whom it is reasonably necessary to disclose the information;

(iii)    outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services, mock jurors and jury consultants, or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system, to whom it is reasonably necessary to disclose the information for this litigation and who have signed Exhibit A;

(iv)    any agreed-upon or ordered mediator and that mediator's personnel, provided, however, that such mediator first review this Protective Order and execute Exhibit A before such Confidential Information is furnished, shown or disclosed;

(v)    expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert opinions, services, or assistance in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein, provided, however, that any such witness or consultant is not a current employee of a party's competitor and first reviews this Protective Order and executes Exhibit A before such Confidential Information is furnished, shown or disclosed;

(vi)    the Court, court personnel, and the jury;

(vii)    any individual who counsel for a party has a good faith basis to believe is an author or recipient (including those referenced as "cc" or "bcc" recipients on a document (collectively, "cc's")) of the Confidential Information or who had access to or the authority to access or obtain such Confidential Information in the normal or authorized course of business (including but not limited to such Person's supervisor(s) at or after the time the material was created);

(viii)    professional court reporters, their staffs, video operators transcribing depositions or testimony in the action;

(ix)    witnesses called to testify at trial or deposition, noticed or subpoenaed deponents, and their counsel but no such witness shall be permitted to retain copies of any Confidential Information without first signing Exhibit A (unless otherwise agreed by the Designating Party or ordered by the Court); or

(x)    any other person agreed to by the parties.

7.    Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose Highly Confidential Information designated as "HIGHLY CONFIDENTIAL" only to:

(i)    counsel for the parties to this action and their associated attorneys, paralegals and other professional personnel (including support staff) who are assisting such counsel in the preparation of this action for trial or other proceeding herein and to whom it is reasonably necessary to disclose the information;

4

(ii)   expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert opinions, services, or assistance in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein, provided, however, that any such witness or consultant is not a current employee of a party's competitor and first reviews this Protective Order and executes Exhibit A before such Highly Confidential Information is furnished, shown or disclosed;

(iii)  the parties, if counsel in good faith believes it is reasonably necessary to disclose the information, provided such individuals first sign Exhibit A;

(iv)   outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services, or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system, provided it is reasonably necessary to disclose the information and that all such entities or individuals first sign Exhibit A;

(v)    any agreed-upon or ordered mediator and that mediator's personnel, provided, however, that such mediator first review this Protective Order and execute Exhibit A before such Highly Confidential Information is furnished, shown or disclosed;

(vi)   any individual who counsel for a party has a good faith basis to believe is an author or recipient (including those referenced as "cc" or "bcc" recipients on a document (collectively, "cc's")) of the Highly Confidential Information or who had access to or the authority to access or obtain such Highly Confidential Information in the normal or authorized course of business (including but not limited to such Person's supervisor(s) at or after the time the material was created), and to whom it is reasonably necessary to disclose the information;

(vii)  the Court, court personnel, and the jury;

(viii) professional court reporters, their staffs, video operators transcribing depositions or testimony in the action who have signed Exhibit A;

(ix)   witnesses called to testify at trial or deposition, noticed or subpoenaed deponents, and their counsel, and who have executed Exhibit A; or

(x)    any other person agreed to by the parties, provided it is reasonably necessary to disclose the information and that all such persons first sign Exhibit A.

8.   The disclosure of a document or information without designating it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information or Highly Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information or Highly Confidential Information subject to all the terms of this Stipulation and Order.

9.  Any document or information that may contain Confidential Information or Highly Confidential Information that has been inadvertently produced without identification of its confidential nature shall be designated by the Designating Party by written notice to counsel for the Receiving Parties identifying the document or information as "Confidential" or "Highly Confidential" within 5 days following discovery that the document or information has been produced without such designation. Any party receiving such improperly designated documents shall use its best efforts to retrieve all copies of such documents.

10. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information or Highly Confidential Information to any person or in any circumstance not authorized under this Stipulated Qualified HIPAA Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Information or Highly Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute Exhibit A.

11. Pursuant to Fed. R. Evid. 502(d), the disclosure, whether inadvertent or otherwise, of any information in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the disclosing party of any privilege applicable to those documents. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d), and the requirements of Federal Rule of Evidence 502(b)(2) & (3) shall not apply.

12. A Receiving Party who seeks to file with the Court any document that contains information previously designated as comprising or containing Confidential Information or Highly Confidential Information shall follow the procedures of this Court for filing documents conditionally under seal. The Designating Party will have the obligation to file a motion to permanently seal the documents pursuant to applicable rules.

13. Within sixty (60) days after entry of an order, judgment or decree finally disposing of this action, including the exhaustion of all appeals, all Confidential Information or Highly Confidential Information produced or designated and all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the reproductions thereof shall be destroyed or returned to the Designating Party. Upon the request of another party in this action, a party shall certify in writing by the 60-day deadline that it has destroyed such physical objects and documents. Notwithstanding anything to the contrary, counsel of record for the parties may retain in a secure manner all pleadings, motion papers, discovery responses, transcripts, deposition and trial exhibits, legal memoranda, correspondence, work product and attorney-client communications that include or are derived from Confidential Information or Highly Confidential Information on the condition that those files remain subject to this Protective Order.

14. In the event that the Receiving Party is requested or required by law to disclose any Confidential Information or Highly Confidential Information in another action or proceeding, the Receiving Party shall provide the Designating Party with prompt written

notice of any such request or requirement—but in any event not more than 5 business days' notice from the time of receipt—to enable the Designating Party to seek a protective order or other appropriate remedy and/or waive compliance with the provisions of this Protective Order, provided, however, that nothing in this Protective Order shall be interpreted to obligate the Receiving Party to seek such a protective order or other remedy.  If the Designating Party timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated Confidential or Highly Confidential before a determination by the court from which the subpoena or order issued, unless the party has obtained the Designating Party's permission.

When serving any subpoena in this Action on a non-party to the Action, a copy of this Protective Order shall be included with the subpoena.

15.    The terms of this Protective Order are applicable to information produced by a non-party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such information produced by non-parties in connection with this litigation is protected by the remedies and relief provided by this Protective Order.  Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

16.    This Protective Order is entered into without prejudice to the right of either party to seek relief from, or modification of, this Protective Order or any provisions thereof by properly noticed motion to the Court or to challenge any designation of Confidential Information or Highly Confidential Information as inappropriate under applicable law.

17.    The parties agree that the Receiving Party may use access-controlled AI Tools—including, by way of example, Harvey and Everlaw—to assist in the review, analysis, organization, or management of documents and information designated as Confidential Information or Highly Confidential Information, provided that (a) such AI Tools are deployed within a ringfenced, controlled environment that restricts access to authorized personnel consistent with the terms of this Protective Order, (b) the AI Tools are subject to written data security policies and contractual terms that prohibit the retention, storage, or use of any Confidential Information or Highly Confidential Information for purposes of training, improving, or developing the AI Tool or any related model, and (c) any Confidential Information or Highly Confidential Information processed by such AI Tools is not shared with, accessible to, or transmitted to any unauthorized third party.  Any AI Tool permitted under this paragraph must be subject to data security safeguards that ensure: (a) protected material is not retained by the AI Tool or its provider beyond the duration of the specific task or session for which it is used, unless such retention is necessary for the provision of the service and is subject to equivalent confidentiality obligations; (b) protected material is not shared with or made accessible to any person or entity not authorized to receive such information under this Protective Order; and (c) protected material is not used, in whole or in part, to train, retrain, fine-tune, or otherwise develop any artificial intelligence model, whether proprietary, open-source, or third-party, and regardless of whether such use is for commercial, research, or any other purpose. The Parties agree to take reasonable steps to ensure that their employees, counsel, agents, experts, consultants, and contractors who may have access to Confidential Information or Highly Confidential Information comply with the requirements of this paragraph.  No Receiving Party, nor any person subject to this

Protective Order, shall input, upload, submit, or otherwise process any Confidential Information or Highly Confidential Information—in whole or in part—into any publicly available, open-source, or free artificial intelligence system, chatbot, foundation model, or large language model, including but not limited to ChatGPT, Claude, or similar tools (collectively, "Prohibited AI Systems"). This prohibition applies regardless of the purpose of such use, including but not limited to summarization, analysis, drafting, research, or any other function, and regardless of whether the Prohibited AI System is accessed through a web browser, application programming interface, plugin, or any other means.

18.    Consistent with the HIPAA Security Rule, 45 C.F.R. Parts 160 & 164, a Receiving Party shall in good faith safeguard Confidential Information or Highly Confidential Information, including using reasonable and appropriate administrative, physical, and technical safeguards, network security and encryption technologies governed by written policies and procedures. Additionally, if the Receiving Party becomes aware of any cyberattack or other deliberate security breach resulting in unauthorized access to Confidential Information or Highly Confidential Information designated by a Designating Party (including as a result of or following an inadvertent disclosure addressed above) ("Data Breach"), Receiving Party shall also promptly after learning of the Data Breach, notify the Designating Party in writing. The Receiving Party shall promptly comply with the Designating Party's reasonable request(s) that the Receiving Party investigate, remediate, and mitigate the effects of a Data Breach and any potential recurrence and take all reasonable steps to terminate and prevent unauthorized access. The Receiving Party shall promptly provide any information that is reasonably requested by Designating Party and that relates to any such Data Breach. For the avoidance of doubt, nothing in this Section is intended to create a waiver of any applicable privileges, including privileges applicable to a Party's investigation and remediation of a Data Breach. If the Receiving Party is aware of a Data Breach, the Parties shall meet and confer in good faith regarding any adjustments that should be made to the discovery process and discovery schedule in this action.

19.    This Protective Order may be changed by further order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

20.    Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

21.    This Protective Order shall be binding upon any future party to this action.

22.    This Protective Order may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same document.

**SO STIPULATED AND AGREED:**

*/s/ Michael D. Blatchley*
Salvatore J. Graziano
Hannah Ross
Michael D. Blatchley
Scott R. Foglietta
Shane D. Avidan
**BERNSTEIN LITOWITZ BERGER**
   **& GROSSMANN LLP**
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
salvatore@blbglaw.com
hannah@blbglaw.com
michaelb@blbglaw.com
scott.foglietta@blbglaw.com
shane.avidan@blbglaw.com

*Counsel for Lead Plaintiffs HANSAINVEST*
*Hanseatische Investment- Gesellschaft mit*
*beschränkter Haftung and City of Miami*
*General Employees' & Sanitation Employees'*
*Retirement Trust and Lead Counsel for the*
*Class*

**KLAUSNER, KAUFMAN, JENSEN**
**& LEVINSON**
Robert D. Klausner
Stuart A. Kaufman
7080 Northwest 4th Street
Plantation, FL 33317
Telephone: (954) 916-1202
Facsimile: (954) 916-1232
bob@robertdklausner.com
stu@robertdklausner.com

*Additional Counsel for City of Miami General*
*Employees' & Sanitation Employees'*
*Retirement Trust*

*/s/ William J. Foley*
William J. Foley
Rebecca Greene
**ORRICK, HERRINGTON & SUTCLIFFE**
**LLP**
51 W 52nd Street
New York, New York 10019
Telephone: (212) 506-5000
wfoley@orrick.com
rgreene@orrick.com

James N. Kramer (admitted *pro hac vice*)
Ariel B. Winawer (admitted *pro hac vice*)
**ORRICK, HERRINGTON & SUTCLIFFE**
**LLP**
405 Howard Street
San Francisco, CA 94105
Telephone (415) 773-5700
jkramer@orrick.com
awinawer@orrick.com

*Counsel for Defendants Dentsply Sirona Inc.,*
*Erania S. Brackett, Simon D. Campion, Glenn*
*G. Coleman, Andreas G. Frank, and Neeraj*
*Gunsagar*

*/s/ Meredith D. Karp*
Bryce L. Friedman
Craig S. Waldman
Meredith D. Karp
Isabel R. Mattson
**SIMPSON THACHER &**
**BARTLETT LLP**
425 Lexington Avenue
New York, New York 10007
Telephone: 212-455-2000
Facsimile: (212) 455-2502
bfriedman@stblaw.com
cwaldman@stblaw.com
meredith.karp@stblaw.com
isabel.mattson@stblaw.com

*Counsel for Defendant Ann M. Casey in her*
*Capacity as Personal Representative of the*
*Estate of Donald M. Casey, Jr.*

9

**SO ORDERED:**

Dated: _____ June 1, 2026
       New York, New York


**The Honorable Naomi Reice Buchwald**
United States District Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Qualified HIPAA Protective Order that was issued by the United States District Court for the Southern District of New York on [date] in the case of *IN RE DENTSPLY SIRONA, INC. SECURITIES LITIGATION*, S.D.N.Y. Case No. 24-cv-9083 (NRB) (OTW).  I agree to comply with and to be bound by all the terms of this Stipulated Qualified HIPAA Protective Order and I understand and acknowledge that failure to comply could expose me to sanctions and punishment in the nature of contempt.  I promise that I will not disclose in any manner any information or item that is subject to this Stipulated Qualified HIPAA Protective Order to any person or entity except in strict compliance with the provisions of this Order.  I further promise that I will not permit in any manner any information or item that is subject to this Stipulated Qualified HIPAA Protective Order to be stored, transferred, accessed, or viewed by any person, device, or entity outside the United States.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Stipulated Qualified HIPAA Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
          [printed name]

Signature: _____
          [signature]


DATED:


_____


Signed in the presence of:


_____
(Attorney)

11